UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| IN RE: FORD MOTOR COMPANY FUSION TRANSMISSION LITIGATION | Case No. |
| | **CONSUMER COMPLAINT AND** |
| | **DEMAND FOR JURY TRIAL** |
| THIS DOCUMENT RELATES TO: | |
| **ALL ACTIONS** | |
| AARON KINNER, *et al*., on behalf of themselves, | |
| Plaintiffs, | |
| v. | |
| FORD MOTOR COMPANY, | |
| Defendant. | |

## CONSUMER COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, and each of them, allege as follows:

### PRELIMINARY STATEMENT

1.     Broadly stated, this lawsuit is a "Lemon Law" case based on defective "6F35" ("6F35") transmissions that defendant Ford Motor Company installed in

certain Fusion model cars between 2010 – 2017[1]. These transmissions were defectively designed and defectively manufactured, and failed to operate as Ford represented to consumers. Ford, however, continued to install these defective transmissions in "Fusion" cars, even though Ford knew of their defects. Even worse, Ford repeatedly lied to consumers as to the reasons for the problems consumers experienced. As a result, consumers were and are "stuck" in unsafe Fusion autos that have costly repairs and minimal resale value due to the transmission defects, which have been widely published. Due to the defects in the transmissions, Ford's failure to remedy those problems, and Ford's fraud on consumers, Plaintiffs have been forced to join the ranks of thousands of consumers who have sued Ford in courts nationwide.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action because Plaintiffs and Ford Motor Company are citizens of different states and because the matter in controversy exceeds $75,000.00 pursuant to 28 U.S.C. §1332(a). Declaratory relief is available pursuant to 28 U.S.C. § § 2201 and 2202. Furthermore, this Court has original subject-matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question). This Court also has original subject-matter jurisdiction over this action under 28 U.S.C. § 1332(d), because there are numerous Plaintiffs, the amount in

---

[1] On information and belief, Plaintiffs' vehicles are equipped with the 6F35 Transmission.

controversy exceeds $5,000,000, and there is the required diversity of citizenship pursuant to 28 U.S.C. § 1332(d)(2).

3.  Venue is proper in this district under 28 U.S.C. § 1391(a)(3) because Ford Motor Company is subject to personal jurisdiction in this district and there is no other district where the suit may be brought. In addition, venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District. Defendant Ford Motor Company has marketed, advertised, sold, and leased the subject Ford Fusion vehicles, and otherwise conducted extensive business, within this District.

## PARTIES

### *Defendant*

4.  Defendant Ford Motor Company ("Ford" or "Defendant") is a corporation organized and in existence under the laws of the State of Delaware with its principal offices located in the City of Dearborn, Wayne County, Michigan, and registered with the Department of Licensing and Regulatory Affairs (LARA) to conduct business in Michigan. At all times relevant herein, Defendant was engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, selling and/or importing automobiles and other motor vehicles and motor vehicle components in Michigan.

### *Plaintiffs*

5.     Plaintiff, Aaron Kinner (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Indiana, residing in the City of Indianapolis. On or about November 4, 2015, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0HR9DR196668 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

6.     Plaintiff, Alison Palumbo (for the purpose of this paragraph only,

"Plaintiff"), is a citizen of the State of New York, residing in the City of Tonawanda. On or about December 2, 2014, Plaintiff purchased a 2015 Ford Fusion, Vehicle Identification Number 3FA6P0H98FR191304 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

7.     Plaintiff, Amanda Forbes (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Texas, residing in the City of Wills Point. On or about November 1, 2015, Plaintiff purchased a 2014 Ford Fusion, Vehicle

Identification Number 3FA6P0HD5ER276944 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

8.    Plaintiff, Amanda Soller (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Ohio, residing in the City of Newark. On or about October 1, 2017, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0G70DR372037 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express

warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

9.     Plaintiff, Amaurys Estrada (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Florida, residing in the City of Miami. On or about February 24, 2016, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 1FA6P0H73E5362508 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or

provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

10.    Plaintiff, Amber Gondran (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Missouri, residing in the City of Ofallon. On or about December 6, 2013, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0H96DR156578 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household

purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

11.    Plaintiff, Amy Boltz-Mielke (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Florida, residing in the City of Land O'Lakes. On or about September 1, 2015, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0K93ER115836 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and

nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

12.     Plaintiff, Andrew Escutia (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Missouri, residing in the City of Lees Summit. On or about January 1, 2014, Plaintiff purchased a 2015 Ford Fusion, Vehicle Identification Number 3FA6P0K97FR269001 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the

Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

13.     Plaintiff, Angela Carlson (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Utah, residing in the City of Cedar City. On or about July 1, 2017, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0HD7ER316537 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her

Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

14.   Plaintiff, Angela Peoples-Hooks (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Virginia, residing in the City of Chesapeake. On or about December 1, 2013, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0H78ER199268 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure,

she would not have purchased the Vehicle at all.

15.     Plaintiff, Anthony Phillips (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Utah, residing in the City of Salt Lake City. On or about February 1, 2017, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0HR0DR218461 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

16.     Plaintiff, Antonio Garner (for the purpose of this paragraph only,

"Plaintiff"), is a citizen of the State of North Carolina, residing in the City of Durham. On or about April 1, 2015, Plaintiff purchased a 2015 Ford Fusion, Vehicle Identification Number 3FA6P0H78FR241990 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

17.     Plaintiff, Arthur Roberts (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Florida, residing in the City of High Springs. On or about December 20, 2015, Plaintiff purchased a 2014 Ford Fusion, Vehicle

Identification Number 3FA6P0H71ER333456 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

18.     Plaintiff, Ashley Murphy (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Indiana, residing in the City of Granger. On or about March 16, 2016, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 3FA6P0H76GR197893 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express

warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

19.     Plaintiff, Azhari Tatum (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Illinois, residing in the City of Chicago. On or about April 22, 2017, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0HD4ER259598 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or

provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

20.     Plaintiff, Barry Satarsky (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Florida, residing in the City of Boynton Beach. On or about November 28, 2018, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 3FA6P0H77GR243795 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household

purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

21.    Plaintiff, Ben Bergstrom (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Indiana, residing in the City of Fort Wayne. On or about October 31, 2015, Plaintiff purchased a 2015 Ford Fusion, Vehicle Identification Number 3FA6P0H71FR126552 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and

18

nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

22. Plaintiff, Bernice Norman (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Indiana, residing in the City of Lake Station. On or about December 2, 2014, Plaintiff purchased a 2015 Ford Fusion, Vehicle Identification Number 3FA6P0H70FR158103 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the

Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

23.     Plaintiff, Beth Malafi (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Pennsylvania, residing in the City of Dornsife. On or about November 1, 2014, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 1FA6P0H71E5374057 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her

Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

24.    Plaintiff, Brayden Wilson (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Utah, residing in the City of Draper. On or about April 1, 2017, Plaintiff purchased a 2015 Ford Fusion, Vehicle Identification Number 3FA6P0H73FR233151 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure,

she would not have purchased the Vehicle at all.

25.     Plaintiff, Brenda Kadel (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Kansas, residing in the City of Beloit. On or about May 10, 2016, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0HR8DR361092 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

26.     Plaintiff, Brian Shearer (for the purpose of this paragraph only,

"Plaintiff"), is a citizen of the State of Pennsylvania, residing in the City of Harrisburg. On or about January 1, 2016, Plaintiff purchased a 2015 Ford Fusion, Vehicle Identification Number 3FA6P0K91FR162784 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

27.     Plaintiff, Brittany May (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Kentucky, residing in the City of Louisville. On or about July 3, 2016, Plaintiff purchased a 2013 Ford Fusion, Vehicle

Identification Number 3FA6P0H92DR132665 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

28.     Plaintiff, Brittany Opsomer (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Ohio, residing in the City of Deshler. On or about April 1, 2014, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0HD3ER102161 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express

warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

29.    Plaintiff, Bryan Alderman (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of New York, residing in the City of Gansevoort. On or about October 1, 2014, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 1FA6P0H75E5383344 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or

provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

30.     Plaintiff, Bryce Johnson (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Florida, residing in the City of Cassabera. On or about April 1, 2015, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0H71DR347419 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household

purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

31.    Plaintiff, Brytney Harrier (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Illinois, residing in the City of Danville. On or about May 1, 2016, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 1FA6P0H72E5357851 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and

nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

32.    Plaintiffs, Candice McGaugh and Carole Johnson (for the purpose of this paragraph only, "Plaintiffs"), are citizens of the State of Michigan, residing in the City of South Haven. On or about July 20, 2013, Plaintiffs purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0G79DR375650 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiffs by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiffs have experienced, and continue to experience, the

Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiffs would have considered when deciding whether to purchase their Vehicle. Had Plaintiffs known that their Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, they would not have purchased the Vehicle at all.

33.     Plaintiff, Candith Araceli-Guzman (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Virginia, residing in the City of Parksley. On or about September 1, 2015, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0HR6DR171257 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her

Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

34.    Plaintiff, Carey Lester (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Oklahoma, residing in the City of Soper. On or about June 10, 2015, Plaintiff purchased a 2015 Ford Fusion, Vehicle Identification Number 3FA6P0H73FR127332 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure,

he would not have purchased the Vehicle at all.

35.     Plaintiff, Carly Goldstein (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Pennsylvania, residing in the City of Wrightstown. On or about September 3, 2015, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0HR3DR348069 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

36.     Plaintiff, Carol Vantyne (for the purpose of this paragraph only,

"Plaintiff"), is a citizen of the State of New Hampshire, residing in the City of Seabrook. On or about September 1, 2014, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0HRXDR173349 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

37. Plaintiff, Carolyn Kane (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Texas, residing in the City of Pearland. On or about February 11, 2013, Plaintiff purchased a 2013 Ford Fusion, Vehicle

Identification Number 3FA6P0HR2DR201077 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

38.     Plaintiffs, Carolyn Sue Selander and Christopher Molina (for the purpose of this paragraph only, "Plaintiffs"), are citizens of the State of Ohio, residing in the City of Flint. On or about June 3, 2015, Plaintiffs purchased a 2015 Ford Fusion, Vehicle Identification Number 3FA6P0G76FR291160 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or

distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiffs by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiffs have experienced, and continue to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiffs would have considered when deciding whether to purchase their Vehicle. Had Plaintiffs known that their Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, they would not have purchased the Vehicle at all.

39.     Plaintiff, Carter Myers (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Virginia, residing in the City of Norfolk. On or about October 1, 2016, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0H75DR367477 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or

provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

40.   Plaintiff, Casey Adair (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Kentucky, residing in the City of Louisville. On or about August 6, 2013, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0H71DR335710 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household

purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

41.     Plaintiff, Casey Stanley (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of North Carolina, residing in the City of Liberty. On or about September 10, 2017, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 1FA6P0G78E5369164 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and

nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

42.     Plaintiff, Catherine Hellums (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Illinois, residing in the City of Cisne. On or about July 26, 2014, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0H75ER175249 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the

Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

43.    Plaintiff, Charles Taylor (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Pennsylvania, residing in the City of Red Line. On or about July 1, 2017, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0H72ER153953 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his

Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

44.     Plaintiffs, Charlie Paul and Berlinda Paul (for the purpose of this paragraph only, "Plaintiffs"), are citizens of the State of Oklahoma, residing in the City of Lawton. On or about January 1, 2016, Plaintiffs purchased a 2016 Ford Fusion, Vehicle Identification Number 1FA6P0HD7G5118028 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiffs by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiffs have experienced, and continue to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiffs would have considered when deciding whether to purchase their Vehicle. Had Plaintiffs known that their Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature

failure, they would not have purchased the Vehicle at all.

45.    Plaintiff, Christian Tietjen (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Utah, residing in the City of Saratoga Springs. On or about May 31, 2014, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0HD4ER184157 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

46.    Plaintiff, Christopher Hodge (for the purpose of this paragraph only,

"Plaintiff"), is a citizen of the State of New York, residing in the City of Elmira. On or about January 3, 2015, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0H94ER285579 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

47.    Plaintiff, Christopher Morss (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of California, residing in the City of Westminister. On or about June 1, 2016, Plaintiff purchased a 2013 Ford Fusion,

Vehicle Identification Number 3FA6P0H74DR127921 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

48.     Plaintiff, Christopher Oliver (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Florida, residing in the City of Pensacola. On or about November 14, 2013, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0HR8DR288841 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express

warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

49.     Plaintiff, Clinton MeGee (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Kansas, residing in the City of Bonners Springs. On or about August 21, 2016, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0H73DR135301 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or

provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

50.    Plaintiff, Cody Kolbe (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Iowa, residing in the City of Urbandale. On or about March 1, 2015, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0HR7DR144682 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household

purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

51.     Plaintiff, Corey Passino (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of New York, residing in the City of Plattsburg. On or about March 10, 2015, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0H75DR320434 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and

nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

52.     Plaintiff, Crystal Rhodes (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of North Carolina, residing in the City of Barnardsville. On or about August 1, 2013, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0HR4DR389343 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the

Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

53.     Plaintiff, Cynthia Craf (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Texas, residing in the City of Amarillo. On or about July 7, 2015, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0HR5DR185294 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her

Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

54.    Plaintiff, Damion Green (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of North Carolina, residing in the City of Morganton. On or about August 9, 2017, Plaintiff purchased a 2015 Ford Fusion, Vehicle Identification Number 3FA6P0HDXFR207104 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure,

he would not have purchased the Vehicle at all.

55.     Plaintiff, D'Anaeise Williams Ryan (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Michigan, residing in the City of Detroit. On or about March 1, 2015, Plaintiff purchased a 2015 Ford Fusion, Vehicle Identification Number 3FA6P0H75FR162258 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

56.     Plaintiff, Daniel Gonzales (for the purpose of this paragraph only,

"Plaintiff"), is a citizen of the State of Delew, residing in the City of Calorado Springs. On or about December 1, 2015, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 3FA6P0T92GR268211 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

57.   Plaintiff, Darrell Harvey (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Tennessee, residing in the City of Memphis. On or about April 29, 2015, Plaintiff purchased a 2015 Ford Fusion, Vehicle

Identification Number 3FA6P0HD4FR202948 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

58.     Plaintiffs, David Hobbs and Lauren Hobbs (for the purpose of this paragraph only, "Plaintiffs"), are citizens of the State of Pennsylvania, residing in the City of North Versailles. On or about November 1, 2016, Plaintiffs purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0H9XDR139802 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or

distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiffs by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiffs have experienced, and continue to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiffs would have considered when deciding whether to purchase their Vehicle. Had Plaintiffs known that their Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, they would not have purchased the Vehicle at all.

59.     Plaintiff, David Leib (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Iowa, residing in the City of Oskaloosa. On or about July 7, 2015, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0H98ER317689 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or

provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.Plaintiff, Deborah Engelbracht (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Georgia, residing in the City of Convers. On or about June 1, 2016, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 3FA6P0G70GR374987 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious

defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

60.    Plaintiff, Debra Potts (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Georgia, residing in the City of Stephens. On or about July 20, 2014, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 3FA6P0H72GR296503 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35

Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

61. Plaintiff, Debra Smith (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Illinois, residing in the City of Chicago. On or about January 1, 2014, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 1FA6P0H78E5360169 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact

that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

62.     Plaintiff, Deidra Marsh (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of West Virginia, residing in the City of Weston. On or about July 1, 2016, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0H78ER143556 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35

Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

63.     Plaintiff, Derrica Holmes (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Mississippi, residing in the City of Port Gibson. On or about March 1, 2017, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 1FA6P0H7XE5378270 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

64. Plaintiff, Derrick Ervin (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Michigan, residing in the City of Lake City. On or about July 1, 2017, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0H7XDR275488 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

65. Plaintiff, Desiree Walters (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Tennessee, residing in the City of Nashville.

On or about April 1, 2017, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0K9XER183924 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

66. Plaintiff, Diamond Rivera (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Florida, residing in the City of Fort Myers. On or about April 1, 2016, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0H98DR310577 (for the purpose of this paragraph

only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

67.    Plaintiff, Diane Cardwell (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Georgia, residing in the City of Rigerdale. On or about December 24, 2015, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 3FA6P0H73GR274283 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford

undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

68.    Plaintiff, Diane Waggoner (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Texas, residing in the City of Athens. On or about November 30, 2016, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 1FA6P0HD4E5000970 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The

Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

69.     Plaintiff, Dominique Haggard (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of California, residing in the City of Hayward. On or about March 1, 2018, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 3FA6P0H79GR147652 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and

nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

70.     Plaintiff, Elizabeth Reyes (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Colorado, residing in the City of Thorton. On or about April 1, 2016, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0H77ER259248 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35

Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

71.     Plaintiff, Elizabeth Stokes (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Indiana, residing in the City of Ladoga. On or about November 1, 2017, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0H93ER352611 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact

that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

72.     Plaintiff, Eric Wiltshire (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Ohio, residing in the City of Toledo. On or about July 29, 2016, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0H7XDR384436 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35

Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

73. Plaintiffs, Erin Barranti and Scott Barranti (for the purpose of this paragraph only, "Plaintiffs"), are citizens of the State of Florida, residing in the City of Malabar. On or about October 15, 2015, Plaintiffs purchased a 2014 Ford Fusion, Vehicle Identification Number 1FA6P0G76E5384701 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiffs by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiffs have experienced, and continue to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiffs would have considered when deciding whether to purchase their Vehicle. Had Plaintiffs known that their Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, they would not have purchased the Vehicle at all.

74.    Plaintiff, Felipe Fernandes (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Massachusetts, residing in the City of Tewsberry. On or about April 1, 2017, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0HD1ER332006 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

75.    Plaintiffs, Frederick Seemann Jr. and Frederick Seemann, III (for the purpose of this paragraph only, "Plaintiffs"), are citizens of the State of Florida,

residing in the City of Gainesville. On or about November 21, 2012, Plaintiffs purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0H78DR138274 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiffs by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiffs have experienced, and continue to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiffs would have considered when deciding whether to purchase their Vehicle. Had Plaintiffs known that their Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, they would not have purchased the Vehicle at all.

76.     Plaintiff, Garrett Schaffer (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Utah, residing in the City of South Webber. On or about October 1, 2014, Plaintiff purchased a 2014 Ford Fusion, Vehicle

Identification Number 3FA6P0H73ER318389 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

77. Plaintiff, Gary Farr (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Maryland, residing in the City of Forest Hill. On or about April 15, 2018, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0HR9DR349906 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express

warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

78.     Plaintiff, Gary Ploense (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Illinois, residing in the City of Normal. On or about August 1, 2013, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0H75DR357533 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or

provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

79.     Plaintiff, Gillianlong Hagan (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Wisconsin, residing in the City of Pardeeville. On or about July 1, 2016, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0HR4DR238101 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household

purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

80.    Plaintiff, Giuseppe Barbieri (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of New York, residing in the City of Mt. Sinai. On or about July 14, 2013, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0K94DR301545 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and

nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

81.    Plaintiff, Greg Myers (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of West Virginia, residing in the City of Wheeling. On or about February 24, 2017, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0HD8ER239936 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the

Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

82.     Plaintiff, Greg Staten (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Missouri, residing in the City of St. Louis. On or about March 1, 2013, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0H96DR215113 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his

Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

83.     Plaintiff, Harriett Walters (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of North Carolina, residing in the City of Fayetteville. On or about January 1, 2016, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0HR7DR237654 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure,

she would not have purchased the Vehicle at all.

84.     Plaintiff, Harry Miyamoto (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Illinois, residing in the City of Aurora. On or about December 16, 2015, Plaintiff purchased a 2015 Ford Fusion, Vehicle Identification Number 1FA6P0G78F5115603 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

85.     Plaintiff, Heather Hawley (for the purpose of this paragraph only,

"Plaintiff"), is a citizen of the State of Missouri, residing in the City of Warsaw. On or about January 15, 2016, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0HR3DR247629 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

86.     Plaintiff, Heather Theobald (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of New York, residing in the City of Saratoga Springs. On or about July 5, 2015, Plaintiff purchased a 2013 Ford Fusion, Vehicle

Identification Number 3FA6P0D93DR187521 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

87.    Plaintiff, Isaac Lopez (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Missouri, residing in the City of Kansas City. On or about December 13, 2012, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0D90DR184074 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by

Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

88.     Plaintiff, Issac Voyles (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Kentucky, residing in the City of Henderson. On or about May 19, 2017, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 3FA6P0K97GR361615 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or

provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

89.     Plaintiff, Jack Tawil (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of New York, residing in the City of Yonkers. On or about May 1, 2015, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0HD1ER281462 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household

purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

90.     Plaintiff, James Blakely (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Texas, residing in the City of Rockwall. On or about October 1, 2015, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 1FA6P0HDXE5350166 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and

nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

91.     Plaintiff, James Harrison (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Pennsylvania, residing in the City of Wilkes-Barre. On or about March 20, 2017, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 3FA6P0H79GR160305 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the

Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

92.     Plaintiff, James Mcspedon (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Florida, residing in the City of West Palm Beach. On or about July 2, 2016, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0K91DR206781 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his

Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

93.    Plaintiff, James Sidelka (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Ohio, residing in the City of Cleveland. On or about July 8, 2016, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 1FA6P0H79G5113455 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure,

he would not have purchased the Vehicle at all.

94.     Plaintiff, James Snyder (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Pennsylvania, residing in the City of Allentown. On or about November 3, 2015, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0K96DR212298 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

95.     Plaintiff, Janae Henry (for the purpose of this paragraph only,

"Plaintiff"), is a citizen of the State of Illinois, residing in the City of Hazel Crest. On or about March 24, 2014, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 1FA6P0HD5E5390185 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

96.    Plaintiff, Jeb Breese (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Arizona, residing in the City of Phoenix. On or about October 1, 2017, Plaintiff purchased a 2015 Ford Fusion, Vehicle

Identification Number 1FA6P0HD3F5131258 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

97.     Plaintiff, Jeffrey Tumey (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Indiana, residing in the City of Rockville. On or about February 1, 2017, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 3FA6P0K93GR216930 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express

warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

98.     Plaintiff, Jennifer Martin (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of New York, residing in the City of Hammondsport. On or about September 28, 2015, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0H74ER261880 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or

provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

99. Plaintiffs, Jeremy Begley and Kimberly Begley (for the purpose of this paragraph only, "Plaintiffs"), are citizens of the State of Ohio, residing in the City of Cincinnati. On or about March 21, 2015, Plaintiffs purchased a 2015 Ford Fusion, Vehicle Identification Number 3FA6P0G72FR256633 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiffs by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household

purposes. The Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiffs have experienced, and continue to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiffs would have considered when deciding whether to purchase their Vehicle. Had Plaintiffs known that their Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, they would not have purchased the Vehicle at all.

100.   Plaintiff, Jessica Jones (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Missouri, residing in the City of Saint Louis. On or about December 11, 2015, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0HD1ER165176 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and

nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

101. Plaintiff, Jessica Sailor (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of North Carolina, residing in the City of Lenoir. On or about February 1, 2016, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 3FA6P0G73GR337156 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the

Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

102.   Plaintiffs, Jodi Musser and Ken Musser (for the purpose of this paragraph only, "Plaintiffs"), are citizens of the State of Ohio, residing in the City of Norwalk. On or about August 7, 2014, Plaintiffs purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0H73ER374722 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiffs by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiffs have experienced, and continue to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiffs would have considered when deciding whether to purchase their

Vehicle. Had Plaintiffs known that their Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, they would not have purchased the Vehicle at all.

103.   Plaintiff, Joe Espinosa (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Florida, residing in the City of Sunrise. On or about February 7, 2015, Plaintiff purchased a 2015 Ford Fusion, Vehicle Identification Number 3FA6P0H96FR203126 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure,

he would not have purchased the Vehicle at all.

104. Plaintiffs, Joe Tobias and Jessica Tobias (for the purpose of this paragraph only, "Plaintiffs"), are citizens of the State of Pennsylvania, residing in the City of Bushkill. On or about July 12, 2017, Plaintiffs purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0H70ER303168 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiffs by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiffs have experienced, and continue to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiffs would have considered when deciding whether to purchase their Vehicle. Had Plaintiffs known that their Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, they would not have purchased the Vehicle at all.

105. Plaintiff, John Boyd (for the purpose of this paragraph only,

"Plaintiff"), is a citizen of the State of Ohio, residing in the City of Lexington. On or about July 24, 2014, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0D92DR203465 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

106.    Plaintiff, John Campbell (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Nevada, residing in the City of Las Vegas. On or about February 11, 2016, Plaintiff purchased a 2016 Ford Fusion, Vehicle

Identification Number 3FA6P0H78GR291158 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

107. Plaintiff, John Lowe (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Florida, residing in the City of St.Cloud. On or about May 1, 2015, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0H7XER261950 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express

warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

108.   Plaintiff, Johnny Hendrix (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Texas, residing in the City of Kaufman. On or about August 1, 2015, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 3FA6P0G77GR193093 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or

provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

109.   Plaintiff, Jose Rodriguez (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Missouri, residing in the City of Desoto. On or about January 1, 2016, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 3FA6P0K97GR228028 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household

purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

110. Plaintiff, Joseph Milligan (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Louisiana, residing in the City of Extension. On or about October 2, 2015, Plaintiff purchased a 2015 Ford Fusion, Vehicle Identification Number 3FA6P0H73FR261564 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and

nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

111. Plaintiff, Joseph Zappitella (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of South Carolina, residing in the City of Anderson. On or about October 9, 2014, Plaintiff purchased a 2015 Ford Fusion, Vehicle Identification Number 3FA6P0H73FR109560 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the

Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

112. Plaintiff, Josh Gulke (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Wisconsin, residing in the City of Beaver Dam. On or about November 19, 2014, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0H70ER160013 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his

Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

113.   Plaintiffs, Justin Brown and Crystal Brown (for the purpose of this paragraph only, "Plaintiffs"), are citizens of the State of Nebraska, residing in the City of Tecumseh. On or about September 1, 2016, Plaintiffs purchased a 2016 Ford Fusion, Vehicle Identification Number 3FA6P0H71GR206810 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiffs by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiffs have experienced, and continue to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiffs would have considered when deciding whether to purchase their Vehicle. Had Plaintiffs known that their Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature

failure, they would not have purchased the Vehicle at all. Plaintiff, Justin Gethers (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Washington, residing in the City of Seattle. On or about December 21, 2016, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0HR5DR157558 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

114. Plaintiff, Justine Nunely (for the purpose of this paragraph only,

"Plaintiff"), is a citizen of the State of North Carolina, residing in the City of Garner. On or about April 15, 2016, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 3FA6P0G73GR374871 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

115.   Plaintiff, Karyn Waladkewics (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of New Jersey, residing in the City of Clarksburg. On or about September 21, 2016, Plaintiff purchased a 2014 Ford

Fusion, Vehicle Identification Number 1FA6P0G75E5384091 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

116.   Plaintiff, Kasandra Amboree (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Kentucky, residing in the City of Louisville. On or about December 18, 2015, Plaintiff purchased a 2015 Ford Fusion, Vehicle Identification Number 3FA6P0H9XFR269565 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express

warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

117.   Plaintiffs, Katherine Crab and Chauncey Dupuy (for the purpose of this paragraph only, "Plaintiffs"), are citizens of the State of Louisiana, residing in the City of Moreauville. On or about February 22, 2017, Plaintiffs purchased a 2015 Ford Fusion, Vehicle Identification Number 1FA6P0H70F5126030 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiffs by which Ford undertook to preserve or maintain the utility or

performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiffs have experienced, and continue to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiffs would have considered when deciding whether to purchase their Vehicle. Had Plaintiffs known that their Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, they would not have purchased the Vehicle at all.

118. Plaintiff, Kelvin Sullivan (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Michigan, residing in the City of Detroit. On or about July 1, 2014, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0H77DR190916 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household

purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

119. Plaintiff, Ken Borup (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Utah, residing in the City of Tremonton. On or about October 1, 2014, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0HR0DR313148 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and

nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

120. Plaintiff, Khalid Sabbah (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Missouri, residing in the City of St. Louis. On or about June 22, 2015, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 1FA6P0H78E5399490 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the

Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

121.   Plaintiff, Kimberly Nicholson (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Arkansas, residing in the City of Conway. On or about September 6, 2016, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 3FA6P0H72GR323876 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her

Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

122.   Plaintiff, Lance Dean (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Utah, residing in the City of Vernal. On or about February 1, 2015, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0H78DR365285 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure,

he would not have purchased the Vehicle at all.

123.   Plaintiff, Latanya Jones (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Mississippi, residing in the City of Byhalia. On or about October 29, 2016, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0HDXER312594 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

124.   Plaintiff, Latisha Clark (for the purpose of this paragraph only,

"Plaintiff"), is a citizen of the State of Delaware, residing in the City of Smyrna. On or about February 1, 2016, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0HD0ER210382 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

125. Plaintiff, Laura Williams (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Louisiana, residing in the City of Baker. On or about January 31, 2014, Plaintiff purchased a 2014 Ford Fusion, Vehicle

Identification Number 3FA6P0H70ER126234 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

126. Plaintiff, Lisa Baldwin (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of North Carolina, residing in the City of Chandler. On or about April 1, 2014, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0H98ER281955 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by

Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

127.  Plaintiff, Lisa Lightfoot (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Missouri, residing in the City of Kansas City. On or about December 10, 2015, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0HRXDR378993 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or

provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

128.   Plaintiff, Lorraine Hodge (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of New York, residing in the City of Bath. On or about January 29, 2013, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0D99DR206136 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household

purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

129.   Plaintiff, Machelle Hall (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Kentucky, residing in the City of Louisvile. On or about October 1, 2014, Plaintiff purchased a 2015 Ford Fusion, Vehicle Identification Number 3FA6P0G75FR117984 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and

nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

130. Plaintiff, Mandy Romero (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Illinois, residing in the City of Hoffman Estates. On or about August 8, 2016, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0H75DR309434 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the

Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

131. Plaintiff, Marcellius Smith (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Missouri, residing in the City of Kansas City. On or about July 2, 2017, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 3FA6P0H75GR303055 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his

Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

132. Plaintiff, Mark Kehoe (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Pennsylvania, residing in the City of Collingdale. On or about December 13, 2013, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0H78ER230437 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure,

he would not have purchased the Vehicle at all.

133.   Plaintiff, Mark Phillips (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Florida, residing in the City of St. Petersburg. On or about August 23, 2014, Plaintiff purchased a 2015 Ford Fusion, Vehicle Identification Number 3FA6P0K94FR102059 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

134.   Plaintiff, Matthew DeLuca (for the purpose of this paragraph only,

"Plaintiff"), is a citizen of the State of Ohio, residing in the City of Seven Hills. On or about September 8, 2015, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 3FA6P0H91GR155665 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

135.   Plaintiff, Matthew Merola (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Florida, residing in the City of Orlando. On or about December 15, 2015, Plaintiff purchased a 2016 Ford Fusion, Vehicle

Identification Number 3FA6P0D97GR263827 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

136.   Plaintiff, Matthew Pierce (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Texas, residing in the City of Magnolia. On or about January 1, 2016, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0K99DR307017 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express

warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

137. Plaintiff, Meagan Albin (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Florida, residing in the City of Brandon. On or about December 1, 2015, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 3FA6P0H77GR255087 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or

provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

138. Plaintiff, Megan Ely (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of New York, residing in the City of Beaver Dams. On or about April 1, 2016, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 3FA6P0H76GR272799 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household

purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

139.   Plaintiff, Melanie Graham (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Florida, residing in the City of Orange Park. On or about November 10, 2016, Plaintiff purchased a 2015 Ford Fusion, Vehicle Identification Number 1FA6P0HDXF5121178 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and

nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

140.   Plaintiff, Meleesa Genereux (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Colorado, residing in the City of Sterling. On or about March 25, 2015, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0H93DR144629 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the

Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

141.   Plaintiff, Melissa Lafritz (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of West Virginia, residing in the City of Rock. On or about June 24, 2016, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 3FA6P0H76GR177823 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her

Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

142.   Plaintiff, Merritt McDowell (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Washington, residing in the City of Naches. On or about October 1, 2016, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0H75ER130005 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure,

she would not have purchased the Vehicle at all.

143.   Plaintiff, Michael Hudson (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Missouri, residing in the City of St. Louis. On or about December 1, 2015, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0H7XDR327556 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

144.   Plaintiffs, Michael Oclair and Tina Oclair (for the purpose of this

paragraph only, "Plaintiffs"), are citizens of the State of North Carolina, residing in the City of Fayetteville. On or about December 31, 2014, Plaintiffs purchased a 2015 Ford Fusion, Vehicle Identification Number 3FA6P0H71FR141424 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiffs by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiffs have experienced, and continue to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiffs would have considered when deciding whether to purchase their Vehicle. Had Plaintiffs known that their Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, they would not have purchased the Vehicle at all.

145.   Plaintiff, Michael Scott (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Virginia, residing in the City of Boones Mill. On or about December 21, 2015, Plaintiff purchased a 2015 Ford Fusion, Vehicle

Identification Number 3FA6P0H72FR135261 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

146. Plaintiff, Michelle Coates (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Kentucky, residing in the City of Louisville. On or about May 1, 2014, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 1FA6P0H78E5385783 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express

warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

147.   Plaintiff, Michelle Rowland (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of South Carolina, residing in the City of Greenville. On or about July 10, 2017, Plaintiff purchased a 2015 Ford Fusion, Vehicle Identification Number 3FA6P0H73FR177809 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or

provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

148.   Plaintiff, Nathen Horne (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Michigan, residing in the City of Colon. On or about August 15, 2016, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0HR5DR263220 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household

purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

149.   Plaintiff, Nicholas Burks (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Arkansas, residing in the City of Cavot. On or about September 1, 2016, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0H91DR249119 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and

nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

150. Plaintiff, Nicholas Merolli (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Massachusetts, residing in the City of New Bedford. On or about July 24, 2018, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 1FA6P0H74E5379446 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the

Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

151. Plaintiff, Nicholas Whelan (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of New Jersey, residing in the City of Pittsman. On or about November 1, 2014, Plaintiff purchased a 2015 Ford Fusion, Vehicle Identification Number 1FA6P0HDXF5108253 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his

Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

152. Plaintiff, Nicholas Winkler (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of North Dakota, residing in the City of Bismark. On or about January 20, 2016, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 3FA6P0H96GR304295 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure,

he would not have purchased the Vehicle at all.

153.   Plaintiff, Nick Neace (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Minnesota, residing in the City of Roseville. On or about April 24, 2015, Plaintiff purchased a 2015 Ford Fusion, Vehicle Identification Number 3FA6P0H79FR245899 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

154.   Plaintiff, Nicole Parkinson (for the purpose of this paragraph only,

"Plaintiff"), is a citizen of the State of Ohio, residing in the City of South Charleston. On or about October 1, 2016, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0H77DR155082 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

155. Plaintiff, Nicole Walmsley (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Ohio, residing in the City of Lodi. On or about November 28, 2016, Plaintiff purchased a 2014 Ford Fusion, Vehicle

Identification Number 3FA6P0H91ER168428 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

156.   Plaintiff, Noah Roy (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of New York, residing in the City of Freeport. On or about January 1, 2013, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0H70ER126234 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express

warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

157. Plaintiff, Orin Osbey (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Texas, residing in the City of Houston. On or about December 1, 2012, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0G75DR177213 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or

provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

158. Plaintiff, Pamela Moore (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Florida, residing in the City of Fort Pierce. On or about May 14, 2014, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0H70DR134509 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household

purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

159.   Plaintiffs, Peyton Sass and Elizabeth Sass (for the purpose of this paragraph only, "Plaintiffs"), are citizens of the State of North Carolina, residing in the City of Clyde. On or about December 15, 2016, Plaintiffs purchased a 2016 Ford Fusion, Vehicle Identification Number 1FA6P0H71G5125566 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiffs by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and

nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiffs have experienced, and continue to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiffs would have considered when deciding whether to purchase their Vehicle. Had Plaintiffs known that their Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, they would not have purchased the Vehicle at all.

160.   Plaintiff, Prennatha Lewis (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Mississippi, residing in the City of Union. On or about February 16, 2015, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0HR7DR203584 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the

Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

161.   Plaintiff, Priscilla Lyman (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of North Carolina, residing in the City of Raleigh. On or about September 15, 2014, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0HDXER372617 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her

Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

162. Plaintiff, Rachel Thomas (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Alabama, residing in the City of Dutton. On or about February 9, 2016, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 3FA6P0G73GR323516 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure,

she would not have purchased the Vehicle at all.

163.   Plaintiff, Ramona Akers Carter (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Virginia, residing in the City of Ridgeway. On or about December 1, 2015, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0H78DR230307 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

164.   Plaintiff, Rebecca Geber (for the purpose of this paragraph only,

"Plaintiff"), is a citizen of the State of Illinois, residing in the City of Stickney. On or about December 22, 2015, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 3FA6P0G78GR276354 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

165.   Plaintiff, Rene Musslewhite (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Georgia, residing in the City of Rochelle. On or about October 23, 2015, Plaintiff purchased a 2016 Ford Fusion, Vehicle

Identification Number 3FA6P0G79GR231262 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

166.   Plaintiff, Rhonda Levitt (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Georgia, residing in the City of Atlanta. On or about October 1, 2016, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 3FA6P0H77GR402427 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express

warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

167. Plaintiff, Richard Moore (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Pennsylvania, residing in the City of Hadley. On or about November 16, 2015, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0K97ER257428 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or

provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

168. Plaintiff, Rick Walker (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Kentucky, residing in the City of Science Hill. On or about January 1, 2016, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 3FA6P0G70GR300937 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household

purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.Plaintiffs, Robert Fair and Charletta Fair (for the purpose of this paragraph only, "Plaintiffs"), are citizens of the State of Oklahoma, residing in the City of Quapaw. On or about January 1, 2015, Plaintiffs purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0H77DR280695 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiffs by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty

including, but not limited to, a defective 6F35 Transmission. Plaintiffs have experienced, and continue to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiffs would have considered when deciding whether to purchase their Vehicle. Had Plaintiffs known that their Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, they would not have purchased the Vehicle at all.

169. Plaintiff, Robert Fitts (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of New Hampshire, residing in the City of Salem. On or about September 1, 2015, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0H74ER221055 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the

Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

170.   Plaintiff, Robert Nickel (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Florida, residing in the City of Leigh Acres. On or about July 4, 2015, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0HR6DR326650 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his

Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

171.   Plaintiff, Roberto Cortez (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Florida, residing in the City of Hallendale Beach. On or about October 1, 2015, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0HR1DR158769 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure,

he would not have purchased the Vehicle at all.

172.   Plaintiff, Robin Mirayes (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of New Jersey, residing in the City of Phillipsburg. On or about March 1, 2015, Plaintiff purchased a 2015 Ford Fusion, Vehicle Identification Number 3FA6P0G78FR230814 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

173.   Plaintiff, Rosaria Morea (for the purpose of this paragraph only,

"Plaintiff"), is a citizen of the State of New Jersey, residing in the City of Hamburg. On or about November 1, 2015, Plaintiff purchased a 2015 Ford Fusion, Vehicle Identification Number 3FA6P0H94FR100982 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

174. Plaintiff, Rose Szymanski (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Florida, residing in the City of Wauchula. On or about October 1, 2016, Plaintiff purchased a 2016 Ford Fusion, Vehicle

Identification Number 3FA6P0H73GR177570 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

175.  Plaintiff, Russell Maryott (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of New Jersey, residing in the City of Jersey City. On or about March 1, 2016, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0HR0DR165356 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express

warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

176.   Plaintiff, Samantha Louise Tingle (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Alabama, residing in the City of Killen. On or about June 15, 2017, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0H77DR134670 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or

provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

177. Plaintiff, Sarah Crouse (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of West Virginia, residing in the City of Salem. On or about August 28, 2017, Plaintiff purchased a 2015 Ford Fusion, Vehicle Identification Number 1FA6P0H75F5117808 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household

purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

178.    Plaintiff, Scott Swendsen (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Colorado, residing in the City of Colorado Springs. On or about November 1, 2016, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0D91DR119718 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and

nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

179. Plaintiff, Sean Quirk (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Delaware, residing in the City of Magnolia. On or about May 20, 2016, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0K92DR152259 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the

Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

180.   Plaintiff, Shannon Figures (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Illinois, residing in the City of Chicago. On or about June 1, 2016, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0HRXDR319748 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her

Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

181.   Plaintiff, Sherri Sprenger (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Missouri, residing in the City of Whitewater. On or about March 1, 2017, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0K9XDR146869 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure,

she would not have purchased the Vehicle at all.

182.   Plaintiff, Shirley Palmer (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of New York, residing in the City of Amsterdam. On or about December 1, 2016, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 3FA6P0H94GR236854 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

183.   Plaintiff, Sophia Bramlett (for the purpose of this paragraph only,

"Plaintiff"), is a citizen of the State of Mississippi, residing in the City of Meridian. On or about January 1, 2017, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0HR9DR150192 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

184.   Plaintiff, Steffanie Gillentine (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Mississippi, residing in the City of Coldwater. On or about February 4, 2016, Plaintiff purchased a 2014 Ford Fusion,

Vehicle Identification Number 3FA6P0K94ER161921 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

185. Plaintiff, Stephen Rust (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of New Jersey, residing in the City of Ringwood. On or about January 5, 2016, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0H75ER235899 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by

Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

186. Plaintiff, Takeisha Nicholson-Lockett (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Tennessee, residing in the City of Memphis. On or about July 1, 2016, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 3FA6P0H73GR364128 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or

provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

187.   Plaintiffs, Tamara Neal and Peggy Pelfrey (for the purpose of this paragraph only, "Plaintiffs"), are citizens of the State of Georgia, residing in the City of Toccoa. On or about July 1, 2015, Plaintiffs purchased a 2015 Ford Fusion, Vehicle Identification Number 3FA6P0H93FR261288 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiffs by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household

purposes. The Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiffs have experienced, and continue to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiffs would have considered when deciding whether to purchase their Vehicle. Had Plaintiffs known that their Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, they would not have purchased the Vehicle at all.

188. Plaintiff, Terry Cole (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Texas, residing in the City of Winona. On or about July 1, 2016, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 1FA6P0H70G5117989 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and

nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

189. Plaintiff, Terry Lewis (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Michigan, residing in the City of Clarkston. On or about March 1, 2014, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0H70DR342048 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the

Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

190.   Plaintiff, Tiffany Brockington (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Michigan, residing in the City of Detroit. On or about December 19, 2015, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0K96ER358363 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her

Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

191.   Plaintiff, Tiffeny Miller (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Georgia, residing in the City of Atlanta. On or about September 1, 2014, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0HR2DR236542 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure,

she would not have purchased the Vehicle at all.

192.   Plaintiff, Tim Nash (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Maine, residing in the City of Falmouth. On or about September 1, 2016, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 3FA6P0H74GR149485 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

193.   Plaintiff, Tim Nash (for the purpose of this paragraph only,

"Plaintiff"), is a citizen of the State of Maine, residing in the City of Falmouth. On or about May 30, 2016, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0H79DR185071 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

194.  Plaintiff, Timothy Searcy (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Texas, residing in the City of Sunnyvale. On or about July 1, 2015, Plaintiff purchased a 2015 Ford Fusion, Vehicle

Identification Number 3FA6P0HD6FR126939 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

195. Plaintiff, Tonya Terrell (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Wisconsin, residing in the City of Racine. On or about October 1, 2016, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0HR9DR330661 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express

warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

196. Plaintiff, Trent Turner (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Florida, residing in the City of Margate. On or about November 1, 2015, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0H94DR346279 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or

provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

197.   Plaintiff, Tyler Dezso (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Ohio, residing in the City of Elyria. On or about September 1, 2016, Plaintiff purchased a 2015 Ford Fusion, Vehicle Identification Number 3FA6P0H78FR237633 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household

purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

198. Plaintiff, Tyler Patin (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Mississippi, residing in the City of Gulfport. On or about August 1, 2016, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 3FA6P0G78GR376020 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and

nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

199. Plaintiff, Vertesha Taylor (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Mississippi, residing in the City of Jackson. On or about May 27, 2015, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0HR3DR198173 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the

Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

200.   Plaintiff, William Hasemann (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Indiana, residing in the City of Merrillville. On or about January 1, 2016, Plaintiff purchased a 2016 Ford Fusion, Vehicle Identification Number 3FA6P0HDXGR244445 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his

Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

201.   Plaintiff, William Holland (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of New York, residing in the City of Levittown. On or about June 7, 2016, Plaintiff purchased a 2013 Ford Fusion, Vehicle Identification Number 3FA6P0H97DR327810 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure,

he would not have purchased the Vehicle at all.

202.   Plaintiff, William Spear (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Maine, residing in the City of Boothbay. On or about July 20, 2015, Plaintiff purchased a 2015 Ford Fusion, Vehicle Identification Number 3FA6P0HD7FR210302 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

203.   Plaintiff, Wyatt Karstetter (for the purpose of this paragraph only,

"Plaintiff"), is a citizen of the State of Oregon, residing in the City of Sandy. On or about February 1, 2017, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0K96ER294230 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

204. Plaintiff, Yolanda Danzy (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of North Carolina, residing in the City of Garner. On or about January 1, 2017, Plaintiff purchased a 2016 Ford Fusion,

Vehicle Identification Number 3FA6P0H78GR235575 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase her Vehicle. Had Plaintiff known that her Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, she would not have purchased the Vehicle at all.

205. Plaintiff, Zakk Agentowicz (for the purpose of this paragraph only, "Plaintiff"), is a citizen of the State of Pennsylvania, residing in the City of Scott Twp. On or about September 12, 2015, Plaintiff purchased a 2014 Ford Fusion, Vehicle Identification Number 3FA6P0HD4ER261366 (for the purpose of this paragraph only, the "Vehicle"), which was manufactured and/or distributed by

Ford. Express warranties accompanied the sale of the Vehicle to Plaintiff by which Ford undertook to preserve or maintain the utility or performance of the Vehicle or provide compensation if there was a failure in such utility or performance. The Vehicle was purchased or used primarily for personal, family, or household purposes. The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective 6F35 Transmission. Plaintiff has experienced, and continues to experience, the Transmission Defect. The existence of the Transmission Defect is a material fact that Plaintiff would have considered when deciding whether to purchase his Vehicle. Had Plaintiff known that his Vehicle was equipped with a defective 6F35 Transmission exhibiting the Transmission Defect and subject to premature failure, he would not have purchased the Vehicle at all.

## **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

206. All "Fusion" autos are backed by a New Vehicle Limited Warranty ("Warranty"). Ford's Warranty covers any repairs needed to correct defects in materials or workmanship of covered parts. The basic coverage period lasts 36 months or 36,000 miles, whichever comes first, and the powertrain coverage lasts 60 months or 60,000 miles, whichever comes first. The powertrain coverage specifically applies to the engine, transmission and transaxle, drivetrain, and

restraint system. Ford explicitly provided the Warranty to all purchasers, lessees, and subsequent purchasers and lessees of Fusion autos throughout the United States. The Warranty assured consumers that Ford would repair any defect in materials or workmanship under normal use.

207.   The Warranty purports to cover the 6F35 Transmission. However, consumers have complained that their 6F35 Transmissions failed and required replacement just outside the 60,000-mile warranty period. As owners of "Fusion" autos have reported to the National Highway Traffic Safety Administration ("NHTSA"), Ford's authorized dealerships are replacing transmissions both within, and just outside, the 60,000- mile warranty period. See, e.g., ¶ 222(e), *infra* (transmission failure at 58,328 miles); ¶ 222(z), *infra* (transmission failure at 59,000 miles); ¶ 222(hh), *infra* (transmission replacement needed at 55,000 miles); ¶ 222(tt), *infra* (transmission failures at approximately 80,000 miles); ¶ 222(xx), *infra* (transmission failures at 40,000 miles); ¶ 222(qqq), *infra* (transmission failures at 13,500 miles); ¶ 222(sss), *infra* (complete transmission failure at 81,415 miles); ¶ 222(uuu), *infra* (transmission issues at 34,000 miles); ¶ 222(aaaa), *infra* (transmission issues aaat 25,000 miles); ¶ 222(nnnn), *infra* (transmission problems at approximately 46,000 miles); ¶ 222(eeeee), *infra* (transmission problems at only 1,150 miles); ¶ 222(ooooo), *infra* (transmission problems at 10,821 miles); ¶ 222(mmm), *infra* (transmission replacement needed at 92,000 miles).

208.   Some of the causes of action to this Complaint arise out of the warranty obligations of Ford for a vehicle purchased/leased by Plaintiffs and for which Ford issued a written warranty. Plaintiffs also allege that Ford concealed a known defect from Plaintiffs: A defective component known as a 6F35 Transmission (hereinafter "6F35 Transmission"). This 6F35 Transmission is installed by Ford in certain of its 2010 – 2017 "Fusion" model automobiles (hereinafter "Fusion Vehicles"). As detailed below, Ford also misrepresented to Plaintiffs the workings, performance, and reliability of said 6F35 Transmission.

209.   The 6F35 in Plaintiffs' Fusion Vehicles is a front drive automatic six-speed transmission that, allegedly, offers more efficient power delivery, better fuel economy and smoother, quieter and more precise shifts.

210.   Consumers complain that their Fusion Vehicles take an inordinately long time to accelerate from a stop or low speed, exhibit a hard deceleration or "clunk" when drivers either slow down or accelerate at low speeds, shudder and shake or make a loud clunking or knocking sound when the 6F35 Transmission finally selects the appropriate gear ratio, and completely fails to accelerate. Finally, in addition to hesitations, slow response, and jerky/shuddering/bucking behavior, the lifespan of the 6F35 Transmission in Plaintiffs' Fusion Vehicles is unreasonably short.

211.   Plaintiffs are informed and believe, and based thereon allege, that the

6F35 Transmission is defective in design, materials, and/or manufacture and workmanship. This can result in various problems, including, but not limited to, sudden and unexpected shaking, violent jerking, bucking and kicking on acceleration (commonly referred to as "shuddering" or "juddering"), delayed acceleration (especially from a complete stop), gears slipping, hesitation on acceleration, difficulty stopping the vehicle, lack of power, delayed downshifts, hard decelerations or 'clunks' when slowing down or accelerating at low speeds, premature wear of the internal components, transmission failures in the middle of roadways creating an unreasonably dangerous situation that increases the risk of an accident[2], and/or catastrophic failures necessitating replacement (collectively, the "Transmission Defect").

212.   The Transmission Defect is inherent in and the same for each of the Plaintiffs' vehicles and was present at the time of sale.

---

[2] See, e.g., ¶ 222(x), *infra*, where a Fusion Vehicle owner complains to the National Highway Traffic Safety Administration: "I HAVE A 2010 FORD FUSION SEL AWD V6 WHICH I PURCHASED ABOUT 2 YEARS AGO. I HAVE STARTED NOTICING SHIFTING PROBLEMS WITH MY CAR. IT FIRST STARTED ABOUT 3 WEEKS AGO NOW. THE CAR ACTED LIKE IT COULDN'T FIGURE OUT WHAT GEAR TO GO IN, WHILE MAKING A LEFT TURN THROUGH TRAFFIC IT HESITATED A LOT & THEN FIGURED OUT WHAT GEAR TO GET INTO, BARELY AVOIDING AN ACCIDENT. I WAS THEN COMING BACK FROM THE AIRPORT WITH MY SISTER & IT CLAMMED DOWN IN GEARS AS WE STARTED TO STOP & THEN, LUNGED FORWARD 2 TIMES ALMOST HITTING THE CAR IN FRONT OF ME." *See also*, e.g., ¶ 222(cc), *infra*, "I HAVE A 2010 FORD FUSION I WAS DRIVING TO GET ON HIGHWAY TO MERGE LEFT. WHEN I ACCELERATED, I WAS AT 55 MPH WHEN THE CAR SUDDENLY DOWN SHIFTED, I TOOK MY FOOT OFF THE GAS AND THEN PROCEEDED TO ACCELERATE AGAIN SLOWLY. NOT TO SAY A CAR ALMOST HIT ME FROM BEHIND BECAUSE OF THE DOWNSHIFT PROBLEM. IT ALSO HAPPENS WHEN I START FROM A STOPPED POSITION I ACCELERATE AND IT MAKES A LOUD NOISE AND DOWNSHIFTS THEN THE TRANSMISSION KICKS IN. PLEASE RECALL THESE CARS BEFORE SOMEONE GETS KILLED."

213.   Ford sold, leased, and continues to sell and lease Fusion Vehicles despite knowing of the Transmission Defect and the danger it poses to consumers and other drivers, including Plaintiffs.

214.   Ford has chosen financial gain at the expense of consumer safety by failing to disclose its knowledge of this critical safety defect to consumers, including Plaintiffs.

215.   As early as 2009, if not before, Ford was aware of material facts regarding the Transmission Defect, but failed to disclose them to consumers. As a result of this failure, Plaintiffs have been damaged.

216.   Moreover, as early as 2009, if not before, Ford knew or should have known about the safety hazard posed by the defective 6F35 Transmissions before the sale of Plaintiffs' vehicles from pre-market testing, warranty claims, consumer complaints to NHTSA, consumer complaints made directly to Ford and its dealers, and other sources which drove Ford to issue Technical Service Bulletins ("TSBs") acknowledging the Fusion Vehicles' Transmissions Defect. Ford should not have sold, leased, or marketed the Fusion Vehicles, including Plaintiffs' vehicles, without a full and complete disclosure of the Fusion Vehicles' Transmission Defect, and should have voluntarily recalled the Fusion Vehicles, including Plaintiffs' vehicles, long ago.

217.   Each of the Plaintiffs to this Complaint requested that Ford fix the

defective 6F35 Transmission in their Fusion vehicle, but Ford could not or would not repair it.

## The 6F35 Defect Poses an Unreasonable Safety Hazard

218.   The 6F35 Defect poses an unreasonable safety hazard. Hesitations, slow/no responses, hard braking or catastrophic transmission failure impair drivers' control over their vehicles, which significantly increases the risk of accidents. For example, turning left across traffic in a vehicle with delayed and unpredictable acceleration is unsafe. In addition, these conditions can make it difficult to safely change lanes, merge into traffic, turn, brake slowly or accelerate from stop light/sign, and accelerate onto highways or freeways. *See* ¶ 222, *infra*.

### A.     Complaints Lodged with NHTSA

219.   Federal law requires automakers like Ford to be in close contact with NHTSA regarding potential auto defects, including imposing a legal requirement (backed by criminal penalties) compelling the confidential disclosure of defects and related data by automakers to NHTSA, including field reports, customer complaints, and warranty data. *See* TREAD Act, Pub. L. No. 106-414, 114 Stat. 1800 (2000).

220.   Automakers have a legal obligation to identify and report emerging safety-related defects to NHTSA under the Early Warning Report requirements. *Id.* Similarly, automakers monitor NHTSA databases for consumer complaints regarding their automobiles as part of their ongoing obligation to identify potential

defects in their vehicles, including safety-related defects. *Id*. Thus, Ford knew or should have known of the many complaints about the Transmission Defect logged by NHTSA's Office of Defects Investigation ("ODI"), and the content, consistency, and large number of those complaints alerted, or should have alerted, Ford to the Transmission Defect.

221.   For years, owners of Fusion Vehicles have publicly complained to the United States government about the 6F35 Transmission Defect in Fusion Vehicles. The ODI is an office within NHTSA. ODI conducts defect investigations and administers safety recalls to support the NHTSA's mission to improve safety on the Nation's highways. All automobile manufacturers routinely monitor and analyze NHTSA complaints because this information is used in determining if a recall should be issued. See https://www-odi.nhtsa.dot.gov/recalls/recallprocess.cfm (last visited Feb. 23, 2019). Indeed, automobile manufacturers are required by law to report any potential safety defects to the United States government.

222.   The following complaints made to NHTSA and elsewhere online demonstrate that the Transmission Defect is widespread and dangerous and that it manifests without warning. The complaints also indicate Ford's awareness of the problems with the 6F35 and the Transmission Defect, including how dangerous they are for drivers. These safety complaints relate to the 6F35 Transmission Defect (spelling and grammar mistakes remain as found in the original) (Safercar.gov,

Search for Safety Issues (February 23, 2019).

### 2010 Ford Fusion

a.  **DATE OF INCIDENT**: December 19, 2018
    **DATE COMPLAINT FILED**: February 3, 2019
    **NHTSA/ODI ID**: 11173832
    **SUMMARY**: WHILE IN MOTION MY VEHICLE DOES NOT SPEED UP WHEN COMING FROM A DEAD STOP. EVEN TRAVELING SPEEDS OF 60MPH I CAN NOT PUSH ON THE GAS AND PROCEED FAST ENOUGH TO QUICKLY SWITCH LANES. IT RUNS HIGH RPMS

b.  **DATE OF INCIDENT**: September 8, 2018
    **DATE COMPLAINT FILED**: September 10, 2018
    **NHTSA/ODI ID**: 11128447
    **SUMMARY**: TRANSMISSION SLIPPING AND ENGINE RACING

c.  **DATE OF INCIDENT**: June 16, 2018
    **DATE COMPLAINT FILED**: June 26, 2018
    **NHTSA/ODI ID**: 11104047
    **SUMMARY**: VEHICLE WILL LOSE POWER AT TIMES AND HESITATE UPON ACCELERATION

d.  **DATE OF INCIDENT**: June 4, 2018
    **DATE COMPLAINT FILED**: June 18, 2018
    **NHTSA/ODI ID**: 11102442
    **SUMMARY**: MY CAR HAS A PROBLEM HANGING UP WHEN YOU ACCELERATE. THIS IS MY SECOND TRANSMISSION. FIRST ONE WENT OUT AT 41,000 AND I HAD TO GET A NEW ONE. THE CAR HAS A TOTAL OF 109,000 ON IT AND I THINK THIS TRANSMISSION IS GOING OUT. IT HANGS UP WHEN YOU ACCELERATE SO I HAVE TO BE CAREFUL ABOUT HOW I ACCELERATE .SO THAT THE GEARS WILL CHANGE. IT IS AN AUTOMATIC TRANSMISSION. IT HAS BEEN SLIPPING FOR AT LEAST THE PAST 10,000 MILES, I AM WORRIED THAT IT WILL GO OUT AGAIN. THE LAST TRANSMISSION WENT OUT IN HEAVY TRAFFIC IN DALLAS TEXAS. WE ALMOST DIED IN THAT INCIDENT. THE CAR WOULDN'T GO AND STOPPED IN THE MIDDLE OF THE INTERSECTION. I AM WORRIED THAT THE

SAME THING WILL HAPPEN WITH THIS TRANSMISSION. THIS PROBLEM STARTED LAST YEAR IN EARLY PART OF 2017 AND IS ONGOING

e. **DATE OF INCIDENT**: March 20, 2018
**DATE COMPLAINT FILED**: March 27, 2018
**NHTSA/ODI ID**: 11081569
**SUMMARY**: TRANSMISSION FAILURE DUE TO INSIDE BUSHING WEARING OUT AND DAMAGING AXLE AT 58,328 MILES LAST WEEK. WE PURCHASED THIS CAR NEW IN 2010 AND HAVE TAKEN GOOD CARE OF IT. CHECK ENGINE LIGHT WENT ON. LAST WEEK AND OUR MECHANIC DISCOVERED THE DAMAGE DURING A ROUTINE OIL CHANGE/MAINTENANCE CHECK UP. TRANSMISSION AND AXLE HAVE TO BE REPLACED AT $4300. FORD COMPANY SEEMS TO BE "AWARE" OF THIS PROBLEM AND NOTHING HAS BEEN DONE. SHOULD BE A RECALL AND FALL UNDER THE LEMON LAW DUE TO THE NUMBER OF COMPLAINTS OF TRANSMISSION FAILURE IN THE FUSIONS AND THIS IS DANGEROUS AND EXPENSIVE, TO SAY THE LEAST. WE ARE NOT THE ONLY ONES TO HAVE THIS PROBLEM. NOT HAPPY WITH FORD MOTOR COMPANY. DOESN'T FALL UNDER WARRANTY EVEN THOUGH WE HAVE LESS THAN 60,000 MILES ON IT BECAUSE WE HAVE HAD IT LONGER THAN FIVE YEARS. ALSO, LOCAL FORD DEALERSHIP CHARGES $100 JUST TO DO A CHECK ENGINE LIGHT TEST. THE INDEPENDENT MECHANICS IN TOWN CHARGE NOTHING.

f. **DATE OF INCIDENT**: March 15, 2010
**DATE COMPLAINT FILED**: March 15, 2018
**NHTSA/ODI ID**: 11079670
**SUMMARY**: I PURCHASED THIS CAR NEW IN 2009. WITH IN A FEW MONTHS I HAD PROBLEMS WITH THE TRANSMISSION. PUTTING THE CAR INTO DRIVE IT WOULD SLAM IN THE GEAR, NOT ALL THE TIME BUT MULTIPLE TIMES EACH MONTH. THE TRANSMISSION SLIPS WHILE DRIVING AND WILL NOT SHIFT PROPERLY, AGAIN RANDOMLY. DEALER CAN NEVER DUPLICATE THE PROBLEM. I WILL PUT THE LAST TIME THIS HAPPENED BELOW AS I DO NOT RECALL THE DATE THE FIRST TIME IT HAPPENED

g. **DATE OF INCIDENT**: March 5, 2018
   **DATE COMPLAINT FILED**: March 5, 2018
   **NHTSA/ODI ID**: 11076309
   **SUMMARY**: TRANSMISSION SLIPS, HARD, GOING 1ST TO 2ND.
   TRANSMISSION OIL IS BLACK AT 55,000 AND THE SERVICE
   "ADVANCETRAC" KEEPS COMING ON.

h. **DATE OF INCIDENT**: July 23, 2017
   **DATE COMPLAINT FILED**: July 24, 2017
   **NHTSA/ODI ID**: 11010189
   **SUMMARY**: IN LOWER GEARS / BELOW 3500 RPM, I WILL
   OCCASIONALLY EXPERIENCE A SUDDEN DECELERATION,
   AND THEN AN ABRUPT ACCELERATION AS THE VEHICLE
   ATTEMPTS TO MAKE IT TO THE COMMANDED SPEED. THIS
   ONLY OCCURS WHEN THE VEHICLE IS ALREADY IN MOTION,
   MOST OFTEN CITY STREETS, OCCASIONALLY WHILE
   ACCELERATING ONTO A HIGHWAY. I BELIEVE THIS CREATES
   A POTENTIALLY DANGEROUS SITUATION, AS A DRIVER MAY
   NOT HAVE THE FULL, CONSISTENT ACCELERATION THAT HE
   EXPECTS TO HAVE. THIS ISSUE BEGAN SHORTLY AFTER
   RECEIVING "CHECK FUEL FILTER" CODES, DUE TO A POORLY
   DESIGNED INNER GAS CAP GASKET, WHICH ALLOWS FOR
   CONTAMINATION TO OBSTRUCT THE EASY FILL SYSTEM'S
   INNER SEAL. I BELIEVE THIS MAY ALSO BE RELATED TO AN
   ISSUE WITH A THROTTLE BODY CONTROLLER, SIMILAR TO
   THE MANY FORD PRODUCTS AND CUSTOMERS WHOM HAVE
   SUBMITTED PRIOR COMPLAINTS. NOT SURE WHY THOSE
   THROTTLE BODY CONTROLLERS DIDN'T GET A RECALL, THE
   PROBLEM IS COMMON ENOUGH AND THE POTENTIAL
   DAMAGE SUBSTANTIAL.

i. **DATE OF INCIDENT**: August 18, 2014
   **DATE COMPLAINT FILED**: May 25, 2017
   **NHTSA/ODI ID**: 10991708
   **SUMMARY**: WHILE DRIVING THE CAR WILL RANDOMLY
   STALL OUT...THE CAR WILL BEGIN BUCKING, DECELERATE,
   LOSE POWER, AND LIGHTS ON DASH WILL START FLASHING...
   RENDERING THE DRIVER PRETTY MUCH HELPLESS. THIS
   PROBLEM HAPPENED ON SEVERAL OCCASIONS PRIOR TO
   FORDS THROTTLE BODY ASSEMBLY RECALL. EACH TIME THIS

HAPPENED FORD WAS UNABLE TO DETERMINE THE PROBLEM CAUSE NO DIAGNOSTIC CODES WERE PRESENT. THIS PROBLEM WILL OCCUR AND THE CAR WILL BE FINE THEN WILL REOCCUR RANDOMLY. THE RECALL WAS PERFORMED AND THE PROBLEM APPEARED TO RESOLVE ITSELF FOR 2YRS. THE CAR IS NOW HAVING THE SAME PROBLEM...I HAD THE VEHICLE TOWED TO A FORD DEALER AND AFTER 2 DAYS IN THE SHOP AGAIN NO PROBLEMS WERE FOUND BY THE TECHNICIANS. THE CAR AGAIN CONTINUES TO HAVE THE SAME PROBLEMS IMMEDIATELY AFTER PICKING UP FROM SERVICE CENTER. THE CAR HAD TO BE TOWED 250 MILES TO MY HOUSE WHERE IT NOW SITS ROTTING AWAY FOR FEAR OF DRIVING THIS VEHICLE.

j.  **DATE OF INCIDENT**: May 18, 2017
    **DATE COMPLAINT FILED**: May 18, 2017
    **NHTSA/ODI ID**: 10986360
    **SUMMARY**: TL* THE CONTACT OWNS A 2010 FORD FUSION. WHEN THE ACCELERATOR PEDAL WAS DEPRESSED, THE VEHICLE HESITATED BEFORE ACCELERATING. THE TRANSMISSION AND CHECK ENGINE WARNING INDICATORS ILLUMINATED. THE VEHICLE WAS NOT DIAGNOSED OR REPAIRED. THE MANUFACTURER WAS NOT MADE AWARE OF THE FAILURE. THE APPROXIMATE FAILURE MILEAGE WAS 50,820.

k.  **DATE OF INCIDENT**: December 7, 2016
    **DATE COMPLAINT FILED**: December 9, 2016
    **NHTSA/ODI ID**: 10934120
    **SUMMARY**: TL* THE CONTACT OWNS A 2010 FORD FUSION. WHILE DRIVING VARIOUS SPEEDS AND DEPRESSING THE ACCELERATOR PEDAL, THE VEHICLE SHIFTED GEARS ROUGHLY. THERE WERE NO WARNING INDICATORS ILLUMINATED. THE FAILURE OCCURRED ON SEVERAL OCCASIONS WITHOUT WARNING. THE VEHICLE WAS NOT DIAGNOSED OR REPAIRED. THE MANUFACTURER WAS NOT MADE AWARE OF THE ISSUE. THE VIN WAS UNKNOWN. THE FAILURE MILEAGE WAS 25,000.

l.  **DATE OF INCIDENT**: November 23, 2016

**DATE COMPLAINT FILED**: November 12, 2016
**NHTSA/ODI ID**: 10927626
**SUMMARY**: HARD & ROUGH SHIFTING FROM 1-2 DURING STARTUP AND DRIVING. TRANSMISSION JOLTS VEHICLE FORWARD OR FEELS LIKE THE VEHICLE IS GOING TO STALL MID-INTERSECTION OR WHILE GETTING ON THE HIGHWAY.

m. **DATE OF INCIDENT**: October 14, 2016
   **DATE COMPLAINT FILED**: October 18, 2016
   **NHTSA/ODI ID**: 10916717
   **SUMMARY**: THIS INSTANCE VEHICLE GOING STEADY 35MPH AND STARTED REVVING RPM'S UP LIKE IT WAS GOING TO SHIFT INTO ANOTHER GEAR, IT THEN SLAMMED AND JERKED THE CAR AND STARTED THE REVVING AGAIN. STOPPED AT A STOP LIGHT AND TURNED LEFT, WHILE TURNING AND HITTING ACCELERATOR THE CAR DID NOT WANT TO MOVE AND STARTED REVVING AGAIN AND THEN SLAMMED AND JERKED ALMOST MAKING THE PERSON BEHIND ME REAR END ME. PREVIOUS INSTANCE WAS A STEADY 75 MPH ON THE FLAT HIGHWAY AND THE SAME REVVING AND SLAM/JERKING HAD HAPPENED. 5TH TIME IT'S DONE IT THIS YEAR ALONE. 13 TIMES SINCE 2011. THIS INSTANCE THE ORANGE WRENCH LIGHT CAME ON THE DASH. CAR IS AT DEALERSHIP TO GET LOOKED AT. THIS IS VERY UNSAFE ESPECIALLY SINCE IT IS ERRATIC AND DOES IT AT ANY TIME IT FEELS LIKE. THIS CAR IS NOT SAFE TO HAVE MY FAMILY IN. *TR

n. **DATE OF INCIDENT**: June 19, 2013
   **DATE COMPLAINT FILED**: August 16, 2016
   **NHTSA/ODI ID**: 10896413
   **SUMMARY**: TRANSMISSION SLIPPING

o. **DATE OF INCIDENT**: July 1, 2015
   **DATE COMPLAINT FILED**: August 15, 2016
   **NHTSA/ODI ID**: 10896089
   **SUMMARY**: THE NIGHT WE BOUGHT THIS CAR, USED FROM A FORD DEALER, IT WOULDN'T GO IN REVERSE WITHOUT JUMPING/BUCKING. THEY WERE SWIFT TO GIVE US A LOANER WHILE THEY "REPROGRAMEMD" THE CAR. NOW, IT ALL MAKES SENSE. THEY PUT A BANDAID ON IT UNTIL WE

COULDN'T RETURN IT. SINCE THEN, JUST OVER 2YRS AGO, WE HAVE HAD THROTTLE REPLACED X3, CLEANED ONCE FOR $250 (WHILE ON THE WAY SOUTH FOR VACA, WE GOT STUCK HUNDREDS OF MILES FROM HM UNTIL FORD DEALER OPENED 2 DAYS LATER.) THIS CAR HAS STRANDED US THREE DIFF TIMES WHILE OUT OF STATE ON VACA. NOW WHILE ON INTERSTATE, THE WRENCH LIGHT WILL GO ON, THE CAR STARTS BUCKING AND ACTING LIKE A MANUAL IN THE WRONG GEAR. BUT, HAS NO ACCELERATION. JUST REVS TO 4K-6K RPMS. DANGEROUS ALMOST BEING RUN OVER BY SEMIS GOING FULL SPEED BEHIND YOU OR HAVING TO TRY AND CROSS 5 LANES OF TRAFFIC TO GET TO EMERGENCY LANE--WITH NO ACCELERATION! THIS CAR IS A DANGEROUS DEATH TRAP. SHOCKING TO ME HOW FORD HASN'T STOOD BEHIND THEIR VEHICLES. WE, AS A HUGE EXTENDED FAMILY, HAVE ALWAYS STOOD BEHIND FORD. ALWAYS BOUGHT FORD. NOW, WE HAVE BEEN DUPED BY THEM. THEY KNOWINGLY SOLD US A FAULTY CAR, PUTTING THOUSANDS OF OTHER BUYERS IN DANGER AS WELL, AND HAVEN'T DONE A THING TO PROVE TO THE CONSUMERS THAT THEY CARE ABOUT US AS CUSTOMERS OR ONE IOTA ABOUT OUR LIVES. IF FORD DOESN'T RECALL THESE, I KNOW WE WILL SEE DEATHS FROM IT. ITS PROB GOING TO BE THE NEXT AUTOMOTIVE WORLD SCANDEL LIKE THE AIRBAGS. OUR FUSION IS AN EXPENSIVE PIECE OF METAL, WITH A HUGE PYMT, JUST SITTING IN OUR DRIVEWAY USELESS. SOMEHOW, WE HAVE TO FIGURE A WAY TO SAVE THOUSANDS FOR A TRANSMISSION ON A 6YR OLD CAR. NEVER THOUGHT FORD WOULD TURN OUT TO TREAT THEIR LOYAL CUSTOMERS THIS WAY.

p. **DATE OF INCIDENT**: June 1, 2016
**DATE COMPLAINT FILED**: August 7, 2016
**NHTSA/ODI ID**: 10893817
**SUMMARY**: THIS FIRST HAPPENED TO ME ON JUNE 1, 2016. MY 2010 FORD FUSION LOSES POWER ONCE IN A WHILE WHEN DRIVING. A WRENCH LIGHT APPEARS ON THE DASH BOARD AND THE CAR STARTS TO SLOW DOWN, ACCELERATOR DOES NOT WORK AND SOMETIMES THE CAR STARTS TO SHAKE. YOU WILL HAVE TO PULL OVER, TURN THE CAR OFF FOR A FEW MINUTES AND THEN TURN IT OFF IN ORDER TO DRIVE IT

UNTIL THE LIGHT COMES BACK ON AGAIN. IT IS VERY DANGEROUS TO DRIVE IT IN THE HIGHWAY AND SPECIALLY WHEN SPEED LIMIT ITS 50 AND TRUCKS OR OTHER CARS ARE COMING AT A HIGH SPEED BEHIND YOU BECAUSE YOU DO NOT KNOW WHEN THIS IS GOING TO HAPPEN TO YOU AGAIN. I HAVE THIS PROBLEM FOR A FEW WEEKS. I TOOK MY CAR FOR A RECALL FOR SOMETHING ELSE ON JUNE 24, 2016 AND I MENTIONED TO THEM ABOUT THIS ISSUE AND THEY SAID EVERYTHING WAS FINE. BUT I'M SURE IT WILL NOT BE FINE IF I GET INTO A CAR ACCIDENT AFTER COMPLAINING ABOUT THIS ISSUE. THE DEALER WILL ASK IF THE LIGHT ITS ON IN ORDER FOR THEM TO CHECK IT. BUT I HAVE MENTION THAT THE LIGHT GOES ON AND AS SOON AS YOU LOSE POWER AND TURN THE CAR OFF AND ON IT DISAPPEARS.

q. **DATE OF INCIDENT**: July 18, 2016
**DATE COMPLAINT FILED**: July 27, 2016
**NHTSA/ODI ID**: 10888927
**SUMMARY**: MY 2010 FORD FUSION STARTED EXPIERENCING TRANSMISSION PROBLEMS WHILE AT A TRAFFIC LIGHT LAST WEEK. THE CAR SUDDENLY WENT INTO NEUTRAL WHILE THE GEAR SHIFT WAS IN THE DRIVE POSITION. AFTER PUSHING THE GAS PEDAL TO THE FLOOR FOR SEVERAL SECONDS THE CAR SLAMED INTO GEAR. I TOOK IT IMMEDIATELY FOR REPAIR. THERE HAVE BEEN NO ISSUES WITH THIS TRANSMISSION PROIR TO THIS EVENT. THE CAR HAS EXACTLY 111,856 MILES ON IT TO DATE. THE FORD DEALERSHIP DID AN UPDATE ON THE POWERTRAIN CONTROL MODULE AND TRANSMISSION CONTROL MODULE. THIS DID NOT FIX THE PROBLEM. UPON FURTHER INSPECTION, THE CAR WAS FOUND TO NEED A COMPLETE TRANSMISSION REPLACEMENT. I DID SOME RESEARCH AND FOUND HUNDREDS OF COMPLAINTS ONLINE ABOUT FORD FUSIONS HAVING TRANSMISSION ISSUES. I CONTACTED FORD SO THAT THEY COULD DOCUMENT YET ANOTHER COMPLAINT ABOUT ONE OF THEIR FUSIONS HAVING TRANSMISSION FAILURE, AND ASKED THAT THERE BE A RECALL ISSUED. THEY SAID THEY HAD NO INTENTION OF ISSUING A RECALL. SO, I AM ASKING THE NHTSA TO PUT SOME PRESSURE ON THEM TO SERIOUSLY CONSIDER ISSUING A RECALL BEFORE SOMEONE

GETS INJURED DUE TO A TRANMSSION FAILURE ON THE ROAD.

r.   **DATE OF INCIDENT**: June 30, 2016
**DATE COMPLAINT FILED**: July 24, 2016
**NHTSA/ODI ID**: 10888033
**SUMMARY**: LOSS OF POWER DURING ACCELERATION, DUE TO TRANSMISSION NOT SHIFTING PROPERLY. THE ENGINE RUNS AT HIGH RPM, BUT CAR DOESN'T MOVE. THIS ONLY HAPPENS AFTER CAR/TRANSMISSION HAS BEEN DRIVEN FOR HOUR OR MORE. IT APPEARS BASED ON INTERNET SEARCHING, TO BE A COMMON PROBLEM WITH 6F35 TRANSMISSIONS IN FUSIONS AND ESCAPES. THIS HAPPENS MOSTLY ON CITY DRIVING - WHICH AFTER IT IS ON HIGHWAY SPEEDS IS IN THE TOP GEAR. ON HOT DAY, WHEN THE CAR IS WELL WARMED UP, STOP AND GO TRAFFIC IS VERY DIFFICULT AND COULD CAUSE ACCIDENTS.

s.   **DATE OF INCIDENT**: October 2, 2014
**DATE COMPLAINT FILED**: July 5, 2016
**NHTSA/ODI ID**: 10882778
**SUMMARY**: TL* THE CONTACT OWNS A 2010 FORD FUSION. WHILE DRIVING 55 MPH, THE VEHICLE STALLED WITHOUT WARNING. AFTERWARDS, THE THROTTLE BODY AND TRANSMISSION WARNING LIGHTS ILLUMINATED. THE CONTACT WAS ON THE HIGHWAY WHEN THE VEHICLE STALLED. THE CONTACT WAS ABLE TO DRIVE AFTER RESTARTING THE VEHICLE. THE DEALER WAS NOTIFIED, BUT THE VEHICLE WAS NOT DIAGNOSED OR REPAIRED. THE FAILURE RECURRED MULTIPLE TIMES SINCE THE FIRST FAILURE. THE CONTACT NOTIFIED ANOTHER DEALER WHERE IT WAS DIAGNOSED THAT THE THROTTLE BODY NEEDED TO BE REPLACED. THE FAILURE MILEAGE WAS 84,000.

t.   **DATE OF INCIDENT**: April 9, 2014
**DATE COMPLAINT FILED**: April 10, 2016
**NHTSA/ODI ID**: 10854669
**SUMMARY**: INTAKE FUEL OUTLET HAS A PROBLEM CAR JERKS TRANSMISSION IS HORRIBLE

u. **DATE OF INCIDENT**: February 17, 2016
   **DATE COMPLAINT FILED**: February 19, 2016
   **NHTSA/ODI ID**: 10837253
   **SUMMARY**: 1ST TIME, I WAS STOPPED AT A RED LIGHT AFTER DRIVING 50 MILES WHEN THE LIGHT TURNED GREEN, I STEPPED ON THE GAS, THE CAR REV'D LIKE THE CAR WAS IN NEUTRAL AND WOULD NOT GO INTO GEAR. AFTER SEVERAL TRIES, IT WENT INTO GEAR AND DROVE OK.

   THE 2ND TIME, I WAS TRAVELING ABOUT 60 MPH, AND THE CAR STARTED REVING AT 4,000 RPMS AND LOST ALL POWER. I PULLED OVER, PUT IT IN NEUTRAL AND BACK IN GEAR SEVERAL TIMES TILL IT STARTED AGAIN. I PULLED OUT AGAIN ON THE 4 LANE AND THE CAR CONTINUED REVING AT AROUND 4,000 RPMS AND HAD NO POWER SO I GOT OFF THE ROAD AGAIN. THE "WRENCH" TROUBLE LIGHT LIT UP. I TURNED THE CAR OFF, SAT ABOUT 5 MINUTES, STARTED IT BACK UP AND IT WORKED FINE. I TOOK IT STRAIGHT TO A FORD DEALER WHO COULD NOT FIND OUT WHAT WAS WRONG WITH IT.

v. **DATE OF INCIDENT**: September 1, 2015
   **DATE COMPLAINT FILED**: February 3, 2016
   **NHTSA/ODI ID**: 10824114
   **SUMMARY**: TRANSMISSION IS LEAKING JUST LIKE THE HUNDREDS OF OTHERS I'M READING ABOUT ON FORUMS AND IT SOUNDS LIKE A VERY COMMON PROBLEM THAT MUST BE CONSTANTLY REPAIRED.

w. **DATE OF INCIDENT**: December 26, 2015
   **DATE COMPLAINT FILED**: January 9, 2016
   **NHTSA/ODI ID**: 10819136
   **SUMMARY**: DELAYED SHIFTING, ENGINE REVS WITH LITTLE PRESSURE ON GAS PEDAL AND CAR LURCHES FORWARD VIOLENTLY.

x. **DATE OF INCIDENT**: October 14, 2015
   **DATE COMPLAINT FILED**: October 30, 2015
   **NHTSA/ODI ID**: 10787171
   **SUMMARY**: I HAVE A 2010 FORD FUSION SEL AWD V6 WHICH I

PURCHASED ABOUT 2 YEARS AGO. I HAVE STARTED NOTICING SHIFTING PROBLEMS WITH MY CAR. IT FIRST STARTED ABOUT 3 WEEKS AGO NOW. THE CAR ACTED LIKE IT COULDN'T FIGURE OUT WHAT GEAR TO GO IN, WHILE MAKING A LEFT TURN THROUGH TRAFFIC IT HESITATED A LOT & THEN FIGURED OUT WHAT GEAR TO GET INTO, BARELY AVOIDING AN ACCIDENT. I WAS THEN COMING BACK FROM THE AIRPORT WITH MY SISTER & IT CLAMMED DOWN IN GEARS AS WE STARTED TO STOP & THEN, LUNGED FORWARD 2 TIMES ALMOST HITTING THE CAR IN FRONT OF ME. I HAVE TAKEN IT INTO THE SHOP & THEY SAID THEY NEEDED TO REFLASH THE PCM, THIS WAS DONE THE DAY BEFORE YESTERDAY. I GOT IT BACK YESTERDAY & IT STARTED DOING THE EXACT SAME THINGS. I HAVE SEEN THAT A RECALL NOTICE WAS SENT OUT TO SOME PEOPLE YEARS AGO WITH A TIME LIMIT ON GETTING THIS FIXED. RECALL NOTICE 10B15. IT SAID IT ENDED IN APRIL OF 2011. CAN THR BE A TIME LIMIT ON THIS SORT OF THING? SOME PEOPLE DON'T HAVE $1,000'S OF DOLLARS TO FIX CARS. WHAT CAN SOMEONE DO TO CORRECT THIS ISSUE.

y. **DATE OF INCIDENT**: September 23, 2015
**DATE COMPLAINT FILED**: October 5, 2015
**NHTSA/ODI ID**: 10779850
**SUMMARY**: THIS IS THE SECOND OCCASION IN 2 YEARS THAT I AM HAVING TO HAVE THE TRANSMISSION REPLACED IN MY CAR DUE TO LEAVING AXLE SEALS THAT CONTINUE TO LEAK TRANSMISSION FLUID AFTER REPLACEMENT. THE CAR HAS A HARD SHIFT BETWEEN 1ST AND 2ND GEAR AS WELL AS 2ND TO 3RD. I HAVE HAD THE SEALS REPLACED THREE TIMES. THE CV JOINTS HAVE BEEN REPLACED AND THE TRANSMISSION WAS REPLACED IN 2014. IT IS NOW 2015 AND I AM HAVING THE SAME ISSUE I HAD LAST YEAR WITH THE SAME COST ASSOCIATED WITH THE REPAIRS. I AM CURRENTLY WAITING ON APPROVALS FROM MY EXTENDED WARRANTY COMPANY TO COMPLETE THE NEEDED REPAIRS. THIS IS ALSO MY 2ND COMPLAINT FOR THIS ISSUE WITH SAFERCAR.GOV.

z. **DATE OF INCIDENT**: June 1, 2011
**DATE COMPLAINT FILED**: September 24, 2015
**NHTSA/ODI ID**: 10775919

**SUMMARY**: INITIALLY TOOK VEHICLE TO DEALER FOR TRANSMISSION ROUGH SHIFTING. TECH WAS UNABLE TO FIND CAUSE AND TROUBLE REPORT WAS LEFT "OPEN" SINCE WE WOULDN'T SIGN AS SATISFACTORILY COMPLETED. SECOND INCIDENT WAS IDENTICAL TO FIRST. YEARS PASSED BY AS WE LEARNED TO LIVE WITH THE ROUGH SHIFTING.

MORE RECENTLY, ON INTERSTATE HIGHWAY, CAR LOST POWER, WOULD ONLY ACCELERATE TO 50MPH WITH RPM AT 6,000. FORD SCANNED, CONCLUDED TRANSMISSION NEEDS REPAIRED SOON. LAST EVENING, MY WIFE WAS RETURNING FROM WORK, THE FUSION QUICKLY DECELERATED TO 15-20 MPH ON OPEN HIGHWAY. A SEMI NEARLY STRUCK HER CAR FROM BEHIND DUE TO THIS QUICK CHANGE OF SPEEDS, WHICH NEARLY CAUSED SEVERAL OTHER COLLISIONS. LOCAL AUTO PARTS STATED CODE CAUSING ENGINE LIGHT TO ILLUMINATE IS 'THROTTLE BODY' PROBLEMS, A CODE (WARRANTY) 'MISSED' BY THE FORD DEALERSHIP.

THIS CAR HAS LIVED AN EASY LIFE, ONLY 59K MILES, VERY CONSERVATIVE DRIVER AND DRIVEN ON LEVEL, PAVED, MOSTLY INTERSTATE HIGHWAYS. THE CAR WAS PROPERLY MAINTAINED AND BOUGHT NEW FROM THE LOT. PLEASE HELP US, AND THE PUBLIC WHO PREFER TO PURCHASE AMERICAN-MADE AUTOS, TO INSURE, THAT THE 'POWER DOWN' MODE OF THIS TRANSMISSION IS ADDRESSED AND IS A HIGH PRIORITY ITEM.

ADDITIONALLY, PLEASE RECONSIDER A RECALL ON THESE TRANSMISSIONS. IT IS A VERY COSTLY REPAIR, AND A VERY SIGNIFICANT ONE TO OUR MODEST INCOME. A TRANSMISSION FAILURE AT 59K MILES IS UNACCEPTABLE.

aa. **DATE OF INCIDENT**: July 18, 2015
**DATE COMPLAINT FILED**: August 18, 2015
**NHTSA/ODI ID**: 10749416
**SUMMARY**: I WAS DRIVING DOWN THE ROAD, ACCELERATING THROUGH AN INTERSECTION WHEN THE CAR JERKED, STALLED OR BECAME UNRESPONSIVE TO ACCELERATING. I COULD ONLY BRAKE BUT THE RADIO AND A/C WERE FINE

AND KEPT RIGHT ON, THE CAR JUST WOULD NOT GO. SO, I SLOWED DOWN, PULLED OVER, TURNED THE KEY OFF, LET THE CAR SIT A MOMENT, THEN I TURNED THE CAR ON AGAIN. IT STARTED UP NO PROBLEM AND I DROVE AWAY. THIS HAS HAPPENED MULTIPLE TIMES ACCELERATING DOWN THE ROAD GONG ANYWHERE BETWEEN 25-60MPH. AFTER EACH INCIDENT THE CAR SEEMS TO HAVE A SLIGHT HESITATION OR SO I FEEL, MAYBE I'M JUST BEING SENSITIVE TO THE CAR SO I CAN READ IT CORRECTLY. BUT EACH COMPUTER PROBLEM PRINTOUT AT A NON DEALERSHIP PARTS STORE SHOWS NOTHING IS WRONG. THE WRENCH WARNING LIGHT COMES ON WHEN THE CAR STALLS DURING ACCELERATING AND THE LIGHT TURNS OFF ONCE I HAVE RESTARTED THE CAR.

bb. **DATE OF INCIDENT**: April 18, 2015
**DATE COMPLAINT FILED**: May 28, 2015
**NHTSA/ODI ID**: 10722069
**SUMMARY**: I WAS DRIVING FOR ABOUT AN HOUR DOWN THE FREEWAY IN CRUISE CONTROL. THE CAR JERKED SLIGHTLY AND WENT LIMP, DECELERATING WHILE MAINTAINING A ROUGH IDLE AROUND 1000 RPM'S. THE GAS PEDAL WAS NON-RESPONSIVE WHILE IDLING AND I WAS ABLE TO COAST OFF TO THE SIDE OF THE ROAD WHERE THERE WAS NO THROTTLE RESPONSE. THE WRENCH LIGHT WAS ON THE DASH. I TURNED THE CAR OFF AND TRIED TO START IT AGAIN, IT STARTED FINE AND I WAS ABLE TO DRIVE IT THE REST OF THE WAY HOME WITHOUT FURTHER INCIDENT. I HAVE BEEN AFRAID TO DRIVE ANYMORE ON THE FREEWAY SINCE OR ANY SERIOUS LENGTH KNOWING THERE IS A SERIOUS ISSUE WITH THE VEHICLE. THIS IS A TERRIBLE FEELING KNOWING I HAVE A FAIRLY NEW CAR THAT I CANNOT TRUST TO DRIVE SAFELY IN. I HAVE READ OTHERS' STORIES ABOUT THIS PROBLEM AND SERIOUSLY HOPE THE VEHICLE'S ISSUES DO NOT CAUSE ME TO BE INVOLVED IN ANY ACCIDENT ON THE FREEWAY AT HIGH SPEEDS. THERE IS OBVIOUSLY AN ISSUE WITH A SERIOUS FLAW AND NEEDS TO BE ADDRESSED.

cc. **DATE OF INCIDENT**: May 4, 2015
**DATE COMPLAINT FILED**: May 21, 2015
**NHTSA/ODI ID**: 10717724

**SUMMARY**: I HAVE A 2010 FORD FUSION I WAS DRIVING TO GET ON HIGHWAY TO MERGE LEFT. WHEN I ACCELERATED, I WAS AT 55 MPH WHEN THE CAR SUDDENLY DOWN SHIFTED, I TOOK MY FOOT OFF THE GAS AND THEN PROCEEDED TO ACCELERATE AGAIN SLOWLY. NOT TO SAY A CAR ALMOST HIT ME FROM BEHIND BECAUSE OF THE DOWNSHIFT PROBLEM. IT ALSO HAPPENS WHEN I START FROM A STOPPED POSITION I ACCELERATE AND IT MAKES A LOUD NOISE AND DOWNSHIFTS THEN THE TRANSMISSION KICKS IN. PLEASE RECALL THESE CARS BEFORE SOMEONE GETS KILLED.

2011 Ford Fusion

dd. **DATE OF INCIDENT**: July 7, 2017
**DATE COMPLAINT FILED**: October 25, 2018
**NHTSA/ODI ID**: 11142712
**SUMMARY**: WHEN TRAVELING ON A HIGHWAY THE CAR SHIFTS HARD AND WILL NOT ACCELERATE. DEALER WOULD NOT REPLACE THRODDLE BODY WHEN ASKED TO. THERE IS A RECALL ON THIS. I ALSO SUGGESTED A SOFTWARE UPDATE. I WAS TOLD I NEED A NEW TRANSMISSION. THE CAR HAS BEEN SITTING SINCE LAST YEAR. I PURCHASED A NEW CAR.

**DATE OF INCIDENT**: December 19, 2017
**DATE COMPLAINT FILED**: January 3, 2018
**NHTSA/ODI ID**: 11058323
**SUMMARY**: VEHICLE STARTED LEAKING TRANSMISSION FLUID FROM THE SEAL MECHANIC SAID IT IS A PROBLEM WITH THIS YEAR FORD FUSION AND THERE SHOULD HAVE BEEN A RECALL

ee. **DATE OF INCIDENT**: April 15, 2017
**DATE COMPLAINT FILED**: November 15, 2017
**NHTSA/ODI ID**: 11046256
**SUMMARY**: TAKATA RECALL STILL WAITING, ON BACK ORDER AS OF 11/14/2017

AUTOMATIC TRANSMISSION DOWNSHIFTS HARSHLY, AND I HAD TO PAY FORD DEALER TO REPROGRAM IT EVEN THOUGH THERE IS A SERVICE ADVISORY FOR THIS PROBLEM.

ff. **DATE OF INCIDENT**: September 22, 2017
**DATE COMPLAINT FILED**: October 24, 2017
**NHTSA/ODI ID**: 11039467
**SUMMARY**: CAR SPONTANEOUSLY SHUT DOWN WITH NO POWER TO ENGINE WHILE DRIVING ON HIGHWAY WHEN CHECK THROTTLE/TRANSMISSION WARNING LIGHT CAME ON. PROBLEM IS RELATED TO NHTSA ACTION NUMBER: PE13003. DEALERS REFUSED TO FIX IT. FORD CORPORATE NEVER RESPONDED TO MY MAIL.

gg. **DATE OF INCIDENT**: February 28, 2017
**DATE COMPLAINT FILED**: April 28, 2017
**NHTSA/ODI ID**: 10981279
**SUMMARY**: TL* THE CONTACT OWNS A 2011 FORD FUSION. THE CONTACT STATED THAT THE TRANSMISSION SHIFTED ABNORMALLY IN BETWEEN GEARS. THE FAILURE OCCURRED WITHOUT WARNING. THE VEHICLE WAS TAKEN TO THE DEALER, BUT WAS NOT DIAGNOSED DUE TO THE DIAGNOSTIC FEES. THE MANUFACTURER WAS NOTIFIED OF THE FAILURE AND REFERRED THE CONTACT TO NHTSA. THE FAILURE MILEAGE WAS APPROXIMATELY 86,000.

hh. **DATE OF INCIDENT**: March 21, 2017
**DATE COMPLAINT FILED**: March 27, 2017
**NHTSA/ODI ID**: 10968592
**SUMMARY**: 2011 FORD FUSION SE HAD A TRANSMISSION PROBLEM WHILE IT WAS STILL UNDER WARRANTY (NOV. 2013). OUR VEHICLE RECENTLY HAD TROUBLE ACCELERATING AND SHIFTING BETWEEN GEARS. WE TOOK OUR CAR TO A MECHANIC AND HE INFORMED US THAT 3 GEARS IN THE TRANSMISSION BROKE AND WE NEED A NEW TRANSMISSION. THIS CAR ONLY HAS 55K MILES ON IT AND THIS IS THE SECOND TRANSMISSION PROBLEM WE'VE HAD!! THE MECHANIC SAID HE'S NEVER SEEN A TRANSMISSION GO THIS EARLY, BUT READING REVIEWS ONLINE OF 2011 FORD FUSIONS, IT SEEMS LIKE THIS IS MORE COMMON THAN WE'D LIKE TO THINK.

ii. **DATE OF INCIDENT**: January 21, 2017

**DATE COMPLAINT FILED**: January 30, 2017
**NHTSA/ODI ID**: 10948472
**SUMMARY**: WHILE DRIVING ON THE FREEWAY THE CAR FLASHES YELLOW TRIANGLE, WRENCH AND THE STOP SAFELY NOW. THE CAR LOSES ALL POWER CAUSING YOU TO TRY TO DRIFT TO THE SIDE OF THE FREEWAY. IT HAS BEEN IN THE REPAIR SHOP FOR 5 MONTHS WITH CERTIFIED HYBRID MECHANICS.

WAS TOLD IT WAS THE TRANSMISSION, THAT WAS REPAIRED. THE THROTTLE, REPAIRED. HARNESS WIRING REPLACED ALONG WITH A NEW BATTERY. THIS IS AN ONGOING PROBLEM WITH NO RESOLUTION. THE SAFETY OF NOT JUST MYSELF, BUT MY FAMILY AND OTHERS HAVE BEEN PUT AT RISK. I WOULD LIKE TO SPEAK WITH SOMEONE REGARDING THIS ISSUE.

THE CAR HAS 125,000 MILES ON IT. *TR

jj. **DATE OF INCIDENT**: December 9, 2016
**DATE COMPLAINT FILED**: December 12, 2016
**NHTSA/ODI ID**: 10934893
**SUMMARY**: 6 MONTHS OLD CAR HAD TRANSMITION AND ELECTRICAL PROBLEMS, DRIVER DOOR LOCK NOT OPENING, AC WENT OUT! AIR BAGS SENSOR OUT, AND NOW EXPERIENCING 2ND TRANSMITION ISSUE. DEALERSHIP IS NOT TAKING FULL RESPONSIBILITY FOR IT, AS TRANSMITION WAS REPLACED AT ANOTHER GARAGE! HAVE BEEN DEALING WITH THIS CAR SINCE 2012. HARD JERKING.

kk. **DATE OF INCIDENT**: November 12, 2016
**DATE COMPLAINT FILED**: November 16, 2016
**NHTSA/ODI ID**: 10926438
**SUMMARY**: WHILE DRIVING 70 MPH ON THE HIGHWAY THE CAR SUDDENLY SHUDDERED. THE YELLOW WRENCH LIGHT CAME ON AND THE GAS PEDAL WOULD NOT WORK. FORCED TO COAST TO THE SHOULDER. SHUT CAR OFF WAITED 30 SECONDS AND TRIED TO RESTART. CAR STARTED AND WRENCH LIGHT WENT OUT. WAS ABLE TO DRIVE. HAS HAPPENED REPEATEDLY. I CALLED FORD AND THERE IS A

CUSTOMER SATISFACTION PROGRAM 13N03. TO ADDRESS THIS BUT SAID THEY COULD ONLY CORRECT IF THE COMPUTER SAVED A CODE. SINCE THIS PROBLEM HAS THUS FAR FAILED TO TRIP MY CHECK ENGINE LIGHT, IT IS NOT STORING A CODE. I ARGUED THAT IT WAS UNSAFE FOR ME TO DRIVE THE CARE LIKE THIS. THEY STATED THAT FORD DOES NOT RECOMMEND I DRIVE THE CAR AND STATED MY ONLY OPTIONS ARE TO TAKE TO DEALERSHIP FOR DIAGNOSIS WHERE THE ONLY HOPE IS THAT THEY CAN DRIVE THE CAR AND MAYBE THE INTERMITTENT PROBLEM WILL LUCKILY HAPPEN. THIS IS UNACCEPTABLE. THEY KNOW THE ISSUE EXISTS AND IS UNSAFE. I HAVE READ MULTIPLE ACCOUNTS OF THIS ON THE INTERNET. HOW MANY MORE ARE REQUIRED TO TRIGGER A RECALL?

ll. **DATE OF INCIDENT**: August 15, 2016
**DATE COMPLAINT FILED**: August 15, 2016
**NHTSA/ODI ID**: 10896168
**SUMMARY**: WHILE DRIVING AT 60 MILES PER HOUR MY VEHICLE DECELERATE IN RUSH HOUR TRAFFIC, MILES AWAY FROM HOME. I WAS ABLE TO PUT MY EMERGENCY FLASHERS ON AND MOVE OVER TO THE SHOULDER BEFORE MY CAR COMPLETELY LOST POWER. I HAD A TOOL LIGHT COME ON THE DASH AND THE CAR WAS STILL ON BUT NO POWER. I TURN THE ENGINE COMPLETELY OFF FOR ABOUT T 1 MINUTE AND THEN RESTART MY CAR. I WAS ABLE TO SAFELY MAKE IT HOME.

ON MY GRANDCHILDREN FIRST DAY OF SCHOOL, WHILE PICKING UP AT 1 OF 3 SCHOOLS ON THE WAY TO THE SECOND SCHOOL MY CAR DECELERATED JUST BEFORE A TRAIN TRACK DURING RUSH HOUR ONCE AGAIN. THIS TIME MY ENGINE LIGHT CAME ON THE DASH. FOLLOWING THE SAME TECHNIQUE, I RESTARTED MY CAR, MADE IT ACROSS THE TRACK ONLY FOR IT TO QUIT AGAIN. MY GRAND BABY WAS WORRIED AND NEEDLESS TO SAY SO WAS I. USING THE SAME TECHNIQUE WE WERE ABLE TO MAKE IT SAFELY HOME. REQUIRING ANOTHER VEHICLE TO GO PICK UP AT THE OTHER TWO SCHOOL LATE....

PLEASE TELL ME I SHOULDN'T BE AFRAID TO DRIVE MY CAR BECAUSE RIGHT NOW I AM I ATTEMPTED TO PERFORM A VEHICLE HEALTH CHECK BUT IT WANT ALLOW ME TOO. PLEASE SAY

THERE IS A SOLUTION TO THIS ONGOING PROBLEM SURELY FORD IS AWARE OF THIS PROBLEM AND THERE'S A RECALL AND I'M UNAWARE RIGHT

mm. **DATE OF INCIDENT**: March 29, 2016
**DATE COMPLAINT FILED**: March 31, 2016
**NHTSA/ODI ID**: 10852768
**SUMMARY**: TL* THE CONTACT OWNS A 2011 FORD FUSION. WHILE DRIVING APPROXIMATELY 40 MPH, THE VEHICLE JERKED AND SHOOK. THE WRENCH WARNING INDICATOR ILLUMINATED. THE CONTACT HAD TO MANEUVER TO THE SIDE OF THE ROAD. AFTER A FEW MINUTES, THE VEHICLE RESUMED NORMAL OPERATION. THE WARNING INDICATOR WAS NO LONGER ILLUMINATED. THE VEHICLE WAS DRIVEN TO THE CONTACT'S RESIDENCE, BUT THE ACCELERATION WAS NOT NORMAL. THE VEHICLE WAS TAKEN TO AN INDEPENDENT MECHANIC, BUT THE FAILURE COULD NOT BE REPLICATED. THE VEHICLE WAS NOT REPAIRED. THE MANUFACTURER WAS NOT NOTIFIED OF THE FAILURE. THE APPROXIMATE FAILURE MILEAGE WAS 99,700.

nn. **DATE OF INCIDENT**: December 1, 2015
**DATE COMPLAINT FILED**: February 9, 2016
**NHTSA/ODI ID**: 10825058
**SUMMARY**: WHILE DRIVING ON CITY STREET CAR JUST LOSS POWER AND SLOWLY STOP MOVING, SO I PULL OVER INTO THE CENTER DIVIDER AS IT SHUT DOWN. I TURNED THE IGNITION TO OFF STARTED IT BACK UP AND CONTINUED ON THAT HAPPENED A FEW YEARS AFTER I BOUGHT THE CAR BRAND NEW, RECENTLY MY CAR HAS BEN DOING A LOT OF JERKING AS IF I'M RUNNING OVER A ROCK SO I TOOK IT IN AND SOME WORK WAS DONE WITH THE TRANSMISSION, THAT WAS ABOUT 2/3 WEEKS AGO AND IT STARTED DOING THE JERKING AGAIN IT USUALLY HAPPENS WHEN I TAKE OFF. SO I CALL TODAY AND MADE ANOTHER APPOINTMENT. MY CONCERN IS

THAT THIS CAR ISN'T EVEN 5 YEARS OLD AND ALREADY HAVING PROBLEMS WITH THE TRANSMISSION AND OTHER ISSUE. AND I GOT THE 5 YEAR WARRANTY WITH IS SOON TO EXPIRE AND THE I STUCK WITH A CAR THAT I FEEL WAS FAULTY FROM THE BEGINNING.

oo. **DATE OF INCIDENT**: December 12, 2015
**DATE COMPLAINT FILED**: December 18, 2015
**NHTSA/ODI ID**: 10811127
**SUMMARY**: WHEN DECELERATING, MY CAR SOMETIMES "JERKS", ACCOMPANIED BY MULTIPLE WARNING LIGHTS AND--DANGEROUSLY--A TOTAL LOSS OF ENGINE POWER. THE CAR GOES DEAD, IN THE MIDDLE OF THE ROAD, AND HAS TO BE RESTARTED BY REMOVING THE KEY AND REINSERTING IT. THIS COULD CAUSE A COLLISION BOTH FROM BEHIND (BY SOMEONE WHO DOESN'T REALIZE THAT THE CAR HAS JUST "DIED"--ESPECIALLY AT NIGHT), AS WELL AS THE "JERK" POTENTIALLY CAUSING ME TO COLLIDE WITH SOMEONE IN FRONT.

MY DEALERSHIP TOLD ME THAT FORD HAD "PUT OUT A BULLETIN" REGARDING THIS ISSUE, WHICH CALLED FOR THE INSTALLATION OF A NEW WIRING HARNESS. AND YET-- INEXPLICABLY GIVEN THAT THIS IS A SAFETY HAZARD--THIS APPARENTLY "KNOWN" ISSUE IS NOT TREATED AS A RECALL, WITH ME BEING CHARGED MORE THAN $500 FOR PARTS AND LABOR. I'VE SEEN NUMEROUS REPORTS OF PEOPLE WITH THE SAME ISSUE, MANY WITH LESS MILEAGE THAN MYSELF (97,000), SO I'M SHOCKED THAT A RECALL HASN'T HAPPENED, ESPECIALLY GIVEN THE DANGER THAT THIS ISSUE POSES TO THE CAR'S OCCUPANTS AND THOSE NEARBY.

pp. **DATE OF INCIDENT**: July 31, 2015
**DATE COMPLAINT FILED**: July 31, 2015
**NHTSA/ODI ID**: 10745209
**SUMMARY**: CAR WAS TRAVELING 60MPH ON STRAIGHT ROAD WHEN IT JERKED AND WRENCH LIGHT AND CHECK ENGINE LIGHT AND ABS AND STABILITY LIGHTS CAME ON. PULLED TO SIDE OF ROAD AND SHUT OFF CAR. RESTARTED AND DROVE 100 FEET AND WRENCH LIGHT CAME BACK ON AND ONCE

AGAIN PULLED OVER TO SHOULDER TO RESTART CAR. AFTER 2ND RESTART IT DROVE FINE FOR 15 MINUTES AND THEN STALLED COMPLETELY, ONCE AGAIN RESTARTED CAR AND DROVE 5 FEET IT ONCE AGAIN STALLED AND LOST ALL POWER. RESTARTED AND DROVE FOR 10 MINUTES TO HAVE IT START JERKING AT A STOP LIGHT AND THEN STALL OUT ONCE I PULLED INTO WORK.

qq.**DATE OF INCIDENT**: May 30, 2015
**DATE COMPLAINT FILED**: May 31, 2015
**NHTSA/ODI ID**: 10722539
**SUMMARY**: WHEN LEAVING FROM WORK, REVERSED OUT OF PARKING SPACE. THE CAR TOOK A BIT MORE PRESSING ON THE GAS TO ACCELERATE THAN NORMAL. WHEN PULLING OUT OF DRIVEWAY, THE RPM SHOT UP TO 4000 AND THE CAR DID NOT SHIFT INTO GEAR TO ACCELERATE. WHEN SHIFTING INTO SECOND GEAR IT WAS HARSH AND JERKY. WHEN APPROACHING A STOP SIGN, DOWN SHIFTING WAS JERKY. WHEN TRAFFIC MOVED FORWARD AND I PRESSED ON THE ACCELERATOR, THE CAR SHIFTED INTO REVERSE AND I QUICKLY HAD TO BRAKE. I COULD FEEL THAT SHIFTING FOR EVERY GEAR TOOK MORE RPM'S AND IT WAS VERY VIOLENT, DRIVING IS DANGEROUS AND I AM NOW SCARED TO DRIVE MY CAR. I AM HAVING IT TOWED TO DEALERSHIP TOMORROW TO TRY AND FIND OUT EXACTLY WHAT IS GOING ON AND HOW TO FIX IT.

rr. **DATE OF INCIDENT**: May 26, 2015
**DATE COMPLAINT FILED**: May 26, 2015
**NHTSA/ODI ID**: 10721564
**SUMMARY**: FORD FUSION 2011 ENGINE SURGED AND DROPPED SPEED AND RESULTING IN ME NEARLY BEING REAR ENDED BY VEHICLE BEHIND ME. ENGINE FELT AS IF THE TRANSMISSION HESITATED IN BETWEEN SHIFTING GEARS.

2012 Ford Fusion

ss. **DATE OF INCIDENT**: July 15, 2017
**DATE COMPLAINT FILED**: November 9, 2018
**NHTSA/ODI ID**: 11150238

**SUMMARY**: WHILE DRIVING THE VEHICLE HAS ISSUES WHILE TRANSMISSION IS UPSHIFTING. HAVE HAD VEHICLE SERVICED FOR COMPLAINT AT FORD YET CONTINUES TO BE AN ISSUE EVEN AFTER REPAIR WAS MADE

tt. **DATE OF INCIDENT**: September 1, 2018
**DATE COMPLAINT FILED**: September 2, 2018
**NHTSA/ODI ID**: 11124056
**SUMMARY**: MY TRANSMISSION HAS BEEN JOLTING WHENEVER IT SHIFTS INTO GEAR 3, ESPECIALLY WHEN GOING UP HILLS. MY VEHICLE HAS BEEN WELL TAKEN CARE OF AND NOT BEEN INVOLVED ANY PREVIOUS ACCIDENTS. THE PROBLEM STARTED WHEN IT HAD ABOUT 80,000 MILES ON IT, AND NOW IT HAS 110,000 MILES AND THE PROBLEM IS WORSE. I HAVE LOOKED AT OTHER ONLINE FORUMS AND CAN CONFIRM THAT I AM NOT THE ONLY ONE WITH THIS PROBLEM.

uu. **DATE OF INCIDENT**: July 26, 2018
**DATE COMPLAINT FILED**: August 30, 2018
**NHTSA/ODI ID**: 11123376
**SUMMARY**: CAR JERKS AND SHIFTS POORLY AND SOMETIMES AT THE WRONG TIME WHEN STARTING UP FROM A STOP. ALSO DOWNSHIFTED FROM 6TH GREAR TO MUCH LOWER GEAR WHEN ON THE HIGHWAY AT HIGHWAY SPEED IN HOT WEATHER (OVER 100 DEGREES F), CAUSING FRIGHTENING LOSS OF SPEED AND ACCELERATING MOTOR RPMS.

vv. **DATE OF INCIDENT**: July 21, 2018
**DATE COMPLAINT FILED**: July 23, 2018
**NHTSA/ODI ID**: 11112998
**SUMMARY**: LUNGING, NOT GOING INTO GEAR, SHUTTERING, NOT ABLE TO CONTROL SPEED ON ANY TYPE OF HIGHWAY. CAN'T DRIVE IT SAFELY TO GET IT TO THE FORD SERVICE DEPT. CAR IS IN CHARLOTTE, NC. CONTACTED CAPITAL FORD ON N TRYON ST AND HUNTERSVILLE FORD ON STATESVILLE RD. BOTH DEALERS LOOK AT IT FOR 4 OR 5 DAYS AND WE HAVE TO BRING IT TO THEM. IT'S NOT SAFE TO DRIVE.

ww. **DATE OF INCIDENT**: November 1, 2016

**DATE COMPLAINT FILED**: March 22, 2017

**NHTSA/ODI ID**: 10967830

**SUMMARY**: TL* THE CONTACT OWNS A 2012 FORD FUSION. THE CONTACT STATED THAT THERE WAS A SUDDEN LOSS OF POWER. THE VEHICLE FAILED TO ACCELERATE, LUNGED FORWARD, AND JERKED WHILE IN MOTION OR MAKING A TURN. IN ADDITION, THE POWER TRAIN WARNING INDICATOR FLASHED SEVERAL TIMES. TWO DEALERS WERE NOTIFIED OF THE FAILURE, BUT THE DTC WAS NOT PRESENT; THEREFORE, THE FAILURE WAS UNABLE TO BE REPLICATED AND DIAGNOSED. THE MANUFACTURER HAD A SERVICE CAMPAIGN, BUT REFUSED TO PROVIDE A SOLUTION. THE DEALER WOULD NOT REPLACE THE PART UNLESS THEY COULD DETERMINE THE FAILURE. THE CONTACT WAS ABLE TO ORDER THE PART FROM THE MANUFACTURER AND REPLACED THE ELECTRONIC THROTTLE BODY. THE MANUFACTURER HAD NOT ISSUED A RECALL. THE VIN WAS NOT INCLUDED IN NHTSA ACTION NUMBER: PE13003 (ENGINE). THE FAILURE MILEAGE WAS NOT AVAILABLE.

xx. **DATE OF INCIDENT**: February 23, 2017

**DATE COMPLAINT FILED**: March 3, 2017

**NHTSA/ODI ID**: 10958346

**SUMMARY**: I JUST HIT 40,000 MILES, VEHICLE HAS BECOME VERY UNSAFE, WHILE DRIVING VEHICLE SHUTS OFF. ACCELERATION TAKE TOO LONG AND ONCE IT KICKS IN IT SLAMS INTO GEAR. IF I NEED TO REVERSE IT WON'T FIND THE GEAR AND WHEN IT DOES, I SLAMS INTO GEAR, THE WRENCH CONTINUES TO APPEAR ON DASH WHEN SAID EVENT IS HAPPENING. THERE SHOULD BE A RECALL ON THAT TRANSMISSION OR ENGINE. VERY UNSAFE. WHEN VEHICLE STALLS IT BECOMES A HAZARD TO EVERYONE AROUND ME. IF SOMEONE COULD PLEASE CONTACT ME THIS WOULD BE GREAT. UPON SEARCHING WHAT THE PROBLEM COULD BE I NOTICED NUMEROUS COMPLAINTS ABOUT THE SAME ISSUE. PLEASE HELP! I DON'T HAVE ANY PHOTOS OF THE VEHICLE SHUTTING DOWN AND WHAT A HAZARD IT CAN BE. TELL ME WHAT TO DO PLEASE.

yy. **DATE OF INCIDENT**: August 1, 2016

**DATE COMPLAINT FILED**: August 15, 2016
**NHTSA/ODI ID**: 10896074
**SUMMARY**: HARSH SHIFTS BETWEEN 1-2 AND OR 2-3, FLARES WHEN ACCELERATING AT TIMES.... CLUTCHES SEEM TO BE SLIPPING INSIDE THE TRAMSMISSION AT TIMES DURING HARD ACCELERATION....HARSH DOWNSHIFTS... WHEN SLOWING DOWN FOR A TRAFFIC LIGHT BUT NOT COMING TO A COMPLETE STOP AND TRYING TO ACCELERATE THE CAR ACTS "BOGGY" WHEN THE AIR IS ON. IT SEEMS LIKE IT CAN'T DECIDE WHICH GEAR IT SHOULD BE IN.

zz. **DATE OF INCIDENT**: May 9, 2016
**DATE COMPLAINT FILED**: May 16, 2016
**NHTSA/ODI ID**: 10865173
**SUMMARY**: WHEN I'M EITHER TAKING OFF OR IN MOTION RIDING DOWN ANY TYPE OF ROAD OR HIGHWAY A WRENCH LIGHT COMES ON SOME TIME. I LOOK THE ICON UP AND IT SAYS SOMETHING ABOUT THE POWER TRAN OR TRANSMISSION. WHILE IN MOTION IT FEEL AS IF I LOST SPEED AND THEN THE WRENCH ICON POPS ON. WHEN TAKING OFF I CAN FEEL A JERK AS IF IT CAN'T GET THE POWER TO SHIFT AND GO.

aaa. **DATE OF INCIDENT**: April 1, 2015
**DATE COMPLAINT FILED**: April 6, 2016
**NHTSA/ODI ID**: 10853918
**SUMMARY**: THE VEHICLE HAS A HARD SHIFT BETWEEN 1ST AND 2ND GEAR. ALSO, THE CAR WILL HAVE A HARD JERKING WHILE DRIVING. THIS DOESNT HAPPEN ALL THE TIME BUT IS GETTING NOTICBLY WORSE.

bbb. **DATE OF INCIDENT**: September 30, 2014
**DATE COMPLAINT FILED**: March 20, 2016
**NHTSA/ODI ID**: 10850609
**SUMMARY**: IT NORMALLY HAPPENS WHEN ACCELERATING.SOMETIMES IT WILL HAPPEN WHILE VEHICLE IS ALREADY IN MOTION. IT FEELS LIKE THE TRANSMISSION IS SLIPPING. IT JERKS VERY HARD WHEN SHIFTING.

I HAD THIS ISSUE ADDRESS AT THE FORD DEALER ON 30 SEP

2014 AND THEY STATE THEY COULD NOT FIND THE PROBLEM.DEALER SHOWS MILEAGE IN AND MILEAGE OUT AS THE SAME. DOESN'T APPEAR THAT THEY DROVE IT TO FIND THE ISSUE.

ccc. **DATE OF INCIDENT**: March 9, 2016
**DATE COMPLAINT FILED**: March 11, 2016
**NHTSA/ODI ID**: 10846198
**SUMMARY**: TRANSMISSION SHIFTING ERRATICALLY, COMPLETED FORD REFLASH OF TCM (TSB# 12-6-12) AND MADE THE TRANSMISSION FLARE AND GEAR PAUSE GO AWAY. HOWEVER NOW THE VEHICLE AFTER DRIVING IT A FEW HUNDRED MILES SHIFTS VERY HARD. THIS ALSO CAUSES THE VEHICLE TO ACCELERATE FORWARD IN AN INCONSTANT MANNER (EXAMPLE - PUSHING ON THE GAS PEDAL THE SAME AMOUNT 2 DIFFERENT TIMES FROM A STOP RESULTED IN A JACK RABBIT START AND THE OTHER ACCELERATED MORE SMOOTHLY WITHOUT THE SUDDEN JOLT.) THE VEHICLE WILL DO THIS REPEATEDLY BUT ONLY IN LIGHT THROTTLE APPLICATIONS, 1/2 THROTTLE AND ABOVE THE TRANSMISSION SHIFTS PERFECT. THE 6F35 TRANSMISSION SHOULD BE RECALLED FOR ISSUES AS THE 2010-2016 MODEL FUSION / ESCAPE VEHICLES HAVE THESE ISSUES WHEN SEARCHING FOR COMMON ISSUES OR REMEDIES FOR THE ISSUES I'VE EXPERIENCED.

2013 Ford Fusion

ddd. **DATE OF INCIDENT**: February 8, 2019
**DATE COMPLAINT FILED**: February 22, 2019
**NHTSA/ODI ID**: 11181774
**SUMMARY**: I HAVE A 2013 FORD FUSION. IT HAS BEEN DISPLAYING A JERKING MOTION WITH PULLING IS OUT A PARK AND INTO DRIVE. WHEN GOING TO TURN THE CORNER IT STALLED OUT ON ME. I WAS ABLE TO GET IT STATED BACK UP BUT WHEN DRIVING ITS LIKE IT HAD NO POWER AND IT WAS GOING SLOW.

eee. **DATE OF INCIDENT**: February 10, 2019
**DATE COMPLAINT FILED**: February 11, 2019

**NHTSA/ODI ID**: 11176297

**SUMMARY**: MY CAR HAS BEEN SKIPPING AND HESITATION WITH POWER TRAIN OR TRANSMISSION WHILE DRIVING WHENEVER IT WANTS. IT'S NOTHING SPECIFIC TO MAKE THAT HAPPEN. LAST WEEK BACK POWER WINDOWS QUIT WORKING. NOW....STARTED CAR IN DRIVE, STEERING WAS LOCKED. DROVE BACK AND FORTH, TRIED DIFFERENT GEARS, TRIED RESTARTING, IT FINALLY STARTED BY TURNING KEY OVER. CAME HOME, PARKED IN DRIVEWAY, CAN'T GET STEERING TO UNLOCK AT ALL NOW! I AM OVER AN HOUR AWAY FROM HOME, SO WHENEVER IT DECIDES TO TURN, I CAN HEAD HOME. BUT AFTER READING THESE REVIEWS, DO I DARE? DOES FORD WANT US OWNERS TO DIE, OR THE INNOCENT WE MAY HIT? EITHER WAY I WOULD SUE BECAUSE THEY CANNOT DENY KNOWING THERE'S A PROBLEM!

fff.  **DATE OF INCIDENT**: October 31, 2018
   **DATE COMPLAINT FILED**: November 5, 2018
   **NHTSA/ODI ID**: 11145334
   **SUMMARY**: TRANSMISSION JUST WENT OUT, IT WILL REV UP BUT NOT HO INTO GEAR. IT WAS IN MOTION AND WHEN IT WAS SLOWING DOWN IT DIDNT DOWN SHIFT AND JUST STOPPED MOVING.

ggg. **DATE OF INCIDENT**: July 1, 2018
   **DATE COMPLAINT FILED**: September 24, 2018
   **NHTSA/ODI ID**: 11131074
   **SUMMARY**: TL* THE CONTACT OWNS A 2013 FORD FUSION. WHILE DRIVING VARIOUS SPEEDS, THE POWER STEERING AND TRANSMISSION FAILED. COLLEY FORD (1945 AUTO CENTRE DRIVE, GLENDORA, CALIFORNIA 91741, (909) 592-4131) WAS MADE AWARE OF THE FAILURE AND REPLACED THE BATTERY, BUT THE FAILURE RECURRED. ON MORE THAN ONE OCCASION, THE TRANSMISSION SLIPPED (DOWNSHIFTED/UPSHIFTED) OUT OF GEAR. THE SAME DEALER DIAGNOSED THAT THE RACK AND PINION WAS FAULTY. THE VEHICLE WAS NOT REPAIRED A SECOND TIME. THE MANUFACTURER WAS MADE AWARE OF THE FAILURES. THE FAILURE MILEAGE WAS APPROXIMATELY 86,000.

hhh. **DATE OF INCIDENT**: September 20, 2018
**DATE COMPLAINT FILED**: September 20, 2018
**NHTSA/ODI ID**: 11130373
**SUMMARY**: TRANSMISSION ISSUE

I HAD MY FORD FUSION RECALL REPAIR DONE ON THE CLUTCH ASSEMBLY. THE DEALERSHIP DETERMINED MY TRANSMISSION NEEDED TO BE REPLACED AS WELL BUT SAID IT WAS NOT RELATED THE OTHER RECALL.

MY CLUTCH AND FLYWHEEL WERE DAMAGED AS WELL. I DON'T SEE ANY WAY HOW THE TRANSMISSION DAMAGE IS NOT RELATED TO THE CLUTCH AND FLYWHEEL WHEN THEY'RE ALL CONNECTED IN THE DRIVE TRAIN. I'M SURE I'VE NOT THE FIRST PERSON TO HAVE THIS ISSUE. THE TRANSMISSION CONSTANTLY WHINES NO MATTER HOW FAST I DRIVE.

iii. **DATE OF INCIDENT**: August 29, 2018
**DATE COMPLAINT FILED**: September 10, 2018
**NHTSA/ODI ID**: 11128525
**SUMMARY**: WHEN STARTING TO DRIVE THE CAR IT HAS SOME SLIPPING AND HESITANCY GOING FROM FIRST TO SECOND GEAR AND SECOND TO THIRD. ONCE IT GETS TO THIRD GEAR IT USUALLY RUNS FINE. WHEN PLUGGED IN TO DIAGNOSIS THE ERROR FOR SOLENOID COMES UP. IT IS CURRENTLY AT THE DEALERSHIP TO BE FIXED. WHEN ONLINE DOING RESEARCH ABOUT THIS PROBLEM I NOTICED A LOT OF SIMILAR COMPLAINTS FROM OTHERS AND NO RECALLS HAVE BEEN ISSUED BY FORD.

jjj. **DATE OF INCIDENT**: June 25, 2018
**DATE COMPLAINT FILED**: July 9, 2018
**NHTSA/ODI ID**: 11110265
**SUMMARY**: WHILE DRIVING MY FUSION I SUDDENLY NOTICED A LOUD SOUND AND THEN MY TRANSMISSION STARTED SHIFTING VERY ROUGHLY. I WAS OUT OF TOWN AND EVERY STOPLIGHT IT TOOK AN EXTENDED PERIOD OF TIME FOR THE CAR TO SHIFT WHEN TRYING TO TAKE OFF. AFTER ABOUT 30 MINUTES I PULLED INTO A DEALERSHIP TO

SEE IF IT WAS SAFE FOR ME TO CONTINUE HOME. I WAS ADVISED THAT IT WAS NOT AND THAT I WOULD NEED A WHOLE NEW TRANSMISSION.

kkk. **DATE OF INCIDENT**: December 31, 2017
**DATE COMPLAINT FILED**: March 6, 2018
**NHTSA/ODI ID**: 11076513
**SUMMARY**: VERY HARD UPSHIFT INTO 3RD GEAR. HAD VEHICLE AT MY LOCAL FORD DEALER THE DAY AFTER I BOUGHT IT IN NOVEMBER 2017 AND HAD SOME INTERNAL TRANSMISSION REPAIRS DONE UNDER ILLINOIS USED VEHICLE POWERTRAIN WARRANTY. GOT THE VEHICLE BACK 25 DAYS LATER AND THE HARD SHIFTING DID NOT CHANGE, NOT EVEN A LITTLE. TOOK VEHICLE BACK THE FOLLOWING DAY AND THEY SAID THE HARD SHIFTING IS NOW NORMAL TO THAT VEHICLE. THE SHIFTING HAS GOTTEN SO BAD THE FRONT TIRES CHIRP WHEN GOING INTO GEAR. I NOW HAVE DRIVEN THE CAR ALMOST 3,000 MILES AND THE ADAPTIVE LEARN HAS NOT SOFTENED THE SHIFTING EVEN THOUGH FORD SAYS IT CAN TAKE UP TO 1,000 MILES. MULTIPLE COMPLAINTS ABOUT THIS TRANSMISSION (6F35) ON THE INTERNET.

lll. **DATE OF INCIDENT**: December 24, 2017
**DATE COMPLAINT FILED**: January 25, 2018
**NHTSA/ODI ID**: 11064841
**SUMMARY**: MY 2013 FORD FUSION TITANIUMTRANSMISSION WENT OUT AT 80K. I WAS INFORMED BY THE DEALER THAT, "UPON TEARDOWN FOUND TRANSMISSION CASE CRACKED AND METAL IN TRANSMISSION." HERE IS THE LETTER DESCRIBING THE SITUATION THAT I SENT TO THE FORD DEALER AFTER MANY CALLS WITH FORD MANUFACTURE:

I WOULD REALLY APPRECIATE YOUR ASSISTANCE IN DEALING WITH MY TRANSMISSION REPAIR, STEERING TEMPORARY LOCKING, AND CHECK ENGINE LIGHT ISSUES WITH MY 2013 FORD FUSION. ON DECEMBER 24, 2017, I STARTED MY CAR AFTER TAKING MY OLDEST SON TO GET HIS HAIRCUT, WHEN MY FORD FUSION STARTED TO JERK, LOSE POWER, AND STEERING LOCKED WHEN WE ATTEMPTED TO

DRIVE AWAY FROM THE PARKING LOT. I WAS REALLY DISAPPOINTED THAT MY CAR, AT SUCH A YOUNG AGE, STARTED TO ACT UP, BUT SOMEWHAT GRATEFUL IT HAPPENED PRIOR TO LEAVING TOWN ON DECEMBER 26TH.

MY CAR HAS BEEN AT THE DEALERSHIP SINCE DECEMBER 26TH, AND I WAS FINALLY INFORMED OF THE HEFTY COST OF THE REPAIRS THIS WEEK (25 DAYS LATER), FOR A NEW TRANSMISSION. AS YOU MAY UNDERSTAND, THIS IS VERY DISCOURAGING BECAUSE I ONLY NEED NINE MORE PAYMENTS TO PAY OFF THE CAR AND DON'T UNDERSTAND WHY THE TRANSMISSION SUDDENLY GIVES OUT AND THE STEERING TEMPORARILY LOCKS BEFORE PAYING OFF THE CAR.

I'M PERPLEXED BY THE DENIAL FROM THE FORD MANUFACTURE COMPANY TO ASSIST IN THIS MATTER SINCE THIS IS A TRANSMISSION PRODUCT ISSUE. PLEASE EXPLAIN, BECAUSE I HAVE SEVERAL CONCERNS:

IS THIS THE TYPICAL SHELF LIFE OF A 2013 FORD FUSION TRANSMISSION?

IF NOT, THEN IT WOULD APPEAR TO BE A MANUFACTURE DEFECT.

IF SO, THEN THE TRANSMISSION AND PRODUCT OF THIS MAKE AND MODEL IS NOT OF GOOD QUALITY.

IS THE DAMAGE FROM A CRACKED TRANSMISSION OR THE GEARS ARE DEFAULTING TO 5TH GEAR OR BOTH?

WE WOULD REALLY APPRECIATE YOU LOOKING INTO THIS MATTER AND ASSIST WITH PAYING THE COSTS OF THE TRANSMISSION MALFUNCTION. WHAT OTHER SOLUTIONS OR RECOMMENDATIONS DO YOU HAVE AVAILABLE?

mmm.  **DATE OF INCIDENT**: December 1, 2017
        **DATE COMPLAINT FILED**: December 19, 2017
        **NHTSA/ODI ID**: 11055513

SUMMARY: TL* THE CONTACT OWNS A 2013 FORD FUSION HYBRID. WHILE DRIVING APPROXIMATELY 45 MPH, THE ENGINE MADE A GRINDING NOISE. THERE WERE NO WARNING INDICATORS ILLUMINATED. THE VEHICLE WAS TAKEN TO AN INDEPENDENT MECHANIC WHO DIAGNOSED THAT THE TRANSMISSION AND BOTH FRONT AXLE AND BEARINGS FAILED AND NEEDED TO BE REPLACED. THE VEHICLE WAS NOT REPAIRED. THE VEHICLE WAS TAKEN TO THOROUGHBRED FORD (8501 N BOARDWALK AVE, KANSAS CITY, MO 64154, PHONE: (816) 505-1818) WHERE IT WAS DIAGNOSED THAT THE TRANSMISSION FAILED AND NEEDED TO BE REPLACED. THE MANUFACTURER STATED THAT THE CUSTOMER SATISFACTION PROGRAM FOR THE TRANSMISSION HAD EXPIRED AND THE VEHICLE COULD NOT BE REPAIRED. THE APPROXIMATE FAILURE MILEAGE WAS 92,000.

2014 Ford Fusion

nnn. **DATE OF INCIDENT**: December 13, 2018
**DATE COMPLAINT FILED**: February 15, 2019
**NHTSA/ODI ID**: 11180324
**SUMMARY**: TRANSMISSION DOWN SHIFTS AND THE CAR LOSSES FORWARD SPEED WHILE DRIVING AT HIGHWAY AND CITY STREETS.

ooo. **DATE OF INCIDENT**: January 24, 2019
**DATE COMPLAINT FILED**: January 24, 2019
**NHTSA/ODI ID**: 11171831
**SUMMARY**: TL* THE CONTACT OWNS A 2014 FORD FUSION. WHILE DRIVING 75 MPH ON THE FREEWAY, THE VEHICLE STALLED. THE VEHICLE WAS PULLED OVER TO THE ROAD SHOULDER AND WOULD NOT RESTART. THE VEHICLE WAS TOWED TO AN UNKNOWN LOCATION. ALSO, WHEN THE CONTACT FILLED THE TANK WITH FUEL, THE ENGINE MADE AN ABNORMAL SOUND. IN ADDITION, THE TRANSMISSION SLIPPED AND WOULD NOT SHIFT INTO THE CORRECT GEAR AND THE CHECK ENGINE INDICATOR ILLUMINATED. THE DEALER AND MANUFACTURER WERE NOT NOTIFIED. THE FAILURE MILEAGE WAS 93,973.

ppp. **DATE OF INCIDENT**: October 3, 2018
**DATE COMPLAINT FILED**: November 26, 2018
**NHTSA/ODI ID**: 11153969
**SUMMARY**: TL* THE CONTACT OWNS A 2014 FORD FUSION. WHILE DRIVING AT AN UNKNOWN SPEED, THE VEHICLE SHIFTED INTO FOURTH GEAR WITHOUT WARNING. THE VEHICLE WAS NOT TAKEN TO A DEALER OR AN INDEPENDENT MECHANIC FOR DIAGNOSTIC TESTING. THE VIN WAS INCLUDED IN NHTSA CAMPAIGN NUMBER: 18V471000 (POWER TRAIN). THE MANUFACTURER WAS NOT NOTIFIED OF THE FAILURE. THE APPROXIMATE FAILURE MILEAGE WAS 76,000.

qqq. **DATE OF INCIDENT**: April 3, 2018
**DATE COMPLAINT FILED**: April 3, 2018
**NHTSA/ODI ID**: 11082642
**SUMMARY**: WHILE IN MOTION, AUTOMATIC TRANSMISSION HESITATES TO SHIFT FROM 2ND GEAR TO 3RD GEAR. THIS OCCURS AT ALL TEMPERATURES AND SPEEDS. VEHICLE IS 2014 FUSION SE, 2.5L WITH SIX SPEED AUTOMATIC, HAS 13,500 MILES AS OF 4/3/18.

rrr. **DATE OF INCIDENT**: April 2, 2018
**DATE COMPLAINT FILED**: April 3, 2018
**NHTSA/ODI ID**: 11082678
**SUMMARY**: TL* THE CONTACT OWNS A 2014 FORD FUSION. THE CONTACT STATED THAT THE CLUTCH WAS DEFECTIVE, WHICH MADE IT DIFFICULT TO SWITCH GEARS OCCASIONALLY. THERE WERE NO WARNING INDICATORS ILLUMINATED BEFORE OR AFTER THE FAILURE. THE VEHICLE WAS TAKEN TO ANGELA KRAUSE FORD LINCOLN (1575 MANSELL RD, ALPHARETTA, GA 30009), BUT WAS NOT DIAGNOSED OR REPAIRED. THE MANUFACTURER WAS NOTIFIED OF THE FAILURE. THE VIN WAS UNKNOWN. THE APPROXIMATE FAILURE MILEAGE WAS 56,000.

sss. **DATE OF INCIDENT**: February 14, 2017
**DATE COMPLAINT FILED**: February 15, 2017
**NHTSA/ODI ID**: 10954828
**SUMMARY**: OUR 2014 FORD FUSION HAS 81415.5 MILES AND

LAST NIGHT WE LOST POWER WHILE DRIVING, THE ACCELERATOR WAS UNRESPONSIVE AND THE ENGINE WAS IDLING REAL ROUGH. SO, WE GOT IT HOME AND INTO OUR GARAGE NOW THE CAR WHEN TRYING TO START IT JUST SPUTTERS AND DIES. FORD SAID HO WELL, ITS YOUR PROBLEM.

ttt. **DATE OF INCIDENT**: December 4, 2016
**DATE COMPLAINT FILED**: December 5, 2016
**NHTSA/ODI ID**: 10929848
**SUMMARY**: WHILE DRIVING I HAD TOTAL LOSS OF POWER AND CAR SHUT OFF. IT HAPPENED 3 TIMES IN A TWO DAY SPAN. *TR

uuu. **DATE OF INCIDENT**: September 25, 2016
**DATE COMPLAINT FILED**: September 29, 2016
**NHTSA/ODI ID**: 10910686
**SUMMARY**: I BOUGHT A USED 2014 FORD FUSION FROM OUR LOCAL FORD DEALERSHIP WITH 34,000 MILES ON IT, ONE OWNER, NO HISTORY OF ANY ISSUES. AS SOON AS I DROVE OFF THE LOT, I COULD FEEL A HARD SHIFT BETWEEN 2ND AND 3RD AND THE ENGINE REVS UP TO 4500 BEFORE FALLING BACK DOWN TO AROUND 2000. THEN IT'S WORSE GOING FROM 3RD TO 2ND WHEN APPLYING THE BRAKES, THE CAR JOLTS FORWARD AND THE ENGINE REVS HIGH AS YOU APPLY THE BRAKES. I'VE HAD THE CAR FOR 3 DAYS NOW AND IT HAS THE WORST TRANSMISSION I'VE EVER EXPERIENCED. IT'S A VERY UNCOMFORTABLE DRIVE AND I DON'T FEEL SAFE DRIVING IT WHEN I KNOW MY CAR IS GOING TO SHIFT SO HARD THAT THE WHOLE JERKS FORWARD. I'VE NEVER BEEN MORE UNHAPPY WITH A CAR IN MY LIFE.

vvv. **DATE OF INCIDENT**: May 2, 2016
www. **DATE COMPLAINT FILED**: August 4, 2016
**NHTSA/ODI ID**: 10893269
**SUMMARY**: TL* THE CONTACT OWNS A 2014 FORD FUSION. THE CONTACT STATED THAT THE VEHICLE WAS SLOW TO ACCELERATE AND ALSO STALLED SEVERAL TIMES WITHOUT WARNING. THE VEHICLE WAS TAKEN TO THE DEALER FOR INSPECTION AND DIAGNOSTIC TESTING. THE CONTACT WAS

223

UNCERTAIN OF THE SPECIFIC REPAIR SOLUTION THAT WAS PROVIDED, BUT THE FAILURE CONTINUED. THE VEHICLE WAS TAKEN BACK TO THE DEALER FOR FURTHER INSPECTION, DIAGNOSTIC TESTING, AND REPAIR. THE MANUFACTURER WAS NOTIFIED OF THE FAILURE. THE FAILURE MILEAGE WAS NOT AVAILABLE.

xxx. **DATE OF INCIDENT**: January 5, 2016
**DATE COMPLAINT FILED**: January 28, 2016
**NHTSA/ODI ID**: 10822770
**SUMMARY**: TRANSMISSION VIOLENTLY ENGAGES INTO GEAR THRUSTING THE DRIVER FORWARD AND CAUSING EXCESSIVE WEAR ON TRANSMISSION, AS WELL AS SAFETY ISSUES BY STOPPING THE CAR BETWEEN GEARS THEN SHOOTING FORWARD. I WAS GETTING ONTO THE HIGHWAY AND WHEN THE CAR UPSHIFTED, I ALMOST GOT HIT BY THE CAR BEHIND ME BECAUSE IT WAS AS IF THE CAR FIRST DOWNSHIFTS, THEN SLAMS UP INTO THE HIGHER GEAR.

yyy. **DATE OF INCIDENT**: September 22, 2014
**DATE COMPLAINT FILED**: January 13, 2016
**NHTSA/ODI ID**: 10820042
**SUMMARY**: TRANSMISSION SLIPS. SHUDDERS AND SHAKES SHIFTING INTO GEAR FROM A STOP.

zzz. **DATE OF INCIDENT**: December 13, 2015
**DATE COMPLAINT FILED**: December 17, 2015
**NHTSA/ODI ID**: 10810989
**SUMMARY**: I STARTED TO EXPERIENCE HARSH GEAR SHIFT ON DECEMBER 13, 2015 EVERY TIME I PUT THE CAR IN REVERSE. ALSO, WHEN I REACHED 20MPH AND 40MPH I FELT THE HARSH GEAR SHIFT AND THE CAR WOULD JERK FORWARD. I TOOK MY CAR TO THE DEALERSHIP ON DECEMBER 14, 2015 AND THEY SAID THE MOUNT FOR THE TRANSMISSION WAS BROKEN. THE TECHNICIAN WASN'T THERE TO CHECK OUT THE CAR IN ORDER TO DETERMINE IF IT WAS MECHANICAL OR NOT, BUT THEY DID THE WORK ON THE CAR ANYWAY AND ON DECEMBER 16, 2015, THE DEALER CALLED TO SAY THE CAR WAS READY. IT WAS VERY OBVIOUS THEY DID NOT TEST DRIVE THE CAR AFTER SUPPOSEDLY

REPAIRING THE MOUNT BECAUSE MY CAR WAS DOING THE SAME THING, EXCEPT WORSE. WHEN I TOOK IT BACK THE NEXT DAY, THE TECHNICIAN WAS THERE AND SAID IT IS A MECHANICAL PROBLEM. I ASKED FOR A LOAN SINCE THEY SAID A PART HAD TO BE ORDERED AND THEY WOULD NEED TO KEEP MY CAR FOR A FEW DAYS AND I WAS TOLD I COULDN'T GET A LOANER. INSTEAD, THE DEALER SAID MY CAR WAS DRIVABLE AND DID DELIVER GOOD CUSTOMER SERVICE. IT FELT AS THOUGH HE WAS TRYING TO TAKE ADVANTAGE AND NOT TAKE CARE OF THE CUSTOMER. THEN HE PROCEEDED TO TELL ME THERE MIGHT BE A FURTHER PROBLEM, BUT COULD NOT TELL ME WHAT IT WAS. I AM EXTREMELY DISSATISFIED WITH FORD. I HAD THE CAR SINCE MARCH 2014 AND SHOULDN'T BE EXPERIENCING A TRANSMISSION PROBLEM LESS THAN 2 YEARS LATER. THERE WAS ALSO A RECALL ON THE STEERING BOLTS AND I DIDN'T RECEIVE NOTIFICATION OF THE RECALL.

aaaa. **DATE OF INCIDENT**: June 4, 2015
**DATE COMPLAINT FILED**: June 24, 2015
**NHTSA/ODI ID**: 10727035
**SUMMARY**: ON 6/4/2015 AT 7AM I HAD JUST DROPPED MY SON OFF AT HIS DAYCARE FACILITY. WHILE TRYING TO PULL OUT OF FACILITY PARKING LOT AND ONTO THE MAIN ROAD, MY CAR COMPLETELY LOST POWER ALMOST CAUSING A HORRIFIC ACCIDENT WITH ONCOMING TRAFFIC ON A TWO WAY ROAD. AFTER THE HORRIBLE SCARE AND MANY PEOPLE HONKING AND ANGRY AT ME AS IF I HAD DONE IT PURPOSELY, I WAS ABLE TO MOSTLY PULL OVER ON THE SIDE ROAD. I TURNED OFF THE CAR AND THEN TURNED IT BACK ON AND I WAS ABLE TO MOVE THE CAR AGAIN BUT BY PUSHING GAS PEDAL ALL THE WAY DOWN AND GETTING PAST 2000RPM. EVERY TIME I CAME TO A STOP IT WAS THE SAME SCENARIO. SINCE THE DEALERSHIP WAS NOT YET OPEN, I MANAGED TO MAKE IT TO WORK AND CALLED THEM IMMEDIATELY AT 8 AM TO TELL THEM WHAT I HAD EXPERIENCED. INFORMED THEM OF THE POWER TRAIN FAULT MY CAR WAS GIVING ME AND ASKED IF THEY BELIEVED IT WAS SAFE TO DRIVE IT TO THE DEALER WHEN I GOT OFF OF WORK. THE SERVICE ADVISOR TOLD ME THAT I SHOULD BE

FINE AND TO DROP OFF THE CAR AS SOON AS I GOT OFF.

WHILE GETTING IN MY CAR THAT AFTERNOON, I NOTICED THAT IT GOT CONSIDERABLY WORSE. MY CAR STARTED BUCKING FORCEFULLY WHEN COMING TO A STOP AND AT THIS POINT THE CHECK ENGINE LIGHT ALSO CAME ON. I HAVE ONLY HAD THIS CAR FOR A LITTLE OVER YEAR AND IT HAS 25K MILES ON IT. THERE IS NO REASON TO BE EXPERIENCING SUCH TROUBLE WITH A BRAND NEW CAR. SLOWLY BUT SURELY, I MADE IT TO THE DEALER AND ALMOST IMMEDIATELY THE TECHNICIAN KNEW THAT IT WAS THE TRANSMISSION. A FEW DAYS AT THE SHOP TURNED INTO A WEEK, THEN A WEEK TURNED INTO TWO WEEKS, AND NOW TWO WEEKS HAS TURNED INTO THREE WEEKS AND THE CAR IS STILL NOT FIXED. IM TOLD OF THE MANY PARTS ORDERED ONE IS ON NATIONAL BACK ORDER WHICH MAKES ME EXTREMELY CONCERNED AND UNFORTUNATELY EXTREMELY UNSAFE TO EVEN DRIVE THE CAR AGAIN. TERRIFIED SOMETHING MORE SERIOUS CAN HAPPEN NEXT TIME. VERY UNSATISFIED WITH FORD AND THE SAFETY OF THEIR VEHICLES.

bbbb. **DATE OF INCIDENT**: August 30, 2014
**DATE COMPLAINT FILED**: October 20, 2014
**NHTSA/ODI ID**: 10648826
**SUMMARY**: I WAS EXITING A FREEWAY WHEN I EXPERIENCED MY FIRST PROBLEM. IN THE MIDDLE OF TRAFFIC, MY CAR SHUT OFF AND I LOST MOST FUNCTIONALITY OF THE VEHICLE. THE DASHBOARD DISPLAYED AN ALERT TRANSMISSION NOT IN PARK. I WAS DRIVING NORMALLY AND DID NOT PRESS ANY BUTTONS OR MAKE ANY ADJUSTMENTS TO THE GEARS. HE ONLY THING THAT WAS FUNCTIONING WAS THE BRAKES AND STEERING WHEEL, I HAD NO CONTROL OVER THE GAS. THE PROBLEM HAPPENED AGAIN THE NEXT DAY. I WAS SPEEDING UP TO GET ON TO THE FREEWAY WHEN MY CAR SHUT OFF AGAIN, DISPLAYING THE SAME MESSAGE. HOWEVER, THIS TIME, BECAUSE IT WAS NIGHT, THE LIGHTS POWERED OFF AND IT WAS DIFFICULT TO SEE WHAT WAS AHEAD OF ME. I TURNED ON MY HAZARDS AND WAS FORCED TO PULL OVER TO THE SIDE, PLACE THE CAR IN PARK AND

RESTART THE IGNITION AND CONTINUE ON. I CALLED ABOUT THE ISSUE AS SOON AS THE FORD DEALERSHIP OPENED THE NEXT DAY. THEY TOLD ME TO BRING IT RIGHT IN. HOWEVER, THE PROBLEM HAPPENED AGAIN BEFORE I HAD A CHANCE TO BRING IT IN. I WAS DRIVING ON THE FREEWAY WHEN I WAS TRYING TO PASS AN 18 WHEELER. I SUCCESSFULLY PASSED THE TRUCK, BUT AFTER I DID, THE POWER SHUT OFF AGAIN AND I WAS SANDWICHED BETWEEN TWO 18 WHEELERS.THE NEXT DAY, I BROUGHT THE VEHICLE INTO THE DEALERSHIP. THEY TOOK IT OFF MY HANDS FOR ABOUT A WEEK WHILE THEY TESTED IT FOR PROBLEMS. I RECEIVED A CALL AND THE REPRESENTATIVE SAID THAT THEY FIXED A CABLE THAT APPEARED TO BE LOOSE THAT MIGHT HAVE LED TO THE PROBLEM, AND ALSO GAVE THE CAR A SOFTWARE UPDATE. I WAS PLEASED WITH THE RESPONSE.A WEEK LATER I WAS DRIVING BACK HOME WHEN THE CAR SHUT OFF AGAIN. I IMMEDIATELY DROVE THE CAR TO THE DEALERSHIP. I CALLED THE FORD CARE TEAM AND THEY SAID THEY WOULD OPEN A CASE FOR A BUYBACK.ON SEPT 23, I RECEIVED A VOICEMAIL FROM THE DEALERSHIP SAYING THAT THEY COULD NOT FIX THE VEHICLE BECAUSE WHEN THEY TESTED IT WAS FUNCTIONING AS IT SHOULD. THEY CAN AND WILL NOT FIX OR REPLACE THE VEHICLE. *TR

cccc.   **DATE OF INCIDENT**: June 23, 2014
**DATE COMPLAINT FILED**: June 29, 2014
**NHTSA/ODI ID**: 10606838
**SUMMARY**: WHILE DRIVING 35 MPH THE CAR STALLED AND I GOT A WARNING MESSAGE STATING 'TRANSMISSION IS IN PARK'. I WAS ABLE TO COAST TO THE SIDE OF THE ROAD. PUT ON MY FLASHERS, PUT THE CAR IN PARK AND TURNED IT OFF. I TURNED IT BACK ON AND THE MESSAGE WAS GONE AND IT GOT ME HOME. TOOK IT TO BOWEN SCARFF FORD ON 6/26, THEY KEPT IT OVERNIGHT AND SAID NOTHING SHOWED UP ON THEIR DIAGNOSTIC TESTS AND GAVE IT BACK SAYING NOTHING IS WRONG WITH IT. THE CAR STALLED. HAD I BEEN ON A HIGHWAY OR A MIDDLE LANE I MOST LIKELY WOULD HAVE BEEN HIT. I DO NOT FEEL SAFE DRIVING THIS BRAND NEW CAR. AND THE FORD DEALER JUST GAVE IT BACK TO ME. *TR

dddd. **DATE OF INCIDENT**: October 18, 2013
**DATE COMPLAINT FILED**: November 4, 2013
**NHTSA/ODI ID**: 10550785
**SUMMARY**: TL* THE CONTACT OWNS A 2014 FORD FUSION. THE CONTACT STATED WHILE PARKING THE VEHICLE IT SURGED FORWARD ACROSS THE PARKING MEDIUM AND CRASHED INTO A PARKED VEHICLE. THE VEHICLE WAS TOWED TO THE DEALER; HOWEVER, THE DIAGNOSTIC TEST DID NOT DETERMINE THE FAILURE. THE MANUFACTURER WAS MADE AWARE OF THE FAILURE. THE FRONT END OF THE VEHICLE WAS REPAIRED. THE FAILURE AND CURRENT MILEAGE WAS 29. UPDATED 01/07/2014*LJ UPDATED 1/14/2014 *JS

2015 Ford Fusion

eeee. **DATE OF INCIDENT**: February 9, 2019
**DATE COMPLAINT FILED**: February 9, 2019
**NHTSA/ODI ID**: 11175956
**SUMMARY**: WHEN THE CAR IS COLD THE TRANSMISSION SHIFTS HARD, FROM PARK TO REVERSE THEN TO ALL GEARS UNTIL WE GET TO THE CORRECT SPEED. I TOOK IT TO THE DEALER I BOUGHT IT FROM WHILE IT WAS STILL UNDER WARRANTY (ABOUT 50000 MILES ON IT). THEY SAID THEY COULDN'T DO ANYTHING UNLESS THEY COULD DUPLICATE THE PROBLEM AND OF COURSE THEY COULDN'T GET IT TO. WELL NOW IT HAS STARTED DOING IT MORE OFTEN EVEN WHEN THE CAR IS WARM. I FEEL LIKE THIS IS AN ISSUE WITH A LOT OF FUSIONS.

ffff. **DATE OF INCIDENT**: February 1, 2019
**DATE COMPLAINT FILED**: February 8, 2019
**NHTSA/ODI ID**: 11175217
**SUMMARY**: TL* THE CONTACT OWNS A 2015 FORD FUSION. WHILE DRIVING 20 MPH, THE CONTACT EXPERIENCED A FAILURE WITH THE TRANSMISSION CORD AND STATED THAT THE GEARS FAILED TO ENGAGE. THE CONTACT PULLED THE VEHICLE OVER AND HAD IT TOWED HOME. THE CONTACT RECEIVED NOTIFICATION OF NHTSA CAMPAIGN NUMBERS:

18V167000 (STEERING) AND 18V471000 (POWER TRAIN). THE PARTS TO DO THE REPAIR WERE UNAVAILABLE. THE CONTACT STATED THAT THE MANUFACTURER EXCEEDED A REASONABLE AMOUNT OF TIME FOR THE RECALL REPAIR. MAPLECREST FORD LINCOLN (2800 SPRINGFIELD AVE, VAUXHALL, NJ 07088, (908) 964-7700) WAS CONTACTED AND CONFIRMED THAT THE PARTS WERE NOT AVAILABLE FOR THE RECALL REMEDY. THE VEHICLE WAS NOT DIAGNOSED OR REPAIRED. THE MANUFACTURER WAS NOTIFIED. THE FAILURE MILEAGE WAS 47,000. PARTS DISTRIBUTION DISCONNECT.

gggg. **DATE OF INCIDENT**: October 21, 2018
**DATE COMPLAINT FILED**: November 25, 2018
**NHTSA/ODI ID**: 11153579
**SUMMARY**: MY CAR HAS 109,227 MILES ON IT. AND THE TRANSMISSION IS SHIFTING HARD AND DELAYING. THIS IS MAKING THE CAR UNSAFE TO DRIVE AND SOMETIMES ACTS LIKE IT DOESN'T WANT TO GO INTO GEAR. OTHER PEOPLE HAVE COMPLAINED ON THE INTERNET. IN A CAR THIS NEW STILL SHOULD HAVE NOT HAVE THIS ISSUE SO SOON. THERE SHOULD BE AN INVESTIGATION AND A RECALL TO CORRECT THE ISSUE. THIS HAPPENS EVERY TIME. FROM HIGHWAY TO CITY. AND EVEN WHEN DOING 50 AND SPEEDING UP TO 70 IT STILL SHIFTS HARD.

hhhh. **DATE OF INCIDENT**: November 10, 2018
**DATE COMPLAINT FILED**: November 20, 2018
**NHTSA/ODI ID**: 11152859
**SUMMARY**: TL* THE CONTACT OWNS A 2015 FORD FUSION. WHILE DRIVING APPROXIMATELY 50 MPH, THE ACCELERATOR PEDAL WAS DEPRESSED, BUT THE VEHICLE FAILED TO RESPOND. THE CONTACT STATED THAT THE FAILURE OCCURRED AT DIFFERENT SPEED INTERVALS. THE CONTACT HEARD AN ABNORMAL NOISE AND A SLIPPAGE IN THE TRANSMISSION DURING THE FAILURE. THE VEHICLE WAS TOWED TO BOB BELL FORD (LOCATED AT 1230 BEL AIR RD, BEL AIR, MD 21014, (410) 879-2544) WHERE IT WAS DIAGNOSED THAT THE SOLENOID BODY NEEDED TO BE REPLACED. THE CONTACT WAS INFORMED THAT THE VEHICLE NEEDED TO BE

TOWED TO PLAZA FORD (LOCATED AT 1701 BEL AIR RD, BEL AIR, MD 21014, (410) 838-3100) TO BE REPAIRED. THE VEHICLE WAS REPAIRED; HOWEVER, THE FAILURE RECURRED. THE MANUFACTURER WAS NOTIFIED OF THE FAILURE. THE APPROXIMATE FAILURE MILEAGE WAS 80,033.

iiii. **DATE OF INCIDENT**: February 23, 2018
**DATE COMPLAINT FILED**: November 2, 2018
**NHTSA/ODI ID**: 11144835
**SUMMARY**: THE CAR JERKS DURING SHIFTING ON CITY STREETS, ALL TIMES OF DAY, ALL ROAD CONDITIONS.

jjjj. **DATE OF INCIDENT**: August 22, 2018
**DATE COMPLAINT FILED**: October 31, 2018
**NHTSA/ODI ID**: 11114426
**SUMMARY**: WHEN I PARK OR DRIVE MY TRANSMISSION JUMPS. I'VE BEEN TO THE DEALER BUT THEY DONT HAVE GUY TO CHECK IT

kkkk. **DATE OF INCIDENT**: July 12, 2018
**DATE COMPLAINT FILED**: October 29, 2018
**NHTSA/ODI ID**: 11143962
**SUMMARY**: WHEN IN DRIVE THE CAR JERKS VERY HARD WHENEVER IT SWITCHES GEARS ALSO THE CAR WOULD STALL AFTER PUTTING IT INTO DRIVE SOMETIMES IT WILL NOT MOVE FORCING ME TO TURN THE IGNITION OFF AND BACK ON TO TRY IT AGAIN.

**DATE OF INCIDENT**: April 24, 2018
**DATE COMPLAINT FILED**: July 24, 2018
**NHTSA/ODI ID**: 11113276
**SUMMARY**: MY 2015 FORD FUSION HAS DIFFICULTY CHANGING GEARS WHILE DRIVING, SPECIFICALLY SHIFTING FROM FIRST TO SECOND, THEN SECOND TO THIRD. ALSO, ROUGH SHIFTING FROM PARK TO REVERSE WITH MY FOOT ON THE BRAKE. THE LATEST INCIDENT WAS WHEN I MOVED THE GEAR SHIFT FROM PARK TO REVERSE AND THE CAR DID NOT SHIFT INTO GEAR. I PUT IT BACK INTO PARK, THEN INTO REVERSE AGAIN AND IT SHIFTED. I DRIVE IT HOME, VERY SLOWLY, AND HAD IT TOWED TO THE DEALERSHIP THE NEXT

MORNING.

FORD CORPORATE IS INVOLVED, AFTER FOUR MONTHS OF ME ASKING FOR A NEW TRANSMISSION, AND THEY HAVE NOT INFORMED ME OF A CONCLUSIVE DECISION ON WHAT THEY ARE GOING TO DO.

I AM AFRAID FOR MY LIFE TO DRIVE THIS VEHICLE, AND HAVE TOLD THE DEALERSHIP AND FORD CORPORATE SO MULTIPLE TIMES. THE CAR ISN'T GENERATING ANY CODES, AND THEY HAVE, SO FAR, REFUSED TO PUT A NEW TRANSMISSION AND ASSOCIATED PARTS IN THE VEHICLE.

I DO NOT QUALIFY FOR THE LEMON LAWS IN MY STATE BECAUSE I AM THE SECOND OWNER OF THE VEHICLE. HOWEVER, I PURCHASED IT AS A CERTIFIED PRE-OWNED VEHICLE FROM WHAT I THOUGHT WAS A REPUTABLE DEALER. IN DEALING WITH THIS DEALERSHIP, I HAVE COME TO REALIZE THAT THE DEALER IS WORTHLESS AND SHADY. I'M WORKING WITH ANOTHER DEALER NOW, AND THEY SEEM TO BE A BIT BETTER.

FORD CORPORATE IS REFUSING TO TAKE RESPONSIBILITY FOR THE ISSUES WITH THIS DEATHTRAP THEY SOLD ME, AND I'M STRUGGLING TO GET OUT OF THE CAR EVEN THOUGH IT'S BEEN IN THE SHOP FIVE TIMES NOW FOR THE SAME ISSUE. MY CAR IS STILL UNDER WARRANTY. THEY HAVE REPLACED SEVERAL ITEMS, BUT THE CAR DRIVES MORE ROUGHLY AFTER EVERY "REPAIR" ATTEMPT. I WANT OUT OF THIS DEATHTRAP, AND I WANT FORD TO GIVE ME ALL OF MY MONEY BACK THAT I PAID FOR IT.

WORD TO THE WISE, DON'T EVER BUY A FORD.

llll.   **DATE OF INCIDENT**: February 9, 2018
**DATE COMPLAINT FILED**: June 5, 2018
**NHTSA/ODI ID**: 11099982
**SUMMARY**: THERE IS A SHIFT LAG BETWEEN 2ND AND 3RD GEAR COLD OR HOT, ESPECIALLY WITH GRADUAL ACCELERATION. FORD REPLACED THE SHIFT SOLENOID, WITH

NO IMPROVEMENT. TOOK IT BACK AND THEY SAID THEY RECEIVE AN SSM FORD TO THE EFFECT THAT IT WAS NORMAL TO HAVE THIS ISSUE.

mmmm. **DATE OF INCIDENT**: March 29, 2018
**DATE COMPLAINT FILED**: April 1, 2018
**NHTSA/ODI ID**: 11082333
**SUMMARY**: WRENCH LIGHT IS ON ONCE I START THE CAR (STILL IN PARK) IN DRIVEWAY. AFTER DRIVING ABOUT 50 FEET AND I COME TO A COMPLETE STOP ONCE I HIT THE GAS TO ACCELERATE MY CAR DOES NOT GO FORWARD AND IF IT DOES IT WILL SLOWLY JUT FORWARD, REPEATS THIS ACTION OVER AND OVER AGAIN UNTIL CAR IS TURNED OFF AND RESTARTED. ONCE CAR IS RESTARTED THE WRENCH LIGHT TURNS OFF. THIS HAS OCCURRED THREE SEPERATE TIMES ABOUT TWO TO THREE MONTHS APART EACH TIME. FORD CLAIMS THEY ARE UNABLE TO DIAGNOSE THE PROBLEM. I DO NOT FEEL SAFE IN MY VEHICLE. VERY SCARY TO TURN IN FRONT OF ONCOMING TRAFFIC WHEN YOU DON'T KNOW IF YOUR CAR IS GOING TO ACTUALLY ACCELERATE OR NOT.

nnnn. **DATE OF INCIDENT**: February 12, 2018
**DATE COMPLAINT FILED**: February 20, 2018
**NHTSA/ODI ID**: 11073831
**SUMMARY**: DEPRESS THE ACCELERATOR AND OFTEN THE VEHICLE HAS NO POWER. SPUTTERS AND THEN THE ENGINE REVS HIGH AND TAKES OFF. OFTEN DURING DRIVING THE RPM GAUGE WILL SPIKE, LOSS OF POWER OCCURS AND THEN THE VEHICLE JERKS AND POWER IS RESTORED. DOES NOT MATTER THE LENGTH OF TIME THE VEHICLE IS DRIVEN, THESE INCIDENTS HAPPEN EVERY DAY, EVERY TIME THE VEHICLE IS DRIVEN. JUST PURCHASED THE VEHICLE ON 2-12-2018, USED WITH 46XXX MILES ON IT.

oooo. **DATE OF INCIDENT**: February 18, 2018
**DATE COMPLAINT FILED**: February 18, 2018
**NHTSA/ODI ID**: 11073503
**SUMMARY**: AT TIMES THERE IS A LOUS CLUNKING WHEN GOING FROM PARK TO DRIVE, PARK TO REVERSE, REVERSE TO DRIVE AND VICE VERSA. ALSO, THERE IS SOME HARD

SHIFTING WHEN ACCELERATING.

pppp.  **DATE OF INCIDENT**: December 29, 2017
**DATE COMPLAINT FILED**: January 2, 2018
**NHTSA/ODI ID**: 11057941
**SUMMARY**: STOPPED IN DRIVE THRU AT FAST FOOD RESTAURANT. CAR WAS FINE. GOT READY TO PUT CAR IN DRIVE, WOULD NOT MOVE AND COULD NOT CHANGE GEARS, COULD NOT REMOVE KEY FROM IGNITION. WHEN TOW TRUCK DRIVER ARRIVED, HE NOTICED THAT THE SHIFT LINKAGE WAS DISCONNECTED FROM GEAR CHANGER. NO PART IN STOCK TO RECONNECT IT, EVEN AFTER CONTACTING DEALERSHIP. A CAR THIS NEW SHOULD NOT HAVE THIS PROBLEM. ONLY NORMAL DRIVING ACTIVITY AND REGULAR MAINTENANCE.

qqqq.  **DATE OF INCIDENT**: October 14, 2017
**DATE COMPLAINT FILED**: November 14, 2017
**NHTSA/ODI ID**: 11045981
**SUMMARY**: THERE HAS BEEN MANY ISSUES WITH THE FRONT END OF MY CAR. BOTH STRUTS HAVE BEEN REPLACED AT 22,000 MILES. THE SWAY BAR LINK WAS ALSO REPLACED.I AM NOW AT 23,000 MILES EXPERIENCING A NOISE LIKE A BALL JOINT CLUNKING IN THE PASSENGER FRONT AND THE DEALERSHIPS CANNOT FIGURE OUT WHAT IS MAKING THE NOISE. I HAVE BROUGHT IT TO 2 SEPARATE DEALERSHIPS FOR A SYNOPSIS. STILL NOTHING. ALSO, THE TRANSMISSION SHIFTS VERY ROUGH AND SLAMS INTO THE NEXT GEAR FROM 2-3. I PURCHASED THIS CAR FROM SPORT AUTOMOTIVE USED CARS ON OCTOBER 2017. EVER SINCE NOTHING BUT ISSUES. VERY DISSATISFIED WITH THIS VEHICLE. ESPECIALLY SINCE FORDS HAVE ALWAYS BEEN PURCHASED IN MY FAMILY.

rrrr.  **DATE OF INCIDENT**: July 10, 2017
**DATE COMPLAINT FILED**: August 2, 2017
**NHTSA/ODI ID**: 11012368
**SUMMARY**: RECENTLY, WHILE TRAVELING FROM CHICAGO, IL TO LAS VEGAS NEVADA, I EXPERIENCED MECHANICAL ISSUES WITH MY 2015 FORD FUSION. THE CAR BROKE DOWN IN LAS VEGAS, NEVADA, WHERE I TOOK IT TO A LOCAL

REPAIR SHOP, DUE TO THE CLOSENESS OF THE WHERE IT BROKE DOWN. THE REPAIR SHOP STATED THAT THEY WOULD NEED A FEW DAYS TO DIAGNOSE THE VEHICLE. UNFORTUNATELY, I HAD NO MORE DAYS TO STAY IN VEGAS, AS I NEEDED TO RETURN HOME. THUS, I FLEW BACK TO CHICAGO, AND LEFT MY CAR IN LAS VEGAS, NEVADA IN THE CARE OF THE REPAIR SHOP FOR TESTING AND DIAGNOSIS AND REPAIR.

THE REPAIR SHOP CALLED AND STATED THAT MY CAR NEEDED A NEW TRANSMISSION. THIS BEFUDDLED ME, AS MY CAR WAS JUST BARELY TWO YEARS OLD AND HAS LOW MILEAGE. UPON DOING SOME RESEARCH, I FOUND THAT FORD FUSIONS FROM 2013-2016 HAVE KNOWN MECHANICAL ISSUES WITH THE TRANSMISSION AND MANY HAVE ALREADY BEEN RECALLED.

I CALLED THE FORD CORPORATE OFFICE AFTER THE REPAIR SHOP ADVISED THAT THE TRANSMISSION NEEDED REPLACING. I WAS ADVISED TO HAVE THE VEHICLE TOWED TO A FORD DEALERSHIP. I HAD THE CAR TOWED TO FRIENDLY FORD, WHERE I AM WAITING FOR THE DIAGNOSIS TO BE COMPLETED. HOWEVER, I WAS ALREADY ADVISED THAT IF IN FACT THE TRANSMISSION NEEDS TO BE REPLACED, IT WOULD BE TAKE APPROXIMATELY 4-6 WEEKS TO BE COMPLETED. THIS PRESENTS A TREMENDOUS INCONVENIENCE TO ME, AS I AM IN CHICAGO AND MY VEHICLE IS 1800 MILES AWAY FROM ME, ESSENTIALLY USELESS TO MY DAY TO DAY ACTIVITIES WHICH INCLUDE SCHOOL, WORK, DOCTORS' APPOINTMENT ETC. I AM A FULL-TIME STUDENT, AND WORK FULL TIME. UNFORTUNATELY, RECENTLY I HAVE BECOME VERY ILL AND HAVE HAD TO CATCH RIDES TO MY VARIOUS DOCTORS' APPOINTMENTS. GETTING AROUND HAS BEEN SIGNIFICANTLY CHALLENGING WITH NO VEHICLE.

I BELIEVE THAT FORD KNEW THAT THERE WERE TRANSMISSION FAILURES ON AND FAILED TO RECALL ALL OF THEM TO SAVE MONEY, AND AVOID EXPENSIVE REPAIR COSTS ON POORLY

ssss.   **DATE OF INCIDENT**: April 1, 2017
**DATE COMPLAINT FILED**: April 24, 2017
**NHTSA/ODI ID**: 10980249
**SUMMARY**: TL* THE CONTACT OWNS A 2015 FORD FUSION. WHILE DRIVING VARIOUS SPEEDS OR AFTER STOPPING THE VEHICLE, IT STALLED WITHOUT WARNING INTERMITTENTLY. THE FAILURE RECURRED EIGHT TIMES. THE VEHICLE WAS ABLE TO BE RESTARTED. THE VEHICLE WAS TAKEN TO THE DEALER, BUT THE FAILURE WAS UNABLE TO BE DUPLICATED. THE VEHICLE WAS NOT REPAIRED. THE MANUFACTURER WAS NOTIFIED OF THE FAILURE. THE FAILURE MILEAGE WAS 13,000.

UPDATED 10/31/2017*JS

tttt.   **DATE OF INCIDENT**: March 1, 2015
**DATE COMPLAINT FILED**: April 5, 2017
**NHTSA/ODI ID**: 10970828
**SUMMARY**: I'VE HAD STEERING AND TRANSMISSION ISSUES SINCE I PURCHASED THIS CAR THAT CAN'T BE AND/OR WON'T BE ADDRESSED BY THE DEALER. THE CAR IS VERY HARD TO KEEP IN THE LANE ESPECIALLY ON THE EXPRESSWAY. THE TRANSMISSION SHIFTS VERY HARD UPON ACCELERATION AND DECELERATION. THE SUSPENSION IS WEAK MAKING THE CAR SEEM AS IF IT'S SINKING ON THE DRIVERS SIDE AND BOUNCES WAY TOO MUCH AS WELL AS THE SWAYING AS THE CAR IS DRIVEN AND HAS WHERE ROLL ON TURNS. THE VEHICLE SITS TOO LOW TO CLEAR ALL DRIVE WAYS AND THE WIPERS DON'T CLEAR THE WINDOWS PROPERLY. THE FRONT WINDOW ALWAYS GETS FOGGY CAUSING THE HEAT OR AC TO BE USED CONSTANTLY.

uuuu.   **DATE OF INCIDENT**: November 15, 2016
**DATE COMPLAINT FILED**: November 17, 2016
**NHTSA/ODI ID**: 10926644
**SUMMARY**: THE 2015 FUSION HAD A SURGE AND THE CAR JERKED FORWARD. MY WIFE SAID THAT HAPPENED TO HER BEFORE. WHEN IT HAPPENED WHEN I WAS IN THE CAR DRIVING IT WE BOTH LOOKED AT EACH OTHER. THIS HAPPENED TO US WITH THE 2010 RAV4 AND THE 2009 SIENNE

THAT CRASHED INTO A TREE. PLEASE CHECK THIS CAR FOR A COMPUTER PROBLEM.

vvvv. **DATE OF INCIDENT**: June 22, 2015
**DATE COMPLAINT FILED**: June 23, 2015
**NHTSA/ODI ID**: 10726908
**SUMMARY**: ON MORE THAN THREE OCCASIONS, THE VEHICLE'S ENGINE HAS ABRUPTLY SHUT DOWN WHILE DRIVING OR COMING TO COMPLETE STOP WHEN THE GEAR WAS IN THE DRIVE POSITION. THIS HAS ALSO OCCURRED WHILE DRIVING OVER 60 MPH ON THE EXPRESSWAY AND IT POSES A GRAVE DANGER AND SAFETY RISK. WHEN THE INCIDENTS OCCURRED, THE CONSOLE DISPLAY READ "TRANSMISSION NOT IN PARK". AFTER THE FIRST TWO INCIDENTS, THE VEHICLE WAS RETURNED TO ROD BAKER FORD IN JOLIET, ILLINOIS FOR SERVICE (PURCHASE LOCATION). THEY STATED THAT THEY COULD NOT IDENTIFY THE PROBLEM, BUT I BELIEVE THAT THEY DID NOT CONTACT FORD OR TAKE THE NECESSARY STEPS TO FIX THIS SERIOUS DEFECT. MOST RECENTLY ON JUNE 22, 2015, THE VEHICLE'S ENGINE SHUT DOWN WHILE COMING TO A STOP WHEN THE GEAR WAS IN DRIVE......THERE IS A SERIOUS AND POTENTIALLY LIFE-THREATENING DEFECT WITH MY 2015 FORD FUSION AND IT MUST BE REPAIRED OR REPLACED. I ALSO SUGGEST THAT FORD BE INFORMED TO ENSURE THAT OTHER AFFECTED VEHICLES ARE EITHER REPAIRED OR REPLACED. ...UPDATED 09/08/15 *BF

UPDATED 10/26/2017*CN

2016 Ford Fusion

wwww. **DATE OF INCIDENT**: February 18, 2019
**DATE COMPLAINT FILED**: February 18, 2019
**NHTSA/ODI ID**: 11180969
**SUMMARY**: TRANSMISSION SLIPPING DESPITE CAR ONLY BEING 2 YEARS OLD. IT HAS ALSO HAD ELECTRICAL ISSUES. MUST REPLACE ENTIRE TRANSMISSION

xxxx. **DATE OF INCIDENT**: December 5, 2018

**DATE COMPLAINT FILED**: December 7, 2018
**NHTSA/ODI ID**: 11156754
**SUMMARY**: VEHICLE SHIFTS HARD AND SLIPS WHEN SHIFTING INTO 2ND AND 3RD GEARS WHEN THE TRANSMISSION IS COLD

yyyy. **DATE OF INCIDENT**: February 1, 2018
**DATE COMPLAINT FILED**: November 19, 2018
**NHTSA/ODI ID**: 11152552
**SUMMARY**: EXTREMELY HARD SHIFTS WITH HESITATION JUST PRIOR. IHAVE TAKEN THE VEHICLE IN AND HAVE BEEN TOLD THEY CANNOT REPEAT THE PROBLEM AND THE SHIFTING IS NORMAL.

(THE MILEAGE AND DATE ARE APPROXIMATE AS THE PROBLEM IS ONGOING)

zzzz. **DATE OF INCIDENT**: October 16, 2018
**DATE COMPLAINT FILED**: October 17, 2018
**NHTSA/ODI ID**: 11141045
**SUMMARY**: TL* THE CONTACT OWNS A 2016 FORD FUSION. AFTER STARTING THE VEHICLE AND SWITCHING THE SHIFTER INTO REVERSE, THE TRANSMISSION WOULD NOT REMAIN IN GEAR. THE VEHICLE WAS UNABLE TO BE DRIVEN DUE TO THE FAILURE. THE VEHICLE WAS TOWED TO THE LOCAL DEALER (PARKS FORD, 3333 N. MAIN ST., GAINESVILLE, FL) WHERE IT WAS DIAGNOSED THAT THE BUSHING WIRE FROM THE TRANSMISSION SHIFT CABLE FRACTURED AND NEEDED TO BE REPLACED. THE VEHICLE WAS NOT REPAIRED. THE MANUFACTURER WAS NOTIFIED OF THE FAILURE. THE CONTACT WAS INFORMED THAT THE VIN WAS NOT INCLUDED IN NHTSA CAMPAIGN NUMBER: 18V471000 (POWER TRAIN), ALTHOUGH THE FAILURE WAS THE SAME. THE FAILURE MILEAGE WAS 68,000.

aaaaa. **DATE OF INCIDENT:** October 17, 2018
**DATE COMPLAINT FILED**: October 17, 2018
**NHTSA/ODI ID**: 11141044
**SUMMARY**: TL* THE CONTACT OWNS A 2016 FORD FUSION. WHILE DRIVING APPROXIMATELY 10 MPH, THE VEHICLE

CAME TO A STOP AND FAILED TO ENGAGE IN PARK. THE CONTACT DEPRESSED THE BRAKE PEDAL AND APPLIED THE EMERGENCY BRAKE. THE VEHICLE WAS DRIVEN TO D-PATRICK FORD LINCOLN (1100 E WALNUT STREET, EVANSVILLE, IN 47714) WHERE IT WAS DIAGNOSED THAT THE SHIFT CABLE WAS FRACTURED AND NEEDED REPLACEMENT. THE VEHICLE WAS NOT REPAIRED. THE MANUFACTURER WAS NOTIFIED OF THE FAILURE. THE APPROXIMATE FAILURE MILEAGE WAS 84,395.

bbbbb. **DATE OF INCIDENT**: May 1, 2018
**DATE COMPLAINT FILED**: August 24, 2018
**NHTSA/ODI ID**: 11122108
**SUMMARY**: TL* THE CONTACT OWNS A 2016 FORD FUSION. THE CONTACT STATED THAT THE TRANSMISSION WAS IN A DIFFERENT GEAR THAN THE GEAR THAT WAS SELECTED BY THE CONTACT. AFTER REVERSING, THE CONTACT CHANGED THE GEAR TO DRIVE, BUT THE VEHICLE KEPT REVERSING. THE VEHICLE WAS TOWED TO SUNRISE FORD (5435 US-1, FORT PIERCE, FL 34982, (772) 461-6000) WHERE THE CONTACT WAS INFORMED THAT THE BUSHING NEEDED TO BE REPLACED. THE VEHICLE WAS NOT REPAIRED. THE MANUFACTURER WAS MADE AWARE OF THE FAILURE. THE FAILURE MILEAGE WAS UNKNOWN.

ccccc. **DATE OF INCIDENT**: August 2, 2018
**DATE COMPLAINT FILED**: August 6, 2018
**NHTSA/ODI ID**: 11115907
**SUMMARY**: TL* THE CONTACT OWNS A 2016 FORD FUSION. WHILE DRIVING 80 MPH, THE VEHICLE HESITATED AND AN ABNORMAL GRINDING NOISE WAS HEARD WHEN SHIFTING GEARS. THE CONTACT STATED THAT THE CHECK ENGINE WARNING INDICATOR ILLUMINATED. THE CONTACT CALLED SUNRISE BUICK GMC COVINGTON PIKE AT (901) 372-8000 (1800 COVINGTON PIKE, MEMPHIS, TN 38128) AND WAS INFORMED TO CALL NHTSA. THE VEHICLE WAS NOT DIAGNOSED OR REPAIRED. THE MANUFACTURER WAS NOTIFIED AND ALSO ADVISED THE CONTACT TO CALL NHTSA. THE FAILURE MILEAGE WAS 74,000.

ddddd.  **DATE OF INCIDENT**: March 22, 2018
**DATE COMPLAINT FILED**: March 22, 2018
**NHTSA/ODI ID**: 11080845
**SUMMARY**: SHAKING NO POWER WON'T ACCELERATE AND JERKING WHEN BACKING UP

eeeee.  **DATE OF INCIDENT**: September 11, 2017
**DATE COMPLAINT FILED**: November 11, 2017
**NHTSA/ODI ID**: 11045301
**SUMMARY**: HARSH OR DELAYED SHIFTING WHEN STARTING FROM A STOPPED POSITION OR AFTER SLOWING IN TRAFFIC AND TRYING TO ACCELERATE. HAPPENS IN DRIVE AND REVERSE. I BOUGHT THE CAR NEW AND HAS BEEN HAPPENING SINCE. ONLY 1150 MILES ON CAR AT THIS TIME. HAVE TAKEN TO DEALERSHIP SEVERAL TIMES WITH NO RESOLUTION.

fffff.  **DATE OF INCIDENT**: October 29, 2016
**DATE COMPLAINT FILED**: October 30, 2016
**NHTSA/ODI ID**: 10920122
**SUMMARY**: 4TH TIME: ENGINE MISSES, VIOLENT SHAKING LIKE TORQUE CONVERTER IS CONNECTED, GAS PEDAL NOT RESPONSIVE, DASH BOARD LIGHTS UP WITH A WRENCH. OWNERS MANUAL SAYS GO TO DEALER ASAP. BEEN TO DEALER ONCE, THEY SAID A TRANSMISSION REPROGRAMMING WAS NECESSARY. NOW IT HAS HAPPENED AGAIN WITHIN 12 DAYS OF BEING "FIXED". THIS IS VERY DANGEROUS WHEN DRIVING AT HIGHWAY SPEED, OR ANY SPEED FOR THAT MATTER, AND THE CAR DIES AND SHAKES AND JOLTS. THIS HAS HAPPENED AT 25 MPH AND 50 MPH. ONE TIME IN HEAVY TRAFFIC ON A HILL AND I COULDN'T GET UP THE HILL AND JUST HAD TO BLOCK TRAFFIC. HELP! IF I CAN MAKE IT, BACK TO THE DEALER TOMORROW. *TR

ggggg.  **DATE OF INCIDENT**: September 19, 2016
**DATE COMPLAINT FILED**: September 28, 2016
**NHTSA/ODI ID**: 10910232
**SUMMARY**: WHILE TRAVELING ON BUSINESS MY 2016 FORD FUSION FLEET VEHICLE SUDDENLY LOST POWER TO THE ACCELERATOR AND BEGAN VIBRATING. THE GAS PEDAL

COULD BE PRESSED BUT HAD NO AFFECT AS IF IT HAD BEEN DISCONNECTED AND AN ORANGE WRENCH APPEARED STATING SEE MANUAL. I WAS TRAVELING APPROXIMATELY 70 MILES AN HOUR AT THE TIME (CRUISE CONTROL WAS SET AND HAD BEEN AT THIS SPEED FOR SOME TIME, NO RECENT ACCELERATION HAD OCCURRED). WHEN IT HAPPENED, I WAS IN THE MIDDLE OF A HIGHWAY CONSTRUCTION ZONE WITH NO SHOULDER. I WENT TO TAP THE BRAKE TO SEE IF IT WAS STILL FUNCTIONING AND WHEN I REACHED FOR IT WITH MY FOOT IT WAS ALREADY PARTIALLY DEPRESSED AND WHEN I TAPPED IT THE CAR FELT LIKE THE BRAKES HAD LOCKED OR WERE FOR SOME REASON EXTREMELY SENSITIVE CAUSING ME TO RAPIDLY DECELERATE ALMOST CAUSING AN ACCIDENT SINCE PEOPLE WERE TRAVELING BEHIND ME. AFTER THAT HAPPENED I DECIDED I HAD NO OTHER OPTION AND MOVED OFF TO THE RIGHT BETWEEN THE CONES AND BROUGHT THE VEHICLE TO A COMPLETE STOP. WHEN I WAS AT A COMPLETE STOP THE VIBRATING INTENSIFIED BRIEFLY BEFORE I WAS ABLE TO SHUT THE CAR OFF. I WAITED 5 OR 10 SECONDS AND TURNED THE CAR BACK ON AND IT SEEMED TO WORK FINE. I COMPLETED THE REMAINING 60-70 MILES OF MY DRIVE AND HAVE MADE A FEW 50-100 MILE TRIPS SINCE WITHOUT IT OCCURRING AGAIN SO I THOUGHT IT WAS A FLUKE THING UNTIL I GOT AN EMAIL FROM THE FLEET COMPANY STATING THIS IS A KNOWN ISSUE, I AM SCHEDULED TO BRING THE CAR IN FOR REPAIR NOW. THE INCIDENT OCCURRED AT APPROXIMATELY 12,000 MILES.

hhhhh. **DATE OF INCIDENT**: July 27, 2015
**DATE COMPLAINT FILED**: August 21, 2015
**NHTSA/ODI ID**: 10750248
**SUMMARY**: TL* THE CONTACT OWNS A 2016 FORD FUSION. WHILE DRIVING APPROXIMATELY 65 MPH, THE TRANSMISSION SLIPPED WHEN SHIFTED INTO SECOND OR THIRD GEAR. IN ADDITION, THE CONTACT MENTIONED THAT WHEN THE ACCELERATOR PEDAL WAS DEPRESSED, THERE WAS AN ABNORMAL NOISE COMING FROM THE FRONT OF THE VEHICLE. THE VEHICLE WAS TAKEN TO A DEALER WHERE THE TECHNICIAN INFORMED THE CONTACT THAT THE VEHICLE WAS OPERATING AS DESIGNED. THE MANUFACTURER WAS

NOTIFIED OF THE FAILURE. THE FAILURE MILEAGE WAS 2,000.

2017 Ford Fusion

iiiii.    **DATE OF INCIDENT**: November 21, 2018
**DATE COMPLAINT FILED**: November 26, 2018
**NHTSA/ODI ID**: 11153731
**SUMMARY**: TL* THE CONTACT OWNS A 2017 FORD FUSION.
WHILE THE VEHICLE WAS STATIONARY WITH THE BRAKE
PEDAL DEPRESSED, THE TRANSMISSION FAILED. THE
CONTACT ATTEMPTED TO PLACE THE VEHICLE IN THE DRIVE
POSITION AND THE GEAR BECAME STUCK IN THE PARK
POSITION. ALSO, THE "SHIFT SYSTEM FAULT, SEE MANUAL"
MESSAGE APPEARED. THE VEHICLE WAS TOWED TO FIVE
STAR FORD STONE MOUNTAIN (3800 US-78, SNELLVILLE,
GEORGIA 30039, (678) 384-4242) WHERE IT WAS DIAGNOSED
THAT THE CABLE BUSHING WITHIN THE TRANSMISSION WAS
FAULTY AND NEEDED TO BE REPLACED. IN ADDITION, THE
DEALER REFERENCED NHTSA CAMPAIGN NUMBER: 18V471000
(POWER TRAIN) AS A POTENTIAL CAUSE OF THE FAILURE. THE
VEHICLE WAS NOT REPAIRED. THE MANUFACTURER WAS
MADE AWARE OF THE FAILURE AND REFERRED THE CONTACT
TO NHTSA. THE FAILURE MILEAGE WAS APPROXIMATELY
71,000.

jjjjj.    **DATE OF INCIDENT**: October 9, 2018
**DATE COMPLAINT FILED**: October 11, 2018
**NHTSA/ODI ID**: 11139680
**SUMMARY**: ON MAY 13, 2017 OR THERE ABOUT MY 2017 FORD
FUSION FROM A STOPPED DURING TAKE OFF ACCELERATED
VERY FAST ALMOST CAUSING ME TO RUN INTO THE REAR OF
ANOTHER VEHICLE. ON MAY 15, 2017 I TOOK MY CAR IN FOR
SERVICE AND TOLD TECHNICIAN ABOUT IT. HE COULD NOT
FIND A PROBLEM. AGAIN, ON SEPTEMBER 20, 2017 I TOOK MY
CAR IN SPECIFICALLY TO HAVE THE ACCELERATION
PROBLEM CHECKED OUT AND AGAIN NO PROBLEM WAS
FOUND. I WAS TOLD TO BRING THE VEHICLE IN SOON AS IT
HAPPENED. ON OCTOBER 10, 2017 TAKING OFF FROM A
STATIONARY POSITION I TOOK OFF AFTER LIGHT TURNED
GREEN AND THE CAR JUST TOOK OFF ACCELERATING IN A

CURVE CAUSING ME TO LOSE CONTROL AND I RAN INTO A TREE.

kkkkk. **DATE OF INCIDENT**: August 29, 2018
**DATE COMPLAINT FILED**: August 30, 2018
**NHTSA/ODI ID**: 11123548
**SUMMARY**: TL* THE CONTACT OWNS A 2017 FORD FUSION. THE CONTACT STATED THAT THERE WAS A SUDDEN LOSS OF POWER, VARIOUS WARNING INDICATORS AND GAUGES ILLUMINATED ON THE INSTRUMENT PANEL, AND THE VEHICLE STALLED. THE CONTACT MADE SEVERAL ATTEMPTS TO RESTART THE VEHICLE AND MANEUVER THE GEAR SHIFTER FROM THE PARK POSITION, BUT IT WAS EXTREMELY DIFFICULT. THE VEHICLE WAS CAUTIOUSLY DRIVEN TO CRATER LAKE FORD LINCOLN (2611 BIDDLE RD, MEDFORD, OR 97504, (541) 887-6176). AN APPOINTMENT WAS MADE TO HAVE THE VEHICLE DIAGNOSED. THE VEHICLE WAS NOT REPAIRED. THE MANUFACTURER WAS NOTIFIED OF THE FAILURE. THE VIN AND FAILURE MILEAGE WERE NOT AVAILABLE.

lllll. **DATE OF INCIDENT**: August 7, 2018
**DATE COMPLAINT FILED**: August 9, 2018
**NHTSA/ODI ID**: 11118727
**SUMMARY**: IN MAY 2017 MY FORD FUSION SPORT LOST POWER TO THE WHEELS WHILE ACCELERATING, I WAS ABLE TO BRAKE AND COAST TO A STOP ON THE SIDE OF THE ROAD. TURNED VEHICLE OFF AND ISSUE WENT AWAY. TOOK CAR TO BOB RORHMAN DEALERSHIP IN SCHAUMBURG IL, FORD AND DEALERSHIP STATES NTF, NO TROUBLE FOUND, FORD CORPORATE SERVICE MANAGERS ALSO SAID NTF, CASE FILE 12313619-N2S9X3. ON AUGUST 7TH, 2018 THE ISSUE HAPPENED AGAIN AS I WAS LEAVING WORK, I ACCELERATED AND CAR WENT INTO LIMP MODE. I PROCEEDED TO THE SIDE OF THE ROAD AS I WAS GETTING HONKED AT BY OTHER DRIVERS, TURNED CAR OFF AND ON AND THE ISSUE WENT AWAY. I OPENED A NEW CASE FILE WITH FORD CAS15469320 ON 8/9/2018. THE ETB HAS BEEN AN ISSUE IN THE PAST, REFERENCE "CUSTOMER SATISFACTION PROGRAM (13N03)". I DEEM THIS A CRITICAL SAFETY CONCERN, IF I WAS A FORD ENGINEER ON MY FMEA THIS FAILURE MODE SEVERITY IS A

10, I WORK IN AUTOMOTIVE. I HAVE PHOTOS AND VIDEOS OF THE INCIDENT.

mmmmm. **DATE OF INCIDENT**: June 12, 2018
**DATE COMPLAINT FILED**: June 12, 2018
**NHTSA/ODI ID**: 11101494
**SUMMARY**: TL* THE CONTACT WAS DRIVING A 2017 FORD FUSION. WHILE DRIVING 70 MPH, THE VEHICLE LOST POWER. THERE WERE NO WARNING INDICATORS ILLUMINATED PRIOR TO THE FAILURE. THE VEHICLE WAS TOWED TO THE DEALER (AUTONATION FORD WHITE BEAR LAKE, 1493 CO RD E EAST, WHITE BEAR LAKE, MN 55110) WHERE IT WAS AWAITING DIAGNOSTIC TESTING AND REPAIRS. THE MANUFACTURER WAS NOT NOTIFIED OF THE FAILURE. THE FAILURE MILEAGE WAS 14,600. *TT

nnnnn. **DATE OF INCIDENT**: February 17, 2018
**DATE COMPLAINT FILED**: February 20, 2018
**NHTSA/ODI ID**: 11073850
**SUMMARY**: CAR WAS ACCELERATING ON THE HIGHWAY AT ABOUT 50 MPH AND OUT OF NO WHERE CAR SHIFTS VERY HARD AND ALL POWER IS LOST. HAD TO LIMP TO THE SIDE OF THE HIGHWAY AND SHUT IT OFF. THIS WAS VERY DANGEROUS. AFTER A RESTART IT SEEMED TO ACT FINE UNTIL TODAY WHEN THE SAME THING HAPPENED ON A LOCAL ROAD AT ABOUT 20 MPH.

ooooo. **DATE OF INCIDENT**: December 15, 2017
**DATE COMPLAINT FILED**: December 30, 2017
**NHTSA/ODI ID**: 11057640
**SUMMARY**: CAR SHUT OFF WHILE STOPPED AT A RED LIGHT WITH NO WARNING AND THEN WHEN I WENT TO RESUME DRIVING THE CAR SAID IT WAS IN ACCESSORY MODE. I STARTED TO ROLL BACK AS I TOOK MY FOOT OFF THE BRAKE. I WAS ABLE TO TURN OFF THE CAR AND RESTART IT. I PULLED OVER FOR A LITTLE WHILE AND STOPPED AND RESTARTED THE VEHICLE SEVERAL TIMES BEFORE FEELING SAFE TO PROCEED. THERE WERE SEVERAL OTHER CARS BEHIND ME WHEN THIS OCCURRED AND I AM THANKFUL I DID NOT ROLL BACK INTO ONE OF THEM. I TOOK IT TO THE DEALERSHIP AND

THEY WERE UNABLE TO TELL ME WHAT CAUSED THIS PROBLEM. THEY SAID THERE WERE UNAWARE OF ANY ISSUES LIKE THIS.

I HOWEVER HAD AN ISSUE WITH THE TRANSMISSION AS WELL THAT WAS CAUSING A HARSH SHIFT THAT I WAS TAKING THE CAR IN FOR REPAIRS FOR. THERE IS ONLY 10821 MILES ON THIS VEHICLE AND IT IS STILL UNDER WARRANTY. THE DEALERSHIP HAD MY VEHICLE FOR 2 WEEKS AND HAS REPLACED THE CLUTCHES, SEALS, AND BUSHING ACCORDING TO THE REPORT WE RECEIVED. I DO NOT FEEL AS THOUGH A NEW CAR SHOULD HAVE TRANSMISSION ISSUES THIS SOON. I AM CONCERNED IF OTHERS WOULD FIND THE SAME ISSUES WITH THE NEW FUSION SPORT.

ppppp. **DATE OF INCIDENT**: March 6, 2017
**DATE COMPLAINT FILED**: April 11, 2017
**NHTSA/ODI ID**: 10971844
**SUMMARY**: TL* THE CONTACT OWNS A 2017 FORD FUSION. WHILE DRIVING VARIOUS SPEEDS, THE VEHICLE STALLED WITHOUT WARNING. THE VEHICLE WAS TAKEN TO A DEALER WHERE IT WAS DIAGNOSED THAT THE SHIFT MODEM FAILED AND NEEDED TO BE REPLACED. THE VEHICLE WAS REPAIRED, BUT THE FAILURE RECURRED. THE VEHICLE WAS TAKEN BACK TO THE DEALER, BUT WAS NOT DIAGNOSED OR REPAIRED. THE MANUFACTURER WAS NOT NOTIFIED OF THE FAILURE. THE FAILURE MILEAGE WAS 7,000.

### Ford Had Superior and Exclusive Knowledge of the 6F35 Transmission Defect

223.  Ford had superior and exclusive knowledge of the Transmission Defect and knew or should have known that the defect was not known or reasonably discoverable by Plaintiffs before they purchased or leased their Fusion Vehicles.

224.   Plaintiffs are informed and believe and based thereon allege that before Plaintiffs purchased their respective Fusion Vehicles, and since at least 2009, Ford knew about the Transmission Defect through sources in its exclusive and/or superior knowledge, including pre-release testing data, early consumer complaints to Ford and its dealers who are their agents for vehicle repairs, testing conducted in response to those complaints, high failure rates and replacement part sales data, consumer complaints to NHTSA (which Ford monitors), by developing technical service bulletins in an effort to address the Transmission Defect, and through other aggregate data from Ford dealers about the problem.

225.   Ford is experienced in the design and manufacture of consumer vehicles. As an experienced manufacturer, Ford conducts tests, including pre-sale durability testing, on incoming components, including the 6F35 Transmission, to verify the parts are free from defect and align with Ford's specifications. Thus, Ford knew or should have known the 6F35 Transmission was defective and prone to put drivers in a dangerous position due to the inherent risk of the defect.

226.   Additionally, on information and belief, Ford knew of the impact of this defect from the sheer number of reports received from dealerships. Ford interacts with individual dealerships to identify potential common defects and has received numerous reports regarding the Transmission Defect, which led to the release of the TSBs. Ford also collects and analyzes field data including, but not

limited to, repair requests made at dealerships, technical reports prepared by engineers who have reviewed vehicles for which warranty coverage is being requested, parts sales reports, and warranty claims data.

227. Ford's warranty department similarly analyzes and collects data submitted by its dealerships in order to identify trends in its vehicles. It is Ford's policy that when a repair is made under warranty the dealership must provide Ford with detailed documentation of the problem and the fix employed to correct it. Dealerships have an incentive to provide detailed information to Ford, because they will be reimbursed for any repairs if the justification is sufficiently detailed.

228. Indeed, shortly after the Fusion Vehicles were introduced to consumers, including Plaintiffs, Ford began rolling out a continuous series of Technical Service Bulletins ("TSBs") in respect of the Transmission Defects and/or the Fusion Vehicles' powertrain, including but not limited to, Customer Satisfaction Program and/or TSB Nos. 15-0079, 16-0043, 16B35-S1, AS-21687, AS-21769, ASI-32210, ASI-32216, ASI-32332, ASI-44301, ASI-44400, ASI-44551, ASI-45239, CSP-10B13, CSP-13B07, CSP-14N02, SB-21431, SB-21509, SB-44300, SSM 45926, SSM 46098, SSM 46266, SSM 46355, SSM 46466, SSM 46900, SSM 47000, SSM 47170, SSM-45800, SSM-45815, TSB 16-0111, TSB 16-0125, TSB 16-2037, TSB 16B35, TSB 17-0039, TSB 17-2072, TSB 18-2328, TSB-11-5-2, TSB-13-5-21, TSB-13-5-24, TSB-13-5-5, TSB-13-6-16, TSB-13-6-

28, TSB-14-0020, TSB-14-0024, TSB-14-0056, TSB-14-0074, TSB-14-0085, TSB-14-0106, TSB-14-0129, TSB-14-0176, TSB-15-0121, TSB-16-0092, TSB16-0095, TSB16-0105, TSB17-2192 and TSB17-2215.

229.  On information and belief, each TSB issued by Ford was approved by managers, directors, and/or executives at Ford. Therefore, on information and belief, Ford's managers, directors, and/or executives knew, or should have known, about the 6F35 Transmission Defect, but refused to disclose the Transmission Defect to prospective purchaser and owners, and/or actively concealed the Transmission Defect.

230.  The existence of the Transmission Defect is a material fact that a reasonable consumer would consider when deciding whether to purchase or lease a Fusion vehicle. Had Plaintiffs known that the Fusion Vehicles were equipped with transmissions subject to premature failure, they would not have purchased or leased them at all.

231.  Reasonable consumers, like Plaintiffs, reasonably expect that a vehicle's transmission is safe, will function in a manner that will not pose a safety risk, and is free from defects. Plaintiffs further reasonably expect that Ford will not sell or lease vehicles with known safety defects, such as the 6F35 Transmission Defect, and will disclose any such defects to its consumers when it learns of them. Plaintiffs did not expect Ford to fail to disclose the Transmission Defect to them

and to continually deny it.

### Ford Has Actively Concealed the 6F35 Transmission Defect

232.   Despite its knowledge of the Transmission Defect in the Fusion Vehicles, Ford actively concealed the existence and nature of the defect from Plaintiffs. Specifically, Ford failed to disclose or actively concealed at and after the time of purchase, lease, or repair:

(a)   all known material defects or material nonconformity of the Fusion Vehicles, including the defects pertaining to their 6F35 Transmissions;

(b)   that the Fusion Vehicles, including their 6F35 Transmissions, were not in good working order, were defective, and were not fit for their intended purposes; and

(c)   that the Fusion Vehicles and their 6F35 Transmissions were defective, despite the fact that Ford learned of such defects as early as 2009, if not before.

233.   When consumers present their Fusion Vehicles to an authorized Ford dealer for 6F35 Transmission repairs, rather than repair the problem under warranty, Ford dealers either inform consumers that their vehicles are functioning properly or conduct repairs that merely mask the 6F35 Transmission Defect.

234.   Ford has caused Plaintiffs to expend money and/or time at its dealerships to diagnose, repair or replace the Fusion Vehicles' 6F35 Transmissions

and/or related components, despite Ford's knowledge of the 6F35 Transmission Defect.

## Ford Has Unjustly Retained a Substantial Benefit

235.  On information and belief, Plaintiffs allege that Ford unlawfully failed to disclose the 6F35 Transmission Defect to induce them to purchase or lease their Fusion Vehicles.

236.  Plaintiffs allege further that Ford engaged in deceptive acts and/or practices pertaining to all transactions involving Plaintiffs' Fusion Vehicles.

237.  For all the reasons alleged, *supra*, Plaintiffs further allege that Ford unlawfully induced them to purchase their respective Fusion Vehicles by concealing a material fact (the defective 6F35 Transmission) and that they would have paid substantially less for their Fusion Vehicles, or not purchased them at all, had they known of the Transmission Defect.

238.  Accordingly, Ford's ill-gotten gains, benefits accrued in the form of increased sales and profits resulting from the material omissions that did – and likely will continue to –deceive consumers, should be disgorged.

## All Statute of Limitations Periods are Tolled by the Discovery Rule and the Doctrine of Fraudulent Concealment

239.  Ford misrepresented the qualities of the 6F35 Transmission in Plaintiffs' Fusion Vehicles at the time of the sale of the vehicles. Ford also concealed

the fact that the 6F35 Transmission was defective.

240.   Ford continued to misrepresent its ability to repair Plaintiffs' vehicles in conformity with the warranty throughout the warranty period.

241.   At all relevant times, Ford was aware of the defects in the 6F35 Transmission.

242.   As described in more detail, *supra*, as early as 2009, if not before, Ford knew or should have known about the safety hazard posed by the defective 6F35 Transmissions, and as early as 2009, Ford began issuing significant technical service bulletins to its authorized dealers explaining the widespread issues with the 6F35 Transmission. At no point prior to the sale of Plaintiffs' Fusion Vehicles or during Plaintiffs' ownership of their vehicles did Ford or an authorized dealer ever inform Plaintiffs of the ongoing Transmission Defect.

243.   Ford had a duty to disclose the concealed facts alleged above because Ford knew that Plaintiffs did not know a material fact and further knew that such facts were not readily accessible to Plaintiffs because Ford actively concealed those facts.

244.   Ford had a duty to disclose the concealed facts alleged above because Ford made misrepresentations in its marketing materials and window stickers and through its authorized sales representatives about the quality, characteristics, and safety of the 6F35 Transmission.

245.   Ford had a duty to disclose the concealed facts alleged above because Ford actively concealed material facts in order to induce a false belief.

246.   For example, Ford drafted, produced, and distributed marketing brochures to the public containing factual representations about the 6F35 Transmission. Ford's marketing brochure for the Vehicle represented that the 6F35 Transmission had the following qualities:

a.   a "smooth-shifting 6-speed automatic." (2010 & 2011 Ford Fusion Brochure).

247.   Unfortunately, Plaintiffs' Fusion Vehicles as delivered to Plaintiffs were extremely unresponsive and were not "smooth-shifting," as Plaintiffs' drive was repeatedly interrupted by jerky shifts and dangerous hesitations. Plaintiffs did not experience gear changes that were smooth, linear or responsive – they experienced jerky gear changes and hesitation between shifts, which necessitated several repairs and repeated reprogramming of the PCM and/or TCM – none of which were sufficient to resolve the Transmission Defect.

248.   Ford made such representations (and continued to do so) regarding the 6F35 Transmissions in Plaintiffs' Fusion Vehicles despite its extensive internal knowledge of the Transmission Defect and other problems.

249.   Ford intended for Plaintiffs to rely on those misrepresentations to conceal the fact that the defective 6F35 Transmission could not be repaired.

250. Prior to the sale of Plaintiffs' Fusion Vehicles, and at all times thereafter, Ford therefore failed to disclose to Plaintiffs the existence of the inherent defects in their vehicles, and Ford failed to disclose its inability to repair these inherent defects, which prevented Plaintiffs' vehicles from conforming to their applicable warranties. In effect, after the sale of the Fusion Vehicles, Ford fraudulently concealed from purchasers and lessees, including Plaintiffs, the fact that the dealers were not properly repairing the defects to the 6F35 Transmission, and knew that the limited work that Ford had authorized its dealerships to perform on those vehicles would not properly repair them.

251. Because Ford failed to disclose these foregoing facts to Plaintiffs, all statute of limitations periods with respect to the sale of Plaintiffs' Fusion Vehicles were tolled by the doctrines of fraudulent concealment, the delayed discovery rule, and/or equitable tolling. As alleged herein. Ford wrongfully concealed the fact that:

1) Plaintiffs' Fusion Vehicles are equipped with a defective 6F35 Transmission, and

2) Ford's dealerships were making inadequate repairs that were incapable of addressing the root cause of the Transmission Defect.

252. Plaintiffs did not discover the operative facts that are the basis of their claims alleged herein because the facts were concealed in confidential and privileged documents, which a consumer would not know about and could not obtain.

253.   No amount of diligence by Plaintiffs could have led to the discovery of these facts because they were kept secret by Ford and therefore, Plaintiffs were not at fault for failing to discover these facts.

254.   Plaintiffs did not have actual knowledge of facts sufficient to put them on notice. Plaintiffs did not know, or could have known, about Ford's inability to repair the defects in its 6F35 Transmission because, as alleged above, Ford kept this information highly confidential, and its dealership agents assured Plaintiffs that its repairs were effective.

255.   Further, the running of the statute of limitations period applicable to Plaintiffs' fraudulent concealment / omission claim continues to be tolled because Ford continues to deny the existence of the Transmission Defect and its duty to disclose it to consumers, including Plaintiffs.

256.   Ford is also equitably estopped from relying on any statute of limitation because of its concealment of the defective nature of Plaintiffs' Fusion Vehicles and their 6F35 Transmissions.

## FIRST CLAIM FOR RELIEF
## BY ALL PLAINTIFFS AGAINST DEFENDANT
### (Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.)

257.   Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

258. Plaintiffs bring this action on behalf of themselves against Ford.

259. This Court has jurisdiction to decide claims brought under 15 U.S.C. § 2301 by virtue of 28 U.S.C. § 1332 (a)-(d).

260. Plaintiffs are "consumers" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(3).

261. Ford is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(4) and (5), respectively.

262. The Fusion Vehicles at issue are "consumer products" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(1).

263. 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

264. The amount in controversy of Plaintiffs' individual claims meets or exceeds $75,000 in value. In addition, the amount in controversy meets or exceeds $5,000,000 in value (exclusive of interest and costs) on the basis of all claims to be determined in this action.

265. In respect of Plaintiffs' Fusion Vehicles, Ford provided Plaintiffs with "written warranties" and "implied warranties," which are covered under 15 U.S.C. § 2301(6) and (7), respectively.

266. Said warranties issued by Ford covered Plaintiffs' Fusion Vehicles,

including but not limited to the 6F35 Transmission, and which warranted that Ford would repair or replace any part that is defective in material or workmanship under normal use.

267.   The terms of these warranties became part of the basis of the bargain when Plaintiffs purchased their Fusion Vehicles.

268.   Ford breached these written and implied warranties by offering for sale and selling defective Fusion Vehicles that were, by construction, defective and unsafe, and failing to repair said Fusion Vehicles, thereby subjecting the occupants of Plaintiffs' Fusion Vehicles purchased or leased to damages and risks of loss and injury.

269.   Ford's written and implied warranties relate to the future performance of its vehicles because it promised that the drivetrain of Plaintiffs' Fusion Vehicles would perform adequately for a specified period of time or mileage, whichever came first.

270.   Ford has breached and continues to breach its written and implied warranties of future performance, thereby damaging Plaintiffs because Plaintiffs' Fusion Vehicles fail to perform as represented due to an undisclosed transmission defect. Ford fails to fully cover or pay for necessary inspections, repairs and/or vehicle replacements for Plaintiffs.

271.   Plaintiffs will suffer irreparable harm if Ford is not ordered to properly

repair all of Plaintiffs' Fusion Vehicles immediately, offer rescission to Plaintiffs by repurchasing their Fusion Vehicles for their full cost, and/or reimburse Plaintiffs for the monies they have paid toward their leases, recall all defective Fusion Vehicles that are equipped with the defective 6F35 Transmission, and cease and desist from marketing, advertising, selling, and leasing Fusion Vehicles.

272.   Ford is under a continuing duty to inform its customers, including Plaintiffs, of the nature and existence of potential defects in the Fusion Vehicles.

273.   Such irreparable harm includes, but is not limited to, likely injuries and crashes as a result of the defects in Plaintiffs' Fusion Vehicles.

274.   Plaintiffs seek full compensatory damages allowable by law, attorneys' fees, costs, punitive damages, restitution, the repair or replacement of their Fusion Vehicles, the refund of money paid to own or lease their Fusion Vehicles, appropriate equitable relief including injunctive relief, a declaratory judgment, a court order enjoining Ford's wrongful acts and practices, and any other relief to which Plaintiffs may be entitled.

## SECOND CLAIM FOR RELIEF
## BY ALL PLAINTIFFS AGAINST DEFENDANT
### (Violation of the Michigan Consumer Protection Act, MCL 445.901, *et seq*.)

275.   Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

276.   Plaintiffs bring this action on behalf of themselves against Ford.

277.   Plaintiffs are "persons" as defined in the Michigan Consumer Protection Act, MCL 445.902(d).

278.   The transactions complained of herein constitute "trade or commerce" as defined in the Michigan Consumer Protection Act, MCL 445.902(g).

279.   Ford engaged in the following unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce:

a.   Representing through its advertising, warranties, and other express representations that Plaintiffs' Fusion Vehicles' 6F35 Transmissions had benefits or characteristics that they did not actually have;

b.   Representing that Plaintiffs' Fusion Vehicles' 6F35 Transmissions were of a particular standard or quality when they were not;

c.   Advertising the Fusion Vehicles, and in particular the Fusion Vehicles' 6F35 Transmissions, with the intent not to sell them as advertised and, when so doing, concealing and suppressing facts material to the true characteristics, standards and qualities of the Fusion Vehicles and their 6F35 Transmissions;

d.   At the time of the sales and leases to Plaintiffs of their Fusion Vehicles, Ford knew or had reason to know that Plaintiffs' Fusion Vehicles had the defects or non-conformities detailed, *supra*, but, failed to disclose this material information to Plaintiffs;

e.    Failing to reveal material facts which tended to mislead Plaintiffs and which facts could not reasonably have been known by Plaintiffs;

f.    Failing to adequately and properly inform Plaintiffs of their rights and remedies with respect to the transactions which are the subject of this Action;

g.    Misrepresenting Plaintiffs' rights and/or failing to advise Plaintiffs of remedies with respect to the transactions which are the subject of this Action, as alleged, *supra*;

h.    Attempting to disclaim or limit the implied warranty of merchantability and fitness for use without clearly and conspicuously disclosing same;

i.    Failing to provide promised benefits, both as alleged, *supra*, and as promised or implied by operation of law;

j.    Causing a probability of confusion or of misunderstanding as to Plaintiffs' legal rights, obligations, and/or remedies with respect to the transactions in which Plaintiffs acquired their Fusion Vehicles; and

k.    Entering into a consumer transaction in which the Plaintiffs purportedly waived a right, benefit, or immunity provided by law, without clearly stating the waiver and obtaining Plaintiffs' specific consent to the waiver.

280.  Ford's deceptive practices were specifically designed to induce Plaintiffs to buy their Fusion Vehicles with the 6F35 Transmission.

281.  The above described conduct violated the Michigan Consumer

Protection Act, specifically but not limited to MCL 445.903 and sub-paragraphs thereunder.

282.   Upon information and belief, the aforesaid violations were not due to a bona fide error, inasmuch as Ford failed to have any procedures in place designed to prevent the aforesaid violations and, further, engaged in the same unfair and deceptive acts or practices in connection with the sale or lease of numerous other vehicles. Further, to this day, Ford continues to engage in the unlawful practices set forth above.

283.   As a result of Ford's violations as set forth above, Plaintiffs have suffered a loss within the meaning of the Michigan Consumer Protection Act, including both monetary and non-monetary losses, and are entitled to statutory damages, equitable relief and attorneys' fees as provided in the Michigan Consumer Protection Act, specifically, MCL 445.911.

284.   Plaintiffs seek Judgment against Ford in whatever amount above $25,000 Plaintiffs are found to be entitled, together with equitable relief, actual and/or statutory damages, interest, costs, and reasonable attorney fees as provided by statute.

**THIRD CLAIM FOR RELIEF**
**BY ALL PLAINTIFFS AGAINST DEFENDANT**
**(Fraudulent Concealment / Omission)**

285.   Plaintiffs incorporate herein by reference each and every allegation

contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

286.   Plaintiffs bring this action on behalf of themselves against Ford.

287.   Ford committed fraud by allowing to be sold to Plaintiffs their Fusion Vehicles without disclosing that their Fusion Vehicles and their 6F35 Transmissions were defective and susceptible to sudden and premature failure.

288.   In particular, Plaintiffs are informed, believe, and thereon allege that prior to Plaintiffs acquiring their Fusion Vehicles, Ford was well aware and knew that the 6F35 Transmission installed on Plaintiffs' Fusion Vehicles were defective but failed to disclose this fact to Plaintiffs at the time of sale and thereafter.

289.   Specifically, Ford knew or should have known that the 6F35 Transmission had the "Transmission Defect". The Transmission Defect presents a safety hazard and is unreasonably dangerous to consumers because it can suddenly and unexpectedly affect the driver's ability to control the vehicle's speed, acceleration, and deceleration.

290.   Plaintiffs are informed, believe and thereon allege that Ford acquired its knowledge of the Transmission Defect prior to Plaintiffs acquiring their Fusion Vehicles, through sources not available to consumers such as Plaintiffs, including but not limited to pre-production and post-production testing data, early consumer complaints about the Transmission Defect made directly to Ford and its network of

dealers, aggregate warranty data compiled from Ford's network of dealers, testing conducted by Ford in response to these complaints, as well as warranty repair and part replacements data received by Ford from Ford's network of dealers, amongst other sources of internal information.

291.   Plaintiffs are informed, believe, and thereon allege that while Ford knew about the Transmission Defect, and its safety risks since 2009, if not before, Ford nevertheless concealed and failed to disclose the defective nature of Plaintiffs' Fusion Vehicles and their 6F35 Transmissions to Plaintiffs at the time of sale and thereafter. Had Plaintiffs known that their Fusion Vehicles suffered from the Transmission Defect, Plaintiffs would not have purchased their Fusion Vehicles.

292.   Indeed, Plaintiffs allege that Ford knew that their Fusion Vehicles and their 6F35 Transmissions suffered from an inherent defect, was defective, would fail prematurely, and was not suitable for its intended use.

293.   Ford was under a duty to Plaintiffs to disclose the defective nature of their Fusion Vehicles and their 6F35 Transmissions, its safety consequences and/or the associated repair costs because:

a.      Ford acquired its knowledge of the Transmission Defect and its potential consequences prior to Plaintiffs acquiring their Fusion Vehicles, though sources not available to consumers such as Plaintiffs, including but not limited to pre-production testing data, early consumer complaints about the Transmission

Defect made directly to Ford and its network of dealers, aggregate warranty data compiled from Ford's network of dealers, testing conducted by Ford in response to these complaints, as well as warranty repair and part replacements data received by Ford from Ford's network of dealers, amongst other sources of internal information;

b.      Ford was in a superior position from various internal sources to know (or should have known) the true state of facts about the material defects contained in Fusion Vehicles equipped with 6F35 Transmission; and

c.      Plaintiffs could not reasonably have been expected to learn or discover of the Vehicle's Transmission Defect and its potential consequences until well after Plaintiffs purchased their Fusion Vehicles.

294.   In failing to disclose the Transmission Defect to Plaintiffs, Ford has knowingly and intentionally concealed material facts and breached its duty not to do so.

295.   The facts concealed or not disclosed by Ford to Plaintiffs are material in that a reasonable person would have considered them to be important in deciding whether or not to purchase/lease the vehicle. Had Plaintiffs known that their Fusion Vehicles and their transmissions were defective at the time of sale, they would not have purchased their Fusion Vehicles.

296. Plaintiffs are reasonable consumers who do not expect their transmissions to fail and not work properly. Plaintiffs further expect and assume that

Ford will not sell or lease Fusion Vehicles with known material defects, including but not limited to those involving the Fusion Vehicles' transmissions and will disclose any such defect to its consumers before selling such Fusion Vehicles.

297. As a result of Ford's misconduct, Plaintiffs have suffered and will continue to suffer actual damages.

298. Ford repeatedly and publicly represented that its 6F35 Transmissions provide superior function, utility, reliability and other benefits and characteristics, to-wit: "a smooth-shifting 6-speed automatic."

299. Furthermore, in 2010-2012 Fusion Vehicles, Ford further represented that its 6F35 Transmission was an "option" that was worth paying upwards of $1,000 per vehicle over and above the equivalent vehicles equipped with manual transmissions.

300. Ford's representations were expected and intended to induce Plaintiffs to purchase their Fusion Vehicles.

301. Ford further withheld and continues to withhold information concerning the Transmission Defects, and affirmatively misrepresented and continues to misrepresent the above described symptoms as being "normal," when Ford knew and continues to know that its representations and omissions are misleading and, in fact, Ford intended its representations and omissions to mislead Plaintiffs concerning the nature and existence of the Transmission Defects.

302.   Plaintiffs, reasonably relying on Ford's representations and omissions were deceived into purchasing their Fusion Vehicles at prices far in excess of the values which would have been assigned to such vehicles had the Transmission Defects and dangers been disclosed; further, Ford's representations and omissions deceived Plaintiffs concerning the existence of the Transmission Defects and Plaintiffs' rights and remedies with respect to the Transmission Defects.

303.   Had Plaintiffs known of the true nature of the Transmission Defects, Plaintiffs would not have purchased or leased their Fusion Vehicles.

304.   Ford's representations and omissions as herein alleged were undertaken as an affirmative scheme designed to prevent Plaintiffs from obtaining information about the nature and existence of their claims involving their Fusion Vehicles' defective 6F35 Transmissions. In furtherance of this scheme, Ford also represented to Plaintiffs that the symptoms described above were "normal," or were somehow the fault of the Plaintiffs, or that the problems had been repaired. All of these statements were false and made with the intent to deceive and mislead Plaintiffs who relied on the statements to their detriment by failing to secure multiple repairs often required to substantiate claims and submit said claims earlier. Furthermore, Ford actively discouraged Plaintiffs from discovering the nature and existence of and thereby eliminate or restrict their ability to substantiate their claims which require documentary evidence of multiple repairs or repair attempts by: (a) charging

"inspection fees" for warranty work in order to deter Plaintiffs from seeking repairs and submitting claims timely; (b) refusing to service the Fusion Vehicles because Plaintiffs have commenced litigation against Ford, to limit the number of repairs or repair attempts; and (c) failing to provide service records upon request by Plaintiffs, to further limit Plaintiff's ability to corroborate the existence of multiple repairs or repair attempts.

305.   Plaintiffs did not discover, and should not have discovered, that the symptoms they were experiencing with the 6F35 Transmissions were not "normal" as represented by Ford but, rather, indicia of a defect entitling Plaintiffs to bring claims for relief; Plaintiffs have filed this Action within 2 years of when they discovered or should have discovered the existence of their claims.

306.   Plaintiffs respectfully request that this Honorable Court enter Judgment against Ford in whatever amount above $25,000.00 Plaintiffs are found to be entitled, together with interest, costs and attorney fees, plus such other and further relief as this Court deems appropriate.

## FOURTH CLAIM FOR RELIEF
### BY ALL PLAINTIFFS AGAINST DEFENDANT
### (Uniform Commercial Code - Unconscionability)

307.   Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

308.   Plaintiffs bring this action on behalf of themselves against Ford.

309.   At all times relevant hereto, Ford has had superior knowledge concerning the Transmission Defect and which defect was known to Ford prior to the time of Plaintiffs' purchases or leases of their Fusion Vehicles.

310.   Despite Ford's superior knowledge, Ford failed to disclose the Transmission Defect to Plaintiffs and, further, actively concealed the Transmission Defect from Plaintiffs.

311.   As a result of Ford's intentional misconduct, any limitation on Plaintiffs' remedies for breach of express or implied warranties would be unconscionable under Uniform Commercial Code Sections 2-302 and/or 2A-108.

312.   Plaintiffs respectfully request that this Honorable Court strike any contractual limitations on Plaintiffs' remedies as unconscionable and that Plaintiffs be granted such other and further relief as this Court deems appropriate.

### FIFTH CLAIM FOR RELIEF
### BY ALL PLAINTIFFS AGAINST DEFENDANT
### (Unjust Enrichment)

313.   Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

314.   Plaintiffs bring this action on behalf of themselves against Ford.

315.   As the intended and expected result of its conscious wrongdoing, Ford

has profited and benefitted from the purchase and leasing of the Fusion Vehicles by Plaintiffs, in that Ford sold Plaintiffs defective products for the price of non-defective products.

316.   Ford has voluntarily accepted and retained these profits and benefits, derived from Plaintiffs, with full knowledge and awareness that, as a result of Ford's fraud and other conscious and intentional wrongdoing, Plaintiffs were not receiving products of the quality, nature, fitness, or value that had been represented by Ford or that Plaintiffs, as reasonable consumers, expected.

317.   By virtue of the conscious wrongdoing alleged in this Action, Ford has been unjustly enriched at the expense of the Plaintiffs, who are entitled to in equity, and hereby seek, the disgorgement and restitution of Ford's wrongful profits, revenue, benefits, to the extent, and in the amount, deemed appropriate by this Court, and such other relief as this Court deems just and proper to remedy Ford's unjust enrichment.

318.   Plaintiffs respectfully request that this Honorable Court enter Judgment against Ford for equitable relief, including but not limited to, disgorgement and restitution of Ford's wrongful profits, revenue, benefits, to the extent, and in the amount, deemed appropriate by this Court, and such other relief as this Court deems just and proper to remedy Ford's unjust enrichment.

## SIXTH CLAIM FOR RELIEF
## BY ALL PLAINTIFFS AGAINST DEFENDANT
### (Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*. and Fed. R. Civ. P. 57)

319.   Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

320.   Plaintiffs bring this action on behalf of themselves against Ford.

321.   Declaratory relief is intended to minimize "the danger of avoidable loss and unnecessary accrual of damages." 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2751 (3d ed. 1998).

322.   There is an actual controversy between Ford and Plaintiffs concerning whether the Fusion Vehicles' 6F35 Transmission Defect creates an unreasonable safety hazard. Pursuant to 28 U.S.C. § 2201, this Court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

323.   Despite long knowing the nature of the Fusion Vehicles' 6F35 Transmission Defect and its likelihood of placing Plaintiffs and the public at risk of grave injury, Ford refuses to publicly acknowledge that the Fusion Vehicles contain a dangerous defect. Instead, Ford has unsuccessfully attempted to remediate the Transmission Defect without advising its consumers and other members of the public of the defect. Ford has uniformly refused to permanently repair the

Transmission Defect and, upon information and belief, does not always cover the Transmission Defect under the warranty.

324.   Accordingly, based on Ford's failure to act, Plaintiffs seek a declaration that the Fusion Vehicles are defective, as alleged herein, covered under their warranties, and that the warranties fail of their essential purpose because Ford cannot repair or replace the defective 6F35 Transmissions. The defective nature of the Fusion Vehicles is material and requires disclosure to all persons who own them.

325.   The declaratory relief requested herein will generate common answers that will settle the controversy related to the alleged defective nature of the Fusion Vehicles and the reasons for their repeated failure. There is an economy to resolving these issues as they have the potential to eliminate the need for continued and repeated litigation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually, pray for a judgment against Ford as follows:

A.   A declaration that any applicable statutes of limitation are tolled due to the fraudulent concealment alleged in this Action, and that Ford is estopped from relying on any statutes of limitations in defense;

B.   For a declaration that the 6F35 Transmissions in Fusion Vehicles are defective, the remedial work necessary to correct the defective 6F35 Transmissions is covered by the Fusion Vehicles' warranties, and the Fusion Vehicles' warranties fail of their essential purpose;

C.    For compensatory damages and/or restitution or refund of all funds acquired by Ford from Plaintiffs as a result of Ford's unlawful, unfair, deceptive and unconscionable practices described herein and in the Michigan Consumer Protection Statute, including actual and/or statutory and/or punitive damages and/or trebled damages to the extent permitted by law in an amount to be proven at trial;

D.    For any remedies pursuant to the Magnuson-Moss Act;

E.    Payment of costs and expenses of suit herein incurred;

F.    Both pre-and post-judgment interest on any amounts awarded;

G.    Payment of reasonable attorneys' fees and expert fees;

H.    Punitive damages where available; and

I.    Such other and further relief as the Court may deem proper.

## <u>DEMAND FOR JURY TRIAL</u>

The Plaintiffs herein demand a trial by jury on all issues triable by right.

Respectfully submitted,

DATED: February 26, 2019 STERN LAW, PLLC

  /s/ Kenneth A. Stern
Kenneth A. Stern (MI Bar No. P30722)
ken@sternlawonline.com
STERN LAW, PLLC
41850 West 11 Mile Road, Suite 121
Novi, Michigan 48375
Telephone: (248) 347-7300
Facsimile: (248) 305-3250

Allen-Michel D. Resnick (SBN 245215)
***(Pro Hac Vice to be filed)***
mresnick@clrattorney.com
John Neil Gieleghem (SBN 107389)
ng@clrattorney.com
CONSUMER LEGAL REMEDIES, APC
153 ½ North Arnaz Drive
Beverly Hills, CA 90211
Telephone: (310) 213-1398
Facsimile: (213) 210-2196

Attorneys for Plaintiffs