UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Aaron Kinner, *et al.*,

    Plaintiffs,

v.	Case No.: 19-10583

Ford Motor Company,	Honorable Sean F. Cox

    Defendant.

_____/

## ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE-LAW CLAIMS

Plaintiff Aaron Kinner, along with more than two hundred other individual Plaintiffs from multiple states across the country, filed this action against Defendant Ford Motor Company on February 26, 2019. Plaintiffs' Complaint states as follows regarding subject matter jurisdiction:

> 2. This Court has jurisdiction over this action because Plaintiffs and Ford Motor Company are citizens of different states and because the matter in controversy exceeds $75,000.00 pursuant to 28 U.S.C. § 1332(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Furthermore, this Court has original subject-matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question). This Court also has original subject-matter jurisdiction over this action under 28 U.S.C. § 1332(d), because there are numerous Plaintiffs, the amount in controversy exceeds $5,000,000, and there is the required diversity of citizenship pursuant to 28 U.S.C. § 1332(d)(2).

(ECF No. 1 at PageID.3).

The complaint asserts the following claims: 1) "First Claim For Relief By All Plaintiffs Against Defendant (Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.*)"; 2) "Second Claim For Relief By All Plaintiffs Against Defendant (Violation of the Michigan

Consumer Protection Act, MCL 445.901 *et seq*.)"; 3) "Third Claim For Relief By All Plaintiffs Against Defendant (Fraudulent Concealment/Omission)"; 4) "Fourth Claim For Relief By All Plaintiffs Against Defendant (Uniform Commercial Code – Unconscionability)"; 5) "Fifth Claim For Relief By All Plaintiffs Against Defendant (Unjust Enrichment)"; and 6) "Sixth Claim For Relief By All Plaintiffs Against Defendant (Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. and Fed R. Civ. P. 57)."

While federal-question jurisdiction appears to exist over the Magnuson-Moss Warranty Act claims, the remaining claims are state-law claims.

Contrary to Plaintiffs' assertions in paragraph 2 of their Complaint, diversity jurisdiction *does not exist* in this action. Under 28 U.S.C. §1332(a), the two requirements for diversity jurisdiction are: 1) that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and 2) that *complete diversity of citizenship* exists between the disputing parties. Here, Defendant Ford Motor Company is a citizen of Michigan because it has its principal place of business in Michigan. Some of the Plaintiffs are also Michigan citizens. (*See, e.g.,* ¶¶ 32 & 55 of Plaintiffs' Complaint). As such, complete diversity does not exist and this Court does not have diversity jurisdiction over this action.

Plaintiffs also assert that this Court has diversity jurisdiction under 28 U.S.C. § 1332(d)(2). Section 1332(d)(2), by its terms however, only applies to class actions. This case was not filed as a putative class action.

Accordingly, this Court concludes that it does not have diversity jurisdiction over this action. Moreover, the Magnuson-Moss Warranty Act claims are the only federal claims asserted. As such, this Court considers whether it should exercise supplemental jurisdiction over the multiple state-law claims asserted in this action.

The applicable statute regarding supplemental jurisdiction, 28 U.S.C. § 1367, provides, in pertinent part, that district courts may decline to exercise supplemental jurisdiction over a claim when: 1) the claim raises a novel or complex issue of State law; 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; 3) the district court has dismissed all claims over which it has original jurisdiction, or 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

This Court concludes that the state-law claims clearly predominate over the federal claims in this action. In addition, the state-law claims may raise novel or unsettled issues of state law.

The Court further finds that the potential for jury confusion in this case would be great if Plaintiffs' federal claims were presented to a jury along with Plaintiffs' state-law claims. Thus, the potential for jury confusion is yet another reason for this Court to decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Padilla v. City of Saginaw*, 867 F.Supp. 1309 (E.D. Mich. 1994); 28 U.S.C. § 1367(c)(4).

Accordingly, the Court **DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION** over the state-law claims asserted in this action. As such, **IT IS ORDERED** that all claims other than the claims asserted under the Magnuson-Moss Warranty Act (Plaintiffs' Second, Third, Fourth, Fifth, and Sixth Claims For Relief) **ARE DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

                                                  s/Sean F. Cox
                                                  Sean F. Cox
                                                  United States District Judge

Dated: March 7, 2019